**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
Mark A. Milstein, State Bar No. 155513
mmilstein@mjfwlaw.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 396-9600
Fax: (310) 396-9635

**WADE KILPELA SLADE LLP**
David Slade
slade@ waykayslay.com
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

**wh LAW**
Brandon Haubert
brandon@wh.law
Jessica Hall
jessica@wh.law
1 Riverfront Place, Suite 745
North Little Rock, AR 72114
Telephone: 501.891.6000
Facsimile: 501.222.3027

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRELAND-GORDY and STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 3:23-CV-04119-RFL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM AS TO JANE DOE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:     September 17, 2024<br>Hearing Time:    10:00 a.m.<br>Judge:            Rita F. Lin<br>Dept.             15 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM ................. 1

STATEMENT OF RELIEF SOUGHT ...................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

    I.     INTRODUCTION ................................................................................................. 2

    II.    FACTUAL BACKGROUND ................................................................................ 3

    III.   ARGUMENT .......................................................................................................... 4

         A.    The Severity of the Threatened Harm and the Reasonableness of Ms. Doe's Fears Weigh in Favor of Anonymity. ............................................................ 4

         B.    Ms. Doe is Vulnerable to Retaliation. ............................................................... 5

         C.    There is no Prejudice to Defendants. ................................................................ 6

         D.    The Public Will Not Be Harmed by Permitting Ms. Doe to Proceed Anonymously. ................................................................................................... 7

    IV.   CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases** *Page*

*Advanced Textile Corp.*
    214 F.3d at 1068.................................................................................................5, 7

*Doe v. County of El Dorado*
    2013 U.S. Dist. LEXIS 169883 (E.D. Cal. Dec. 2, 2013).......................................6, 7

*Doe v. Github, Inc.*
    672 F. Supp. 3d 837 (N.D. Cal. 2023) .........................................................................6

*Doe v. Kamehameha Sch.*
    596 F.3d 1036 (9th Cir. 2010).................................................................................4, 7

*Doe v. Madison School Dist. No. 321*
    147 F.3d 832 (9th Cir. 1998).........................................................................................5

*Does I thru XXIII v. Advanced Textile Corp.*
    214 F.3d 1058 (9th Cir. 2000)..................................................................................... 4

*Poozesh v. Pompeo*
    2019 U.S. Dist. LEXIS 198724 (E.D. Cal. Nov. 15, 2019) ....................................... 5

*Providence Health*
    2007 U.S. Dist. LEXIS 50656 (D. Or. June 26, 2007) .............................................. 6

*United States v. Doe*
    655 F.2d 920 (9th Cir. 1980)....................................................................................... 5

**NOTICE OF MOTION AND MOTION TO PROCEED UNDER A PSEUDONYM**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 17, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-titled Court, located at 450 Golden Gate Avenue, 18th Floor, Courtroom 15, San Francisco, CA 94102, Plaintiffs Shannon Ireland-Gordy, Stephanie Ireland Gordy, Melissa Broad, and Jane Doe ("Plaintiffs") will and hereby do move this Court for an order allowing Plaintiff Jane Doe ("Ms. Doe") to proceed under a pseudonym in this matter. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Ms. Doe, all pleadings and papers on file in this matter, and upon such matters as may be presented to the Court at the time of hearing on this Motion.

**STATEMENT OF RELIEF SOUGHT**

Plaintiffs seek an order allowing Ms. Doe to proceed under a pseudonym in this matter.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiffs are entitled, under the applicable standard set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), to an order allowing Ms. Doe to proceed under a pseudonym in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The case law is clear litigants should not have their personal safety compromised as a result of court proceedings. Courts frequently allow parties to litigate anonymously when proceeding otherwise would publicly link them to highly personal and sensitive information, and place them at risk for harm. Plaintiff Jane Doe ("Ms. Doe") is no exception. Ms. Doe is the victim of surreptitious stalking by her ex-boyfriend, who used Defendants' Tile Tracker to track her movements, which not only damaged her sense of personal autonomy and caused severe emotional distress, but exposed her to the risk of future harm. As described herein, Ms. Doe has taken steps to conceal her location in an attempt to ensure her former stalker cannot find her again. Despite these measures, Ms. Doe remains, understandably, afraid her ex-boyfriend could find her and torment her anew. Due to her reasonable and persistent fear of reprisal from her ex-boyfriend, Plaintiff initiated this lawsuit under a pseudonym to ensure that her identity was not public and, therefore, her ex-boyfriend would not be made aware that his actions were part of the allegations in this lawsuit.

While the normal rules of civil procedure require a plaintiff to identify herself when filing a complaint, Ninth Circuit authority provides a party may preserve his or her anonymity when the need to do so outweighs prejudice to the opposing party and the public interest in disclosure of information. As argued more completely below, compelling Plaintiff to disclose her identity on the public docket serves no purpose other than to expose Plaintiff to potential harassment or, worse, violence, when there is no countervailing interest in disclosure. Notably, Defendants have indicated they do not intend to oppose the earlier-filed Administrative Motion to File Under Seal Declaration of Jane Doe (ECF No. 43), which seeks substantially similar relief, and Defendants are already aware of Ms. Doe's identity. Lastly, because Ms. Doe's identity is not central to the issues raised in this case, the public interest will not be harmed by permitting her to proceed pseudonymously.

Accordingly, for the reasons articulated below, Plaintiffs respectfully request that this Court permit Ms. Doe to continue to proceed pseudonymously until such a time as Defendants can articulate a compelling need to proceed otherwise.

2

**PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM
CASE NO. 3:23-CV-04119-RFL**

## II.     FACTUAL BACKGROUND

This case arises from the design, marketing, manufacturing, and sale by Defendants of a small, physical device known as a Tile Tracker, which is small enough to be easily and covertly planted almost anywhere, including, for example, within the frame of a vehicle or the lining of a purse or suitcase. ECF No. 32 ¶ 27. These devices were creating well deserved concern in the media as early as 2013 due to their suitability for use by stalkers to find their victims. ECF No. 32 ¶¶ 33-46. This danger multiplied exponentially in 2021, when Tile teamed up with Amazon Sidewalk network products (*e.g.*, Bridge, Echo, and Ring) to expand the reach and efficacy of the Trackers, resulting in a network that now reaches 90% of the U.S. population. ECF No. 32 ¶¶ 65-66. Defendants created a product capable of finding almost anyone anywhere, without their knowledge or consent, and they did so without creating any effective safety precautions or limitations. ECF No. 32 ¶¶ 8-9, 50-63.

Ms. Doe was stalked by her ex-boyfriend with a Tile Tracker in March 2024. Doe Decl. ¶ 2. On or about March 24, 2024, Ms. Doe became concerned when, following her breakup, she was at her friend's boyfriend's house, and was alerted, by her friend's boyfriend, that there was a suspicious vehicle driving down the street. *Id*. She immediately recognized the person as her ex-boyfriend. *Id.* Ms. Doe knew her ex-boyfriend had a Life 360 account and became suspicious that he might be using a Tile Tracker to follow her. *Id.* ¶ 3. She downloaded the Tile app to deploy Scan and Secure on her ride home, which revealed the Tile Tracker was in her proximity, but did not allow her to locate it, nor did it allow her to trigger a noise or any other sensory alert that enabled her to locate the device. *Id*. ¶ 3.

On March 28, 2024, Ms. Doe physically removed the front seats of her car, but still could not find the Tile Tracker. *Id*. ¶ 4. She reached out to the police, but was informed they could not help her unless the device were found. *Id.* Ultimately, Ms. Doe removed the entire back seat of her car and found the Tile Tracker hidden in the car's frame. *Id*. ¶ 5. Once she found the Tile Tracker, she destroyed the device. *Id*.

Due to the surreptitious nature of the Tile Tracker, Ms. Doe was tracked for an untold period of time by her stalker, and due to the profound difficulties of locating the Tracker, Ms. Doe had to almost

1 entirely disassemble her vehicle in order to locate and disable the Tile that was being used to stalk her. *Id*. Ever since the stalking, Ms. Doe has had profound trust problems, as well as a more omnipresent anxiety in her day-to-day life. *Id*. ¶ 6. Ms. Doe has had an overwhelming fear her ex-boyfriend could find her and harass her, or worse, expose her to violence. *Id.* This fear is justified, given he has committed property damage in retaliation against Ms. Doe and has sent threatening messages to her family. *Id.* ¶ 8. Ms. Doe has had a difficult time sleeping and has a consistent nervousness about being followed. *Id.* ¶ 6.

### III.     ARGUMENT

The case law is clear "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000). In particular, courts allow parties to use pseudonyms where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68."To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch*., 596 F.3d 1036, 1042 (9th Cir. 2010) (internal quotation marks and citation omitted). Although Defendant has not objected to Plaintiffs' requested relief, these factors nevertheless weigh in favor of Ms. Doe's anonymity.

### A.     The Severity of the Threatened Harm and the Reasonableness of Ms. Doe's Fears Weigh in Favor of Anonymity.

The first two factors under the balancing test, i.e. the severity of the threatened harm and the reasonableness of the anonymous party's fears, are "intricately related and should be addressed together." *Kamehameha Sch*., 596 F.3d at 1043. To establish the reasonableness of the anonymous party's fears "'plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is [whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out.'" *Kamehameha Sch.*,

596 F.3d at 1044 (*quoting Advanced Textile*, 214 F.3d at 1071). In *United States v. Doe*, 655 F.2d 920 (9th Cir. 1980), the Ninth Circuit held the use of a pseudonyms for a prison inmate was appropriate because he "faced a serious risk of bodily harm" if his role as a government witness were disclosed. *Id.* at 922 n.1. In *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998), the court observed plaintiff was allowed to proceed under a pseudonym "because she feared retaliation from the community." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 U.S. Dist. LEXIS 198724, at *3 (E.D. Cal. Nov. 15, 2019). The Ninth Circuit has confirmed the use of a pseudonym may be appropriate if identification creates a risk of retaliatory physical *or mental harm.*" *Advanced Textile Corp.*, 214 F.3d at 1068 (emphasis added). Thus, that some of the threatened harm feared by Ms. Doe is mental (e.g., pervasive anxiety and crippling emotional distress) in no way diminishes her request for anonymity.

The first two elements of the balancing test certainly weigh in Ms. Doe's favor. Ms. Doe was harassed and stalked by her ex-boyfriend, who used the Tile Tracker to keep tabs on her every movement. Doe Decl. ¶¶ 2-5. She only was able to locate the Tile Tracker after many days of searching and having to remove all the seats in her car. *Id.* ¶¶ 3-5. But Ms. Doe's nightmare was not over when the Tile Tracker was located. She continued to live in fear, developing profound trust problems, and suffering pervasive anxiety in her day-to-day life. *Id.* ¶ 6. Ms. Doe testified she would not park anywhere far from her ultimate destination or out of view of a security camera. *Id.* She has had difficulty sleeping. *Id.* Indeed, Ms. Doe feels a consistent nervousness and is convinced she is always being followed. *Id.* Compounding these fears is her stalker's conduct in committing property damage and sending threatening messages to her family. *Id.* ¶ 8.

There can be no doubt Plaintiff legitimately and rightfully fears her ex-boyfriend's knowledge of her whereabouts. This fear is both severe and reasonable, given what her ex-boyfriend did in the past—embedding a tracking device in the inside of her car—to find her.

### B.    Ms. Doe is Vulnerable to Retaliation.

Ms. Doe certainly would be vulnerable to harm should her identity be revealed. Plaintiff fears her identity being made public because she has a severe and reasonable fear of her ex-boyfriend knowing when she will be in court. Doe Decl. ¶ 7. Courts recognize stalking victims'

fears and the profound impact on both their sense of personal safety and ability to go about their daily lives should their stalkers become aware of their home address and involvement in a legal proceeding. Applying the Ninth Circuit's balancing test and permitting a stalking victim to proceed anonymously even though the victim's home address was known to her stalker, the court in *Providence Health* reasoned as follows:

> Even accepting as true that the individual knows Jane Roe's home address and some of the places she frequents, she will still face a greater risk of harm if the individual knows of her involvement in this court proceeding. If the individual gains knowledge of Jane Roe's involvement in this case, he will have access to substantial personal information, and the dates and times of her court proceedings. Jane Roe will be less able to protect herself outside of her home. Her daily strategic advantages will be curtailed; she cannot modify her daily routine and traveling routes if the individual knows the date, time, and location of her court proceedings.

*Providence Health,* No. 06-1680-HU, 2007 U.S. Dist. LEXIS 50656, at *7 (D. Or. June 26, 2007). Like the plaintiff in *Providence Health*, Ms. Doe should not have to fear for her personal safety when traveling to the courthouse to litigate her claims against Defendants and serve as a class representative.

### C.    There is no Prejudice to Defendants.

Defendants will not be prejudiced if Ms. Doe were permitted to proceed pseudonymously because Plaintiffs have agreed to disclose her identity to Defendant for the purpose of the litigation and have indeed done so. ECF No. 43-3; *see Doe v. Github, Inc.*, 672 F. Supp. 3d 837, 853-54 (N.D. Cal. 2023) (concluding defendants would not be prejudiced because "Plaintiffs have disclosed their true names to Defendants subject to a protective order, so pseudonymity should not impede Defendants' ability to develop their case."). Additionally, Defendants have informed Plaintiffs' counsel they do not intend to oppose Plaintiffs' Administrative Motion to File Under Seal Declaration of Jane Doe (ECF No. 43), which seeks substantially the same relief as the instant Motion. *See* Castaneda Decl. ¶ 3, Ex. A. Defendants are unlikely to demonstrate any prejudice associated with Ms. Doe proceeding pseudonymously at this stage of the litigation. *See Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 U.S. Dist. LEXIS 169883, at *12 (E.D. Cal. Dec. 2, 2013) (explaining that, "at the prediscovery stage . . . the court need not yet consider the

prejudice defendant will suffer during discovery," as "the relevant prejudice is that which defendant presently suffers as a result of plaintiff's anonymity").

### D. The Public Will Not Be Harmed by Permitting Ms. Doe to Proceed Anonymously.

Finally, the public interest factor does not weigh against permitting Ms. Doe to proceed pseudonymously. "The normal presumption in litigation . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042. Where the plaintiff's identity not central to the issues raised by a case, however, the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously. See *Advanced Textile*, 214 F.3d at 1072 (reversing denial of anonymity where "[t]he district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in th[e] case"); *Kamehameha*, 596 F.3d at 1043 (noting, where plaintiffs brought "claims of widespread discrimination," "it [wa]s difficult to see 'how disguising plaintiffs' identities w[ould] obstruct public scrutiny of the important issues in th[e] case'") (*quoting Advanced Textile*, 214 F.3d at 1072). Withholding Ms. Doe's identity will not obstruct public scrutiny of the issues raised. Ms. Doe's name and identity has no bearing on the central issues of this case, including whether Defendants breached their duty of care in their design, marketing, and introduction into the market of the Tile Tracker and whether Defendants are liable to Plaintiffs due to design defects of the Tile Tracker. In sum, the public interest factor does not weigh against anonymity at this stage of the litigation. *See El Dorado*, 2013 U.S. Dist. LEXIS 169883, at *14 (finding public interest factor weighed in favor of anonymity where the "[p]laintiff's identity appears to have no bearing on the resolution of the issues, and a pseudonym will not impede public access to the substance of the proceedings").

### IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to allow Ms. Doe to proceed under a pseudonym.

| | | |
|---|---|---|
| 1 | Dated: August 2, 2024 | **WADE KILPELA SLADE LLP** |
| 2 | | *[signature]* |
| 3 | | Gillian L. Wade |
| 4 | | Sara D. Avila |
| | | Marc A. Castaneda |
| 5 | | 2450 Colorado Ave., Suite 100E, |
| 6 | | Santa Monica, CA 90404 |
| | | Telephone: (310) 667-7273 |
| 7 | | Facsimile: (424) 276-0473 |
| | | gwade@waykayslay.com |
| 8 | | sara@waykayslay.com |
| | | marc@waykayslay.com |
| 9 | | |
| 10 | | David Slade |
| | | 1 Riverfront Place, Suite 745, |
| 11 | | North Little Rock, AR 72114 |
| | | slade@waykayslay.com |
| 12 | | Tel: (501) 417-6445 |
| 13 | | **MILSTEIN JACKSON FAIRCHILD & WADE, LLP** |
| 14 | | Mark A. Milstein |
| | | mmilstein@mjfwlaw.com |
| 15 | | 2450 Colorado Ave., Ste. 100E |
| | | Santa Monica, California 90404 |
| 16 | | Tel: (310) 396-9600 |
| | | Fax: (310) 396-9635 |
| 17 | | **wh LAW** |
| 18 | | Brandon Haubert |
| | | brandon@wh.law |
| 19 | | Jessica Hall |
| | | jessica@wh.law |
| 20 | | 1 Riverfront Place, Suite 745 |
| | | North Little Rock, AR 72114 |
| 21 | | Telephone: 501.891.6000 |
| | | Facsimile: 501.222.3027 |
| 22 | | |
| 23 | | *Attorneys for Plaintiffs individually and on behalf of all others similarly situated* |

8

PLAINTIFFS' MOTION TO PROCEED
UNDER A PSEUDONYM
CASE NO. 3:23-CV-04119-RFL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record.

Dated: August 2, 2024

**WADE KILPELA SLADE LLP**

*/s/ GWade*

Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
2450 Colorado Ave., Ste 100E
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473