COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400

Attorneys for Defendants
Tile, Inc. and Life360, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 3:23-CV-04119-RFL<br><br>**DEFENDANTS TILE, INC. AND LIFE360, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date Action Filed: 08/14/2023 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Plaintiffs Concede They Agreed to the Tile Terms at Sign-Up, Requiring Arbitration Without More ................................................................................... 1

        1. The AAA Rules Delegate Arbitrability to the Arbitrator ............................ 1

        2. Plaintiffs' Attempts to Escape the AAA Rules They Agreed to Fail. .......... 3

    B. Even Absent Delegation of Arbitrability, Arbitration is Required ......................... 5

        1. Plaintiffs' Claims Fall Within the Scope of the Arbitration Provision ................................................................................................... 5

        2. Plaintiffs Do Not Show That the Arbitration Agreement Is Unconscionable ............................................................................................ 6

            a. Plaintiffs Have Not Shown Procedural Unconscionability ............. 7

            b. Plaintiffs Have Not Shown Substantive Unconscionability ........... 8

    C. The Proceedings Should Be Stayed Pending the Outcome of Arbitration............ 10

III. CONCLUSION ............................................................................................................. 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- i -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) .................................................................................................................. 6

*In re BAM Trading Servs. Inc. Sec. Litig.*,
    2024 WL 2520432 (N.D. Cal. May 14, 2024) ..................................................................... 3, 4

*Bazine v. Kelly Servs. Global, LLC*,
    2023 WL 4138252 (N.D. Cal. June 21, 2023) ........................................................................ 3

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ................................................................................................. 2

*California Crane School, Inc. v. Google LLC*,
    621 F. Supp. 3d 1024 (N.D. Cal. 2022) ................................................................................. 10

*Collins v. Diamond Pet Food Processors of Cal., LLC*,
    2013 WL 1791926 (E.D. Cal. Apr. 26, 2013) ......................................................................... 8

*Cook v. Univ. of S. Cal.*,
    102 Cal. App. 5th 312 (2024) .................................................................................................. 9

*Crooks v. Wells Fargo Bank, N.A.*,
    312 F. Supp. 3d 932 (S.D. Cal. 2018) ...................................................................................... 9

*Davenport v. Nvidia Corp.*,
    2024 WL 832387 (N.D. Cal. Feb. 28, 2024) ....................................................................... 7, 8

*Diaz v. Intuit, Inc.*,
    2017 WL 4355075 (N.D. Cal. Sept. 29, 2017) ........................................................................ 3

*Ferreira v. Uber Techs., Inc.*,
    2023 WL 7284161 (N.D. Cal. Nov. 3, 2023) .......................................................................... 9

*Fuller v. Bloom Inst. of Tech.*,
    2024 WL 98391 (N.D. Cal. Jan. 9, 2024) ............................................................................ 3, 4

*G.G. v. Valve Corp.*,
    799 F. App'x 557 (9th Cir. 2020) ............................................................................................ 2

*George v. eBay, Inc.*,
    71 Cal. App. 5th 620 (2021) .................................................................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

*Gerlach v. Tickmark, Inc.*,
  2021 WL 3191692 (N.D. Cal. July 28, 2021) ................................................................................ 3

*Guadagno v. E*Trade Bank*,
  592 F. Supp. 2d 1263 (C.D. Cal. 2008) ...................................................................................... 8

*Ingalls v. Spotify USA, Inc.*,
  2016 U.S. Dist. LEXIS 157384 (N.D. Cal. Nov. 14, 2016) ........................................................ 3

*Ingalls v. Spotify USA, Inc.*,
  2016 WL 6679561 (N.D. Cal. Nov. 14, 2016) ..................................................................... 7, 10

*Jefferson v. Cal. Dep't of Youth Auth.*,
  28 Cal. 4th 299 (2002) ................................................................................................................ 2

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) .................................................................................................... 10

*Luckert v. Tesla Energy Operations, Inc.*,
  2021 WL 3721967 (N.D. Cal. Aug. 5, 2021) ............................................................................. 3

*McLellan v. Fitbit, Inc.*,
  2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) ............................................................................ 3

*Morris v. Redwood Empire Bancorp*,
  128 Cal. App. 4th 1305 (2005) ................................................................................................... 7

*Singh v. Payward, Inc.*,
  2023 WL 5420943 (N.D. Cal. Aug. 22, 2023) ........................................................................... 3

*Swift v. Zynga Game Network, Inc.*,
  805 F. Supp. 2d 904 (N.D. Cal. 2011) ....................................................................................... 8

*In re Tesla Advanced Driver Assistance Sys. Litig.*,
  2023 WL 6391477 (N.D. Cal. Sept. 30, 2023) ....................................................................... 4, 5

*Thomas v. Cricket Wireless, LLC*,
  506 F. Supp. 3d 891 (N.D. Cal. 2020) ....................................................................................... 9

*Thompkins v. 23andMe, Inc.*,
  840 F.3d 1016 (9th Cir. 2016) .................................................................................................... 9

*Ulbrich v. Overstock.com, Inc.*,
  887 F. Supp. 2d 924 (N.D. Cal. 2012) ....................................................................................... 8

*Victoria v. Super. Ct.*,
  40 Cal. 3d 734 (1985) ................................................................................................................. 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

*Yeh v. Tesla, Inc.*,
    2023 WL 6795414 (N.D. Cal. Oct. 12, 2023) ........................................................................... 8

**Statutes**

Cal. Civ. Code § 1638 ...................................................................................................................... 6

Cal. Civ. Code § 1639 ...................................................................................................................... 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- iv -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.") underscores why the Court should grant the Tile Defendants' Motion to Compel Arbitration ("Mot.").[1] Critically, Plaintiffs *do not contest* that Plaintiffs Broad and Doe agreed to Tile Terms with a mandatory arbitration provision. Plaintiffs also admit that this provision incorporated the AAA rules' delegation term. The Motion must be granted on these facts alone because the overwhelming weight of authority has found that incorporation of the AAA rules results in a delegation of questions of arbitrability to the arbitrator, leaving no issue left for this Court to resolve. The Opposition ignores the avalanche of recent decisions in this district so holding and misstates the little authority Plaintiffs do cite.

Even were the Court to ignore this caselaw and decide questions of scope and enforceability—and the Court should not—the outcome would be the same. There is no serious dispute that Plaintiffs' claims regarding Tile products and services fall well within the scope of the arbitration provision they agreed to, which reaches *any claims relating to Tile products and services*. Plaintiffs' unconscionability defenses are likewise misguided. There is no procedural unconscionability here because the Tile Terms do not hide the arbitration provision—and instead call it out in clear, bold language at the start of the agreement, and then again in greater detail in a well-labeled section dedicated to explaining arbitration procedures. Nor is there any substantive unconscionability as the terms Plaintiffs challenge are standard and routinely enforced by courts.

Plaintiffs plainly agreed to arbitrate their claims. The Court should order Plaintiffs Broad and Doe to arbitration and stay the rest of the action until the arbitrations are resolved.

## II. ARGUMENT

### A. Plaintiffs Concede They Agreed to the Tile Terms at Sign-Up, Requiring Arbitration Without More.

#### 1. The AAA Rules Delegate Arbitrability to the Arbitrator.

Plaintiffs tacitly concede that when they signed up for Tile accounts, they agreed to Tile Terms with a mandatory arbitration provision. They also admit this mandatory arbitration provision invoked the AAA rules. (Opp. at 8.) Given these admissions, the Motion can and should be decided

---

[1] Terms defined in the Motion have the same meaning here.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

on a single point of law—because the Tile Terms incorporated the AAA rules, Plaintiffs validly agreed to delegate questions of scope and arbitrability to the arbitrator. **There is no further analysis for this Court to conduct** and arbitration is required. (*See* Mot. at 11-12.) The Ninth Circuit and courts in this district have repeatedly found that the AAA rules *do* constitute such a valid delegation. The Motion should be granted on this basis alone. (Mot. at 10-12.)

The Opposition's argument to the contrary is unavailing. To start, Plaintiffs' reliance on the Ninth Circuit's 2015 decision in *Brennan v. Opus Bank* to argue that the AAA rules only work to delegate arbitrability where the parties are "sophisticated" is mistaken. (Opp. at 7.) In fact, that decision expressly disclaimed this very argument: "Our holding today should not be interpreted to require that the contracting parties be sophisticated . . . before a court may conclude that incorporation of the AAA rules constitutes 'clear and unmistakable' evidence of the parties' intent [to delegate]." *Brennan*, 796 F.3d 1125, 1130 (9th Cir. 2015). The Ninth Circuit went on to note that "the vast majority of the circuits" have found "incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent to [delegate] **without explicitly limiting that holding to sophisticated parties**[.]" *Id*. at 1130-31 (emphasis added). While the *Brennan* decision did not reach the issue because it found the parties there were sophisticated, its dicta clearly indicates that sophistication is not a prerequisite for enforcing the delegation term in the AAA rules.

The Ninth Circuit then revisited this issue in the consumer context in 2020, finding in *G.G. v. Valve Corporation* that **teenage minors** had delegated arbitrability to the arbitrator by agreeing to the AAA rules. *G.G. v. Valve Corp.*, 799 F. App'x 557, 558 (9th Cir. 2020). The Ninth Circuit explained that the teenagers' "sophistication" did not matter because, under Washington law, they were presumed to have read the contract they entered—and therefore could not later claim ignorance of the AAA rules delegating arbitrability. *Id*. Plaintiffs' only rebuttal in the Opposition is the baseless suggestion, without explanation, that this holding should be limited to Washington law. (Opp. at 7.) But the presumption that a party has read a contract—and therefore cannot disclaim portions of it after the fact—is just as true in California. *See*, *e.g.*, *Jefferson v. Cal. Dep't of Youth Auth.*, 28 Cal. 4th 299, 303 (2002) ("The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is . . . bound by its contents, and is

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

estopped from saying that its provisions are contrary to his intentions or understanding." (citation omitted)); *see also McLellan v. Fitbit, Inc.*, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017) ("California law . . . does not make a categorical distinction between 'sophisticated' and 'unsophisticated' parties for purposes of enforcing an incorporated delegation clause.").

Finally, Plaintiffs rely almost exclusively on one wrongly-decided Northern District of California opinion from 2016. (Opp. at 7 (citing *Ingalls v. Spotify USA, Inc.*, 2016 U.S. Dist. LEXIS 157384 (N.D. Cal. Nov. 14, 2016).)  After *Ingalls*, however, myriad courts from this district have found that incorporation of the AAA rules does constitute valid delegation of questions of arbitrability, regardless of the sophistication of the parties. *See*, *e.g.*, *Diaz v. Intuit, Inc.*, 2017 WL 4355075, at *3 (N.D. Cal. Sept. 29, 2017) ("[B]oth before and after *Brennan*, courts in this district have consistently found that the reference to AAA rules evinces a clear and unmistakable intent to delegate arbitrability to an arbitrator, regardless of the sophistication of the parties."); *Bazine v. Kelly Servs. Global, LLC*, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023) (similar); *In re BAM Trading Servs. Inc. Sec. Litig.*, 2024 WL 2520432, at *5 (N.D. Cal. May 14, 2024) (similar); *Singh v. Payward, Inc.*, 2023 WL 5420943, at *7 (N.D. Cal. Aug. 22, 2023) (similar); *Gerlach v. Tickmark, Inc.*, 2021 WL 3191692, at *4 (N.D. Cal. July 28, 2021) (similar); *Fuller v. Bloom Inst. of Tech.*, 2024 WL 98391, at *1 (N.D. Cal. Jan. 9, 2024) (similar); *see also Luckert v. Tesla Energy Operations, Inc.*, 2021 WL 3721967, at *1 (N.D. Cal. Aug. 5, 2021) (enforcing delegation clause in JAMS rules despite consumer plaintiffs).  The Court should find the parties have delegated arbitrability here, consistent with this significant body of recent caselaw in this district and the Ninth Circuit's on-point reasoning in *G.G. v. Valve Corporation*.

**2. Plaintiffs' Attempts to Escape the AAA Rules They Agreed to Fail.**

Plaintiffs make two other attempts to dodge their agreement to the AAA rules, but both fail: ***First***, contrary to the assertions in the Opposition, the AAA rules were not only clearly incorporated into the Tile Terms Plaintiffs agreed to but were also easy to find.  The Tile Terms at issue stated in unambiguous and plain language that:  "The arbitration shall be administered by the American Arbitration Association ('AAA') under its Commercial Arbitration Rules and, where appropriate the AAA's Supplementary Procedures for Consumer Related Disputes ('AAA Consumer Rules')."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

(Klinkner Decl., Ex. B, at 18-19; Klinkner Decl., Ex. I, at 23.)[2]  The Tile Terms went on to explain that these rules "are available at the AAA website www.adr.org." (*Id.*)  Plaintiffs themselves admit that if a user goes to www.adr.org, there is a tab labeled "Rules, Forms, & Fees" that houses the AAA rules—including the Commercial and Consumer Arbitration Rules that both have the unambiguous delegation clause. (Opp. at 8.)  There was nothing confusing about this language, which is a commonplace approach to explaining that the AAA rules will control and how to find them.  In fact, courts in this district have found delegation of arbitrability based on incorporation of the AAA rules when examining contracts with nearly the same language. *See Fuller*, 2024 WL 98391, at *1 (finding delegation where contract required arbitration "administered by the [AAA] in accordance with its Consumer Arbitration Rules available at www.adr.org"); *In re BAM Trading Servs. Inc. Sec. Litig.*, 2024 WL 2520432, at *1 (finding delegation where contract read:  "The AAA rules, as well as instructions on how to file an arbitration proceeding with the AAA, appear at adr.org, or you may call the AAA at 1-800-778-7879.").  Notably, Plaintiffs do not cite a single authority finding this style of incorporation of the AAA rules, coupled with a link to www.adr.org, was insufficient.

**Second**, in another attempt to escape the contract they agreed to, Plaintiffs invoke *In re Tesla Advanced Driver Assistance Systems Litigation.*  But there, Judge Gilliam explained that even if the AAA rules would normally delegate arbitrability, such delegation was made ambiguous in the contract before him because it discussed a "court" deciding whether any part of the "***agreement to arbitrate*** cannot be enforced" "as to a particular claim or relief or remedy[.]" 2023 WL 6391477, at *1 (N.D. Cal. Sept. 30, 2023) (emphasis added).  That is, Judge Gilliam found that because the contract specifically discussed a "court" determining the enforceability of the arbitration agreement in a manner that would be inconsistent with the AAA rules' delegation clause, there was an "inherent tension" that might have confused a reader. *Id.* at *6.  Judge Gilliam noted that the party

---

[2] Plaintiffs quibble that the Tile Defendants direct the Court to an archive of historical AAA rules, rather than link to just those in effect at the time Plaintiffs created their accounts.  But the Tile Defendants did so only to show that *every* version of the AAA rules over the entire period potentially at issue included the same, unambiguous delegation language.  Plaintiffs themselves need not have navigated these archival versions when signing up, but rather could have visited the version then in effect, which version is always made prominently available on www.adr.org, as many courts have found.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

moving to enforce the arbitration provision offered no explanation for how to "harmonize" this provision with the contrary AAA delegation term. *Id*.

There is no analogous language or tension here. Plaintiffs cite only a clause in the Tile Terms *unrelated* to the arbitration agreement that states "if any part of these Terms is determined to be invalid or unenforceable by a court of competent jurisdiction, that provision will be enforced to the maximum extent permissible[.]" (Opp. at 9 (quoting Klinkner Decl., Ex. B, at 17; Klinkner Decl., Ex. I, at 21-22).) This language is fundamentally different than the language in *In re Tesla*, as it does not contemplate a court ruling on the enforceability of the arbitration provision specifically. Moreover, this language is easily harmonized with the AAA delegation term, which governs arbitrability issues, as the Tile Terms contemplate courts, rather than arbitrators, resolving *other* disputes related to the Tile Terms that are not subject to arbitration.[3] Plaintiffs appear to argue that any time a contract includes a general "savings clause" of this type, the delegation term in the AAA rules is rendered ineffective. But they cite no authority for such a sweeping rule.[4]

### B. Even Absent Delegation of Arbitrability, Arbitration is Required.

As discussed in Section II.A.1., *supra*, the Court need not—indeed cannot—determine questions of arbitrability, such as scope and enforceability, and must compel these issues to arbitration. However, even absent this delegation, arbitration would still be required, as Plaintiffs' claims fall within the scope of the standard and uncontroversial arbitration provision at issue here.

#### 1. Plaintiffs' Claims Fall Within the Scope of the Arbitration Provision.

The Opposition only confirms that Plaintiffs' claims land squarely within the scope of the arbitration provision to which they agreed. To start, the Supreme Court has explained "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should

---

[3] (*See, e.g.*, Klinkner Decl., Ex. I, at 22-23 (excluding intellectual property disputes from arbitration requirement).)

[4] Plaintiffs do not even bother to deny that the 2023 Tile Terms have an enforceable delegation clause which delegates all issues of arbitrability to the arbitrator. The Tile Defendants maintain that Plaintiffs agreed to this version of the Terms by continuing to use the Tile app after receiving an email indicating continued use constituted assent. The Opposition only confirms (1) that both Plaintiffs received the notice email and (2) that neither Plaintiff denies using the Tile app afterwards. (*See* Opp. at 3-5.) However, given Plaintiffs effectively admit they agreed to the Tile Terms in effect when they signed up, the 2021 Tile Terms (Broad) and the 2023 Tile Terms (Doe), the Tile Defendants focus in this brief on the arbitration provision common to these two versions of the Tile Terms, as it alone requires arbitration here.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (cleaned up).  But the Court need not rely on this presumption, as Plaintiffs' claims so clearly fall within the plain meaning of the scoping language at issue.  Plaintiffs allege that the Tile Defendants improperly designed the Tile products and each of their claims is based on these allegations.  (*See* FAC ¶ 180.)  In fact, the Opposition characterizes Plaintiffs' claims as turning on the "design, marketing, manufacturing, and sale" of Tiles' products.  (Opp. at 1.)  Plaintiffs then concede that the arbitration provision they agreed to requires them to arbitrate "[a]ll disputes, claims or controversies arising out of or relating to . . . **any Tile product or service and its marketing**[.]"  (Opp. at 2 (emphasis added) (quoting the Tile Terms).)  In this way, by Plaintiffs' own characterizations, Plaintiffs' claims not only fall within the scope of the arbitration provision but hit the bulls-eye center of it.[5]

Grasping at straws, Plaintiffs invent a limitation on this scope, arguing that the arbitration agreement reaches claims relating only to Plaintiffs' direct, personal use of Tile products.  (Opp. at 9-10.)  But this supposed qualifier is nowhere in the language of the arbitration provision.  Plaintiffs cannot invent a new limitation not found in the contract itself.  *See, e.g.*, Cal. Civ. Code §§ 1638, 1639.  The straightforward language Plaintiffs agreed to instead reaches any claim "arising out of or relating to . . . *any* Tile product or service," not just those Plaintiffs were allegedly using actively.  (Klinkner Decl., Ex. I, at 22 (emphasis added).)  Regardless, Plaintiffs' **claims do concern their personal use of Tile's products and services**, as their claims challenge alleged defects in the anti-stalking features Tile made available *to them* through the Tile app.  (*See, e.g.*, ¶¶ FAC 54-63, 139.)

### 2. Plaintiffs Do Not Show That the Arbitration Agreement Is Unconscionable.

Plaintiffs' unconscionability arguments can be made only to the arbitrator, not this Court, per the parties' agreement to delegate arbitrability.  (*See* Section II.A.1, *supra*.)  But Plaintiffs'

---

[5] Plaintiffs cite *Victoria v. Superior Court*, but that decision is inapposite as it did not apply the presumption of arbitrability required here.  40 Cal. 3d 734, 745 (1985).  Regardless, the court there found an arbitration clause for medical malpractice claims did not reach sexual assault unrelated to the provision of medical services.  *Id.*  In stark contrast, here, Plaintiffs agreed to arbitrate disputes "relating to" the very products and services for which they now allege *design-defect* claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

unconscionability arguments are not only premature, but they are also meritless. Under California law, a plaintiff seeking to invalidate a contract as unconscionable must prove both procedural and substantive unconscionability, which are judged on a "sliding scale," such that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Davenport v. Nvidia Corp.*, 2024 WL 832387, at *4 (N.D. Cal. Feb. 28, 2024) (citation omitted), Plaintiffs have failed to show that Tile's arbitration provision is procedurally *or* substantively unconscionable.

### a.  Plaintiffs Have Not Shown Procedural Unconscionability.

Plaintiffs' procedural unconscionability arguments fail because Plaintiffs cannot demonstrate "oppression or surprise due to unequal bargaining power." *Davenport*, 2024 WL 832387, at *4. First, adhesion contracts are not "per se oppressive," as Plaintiffs attempt to argue. *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1320, (2005). "[T]he 'oppression' factor . . . may be defeated, if the complaining party has a meaningful choice of reasonably available alternative sources[.]" *Id*. (citation omitted). Here, Plaintiffs offer no evidence that Tile is the only location-based item tracking device they could have purchased. Instead, Plaintiffs had many other options for location-based tracking products.[6] Even if this court finds otherwise, Plaintiffs' own case holds that "the mere fact that a contract is one of adhesion establishes only a low degree of procedural unconscionability." *Ingalls v. Spotify USA, Inc.*, 2016 WL 6679561, at *5 (N.D. Cal. Nov. 14, 2016).

Second, contrary to Plaintiffs' assertions, neither the delegation term nor arbitration agreement were hidden in any way. The Tile Terms, in the only bold text on the first page, state "**you agree to the arbitration agreement and class action waiver described**" below. (Klinkner Decl., Ex. B; *see also* Klinkner Decl., Ex. I.) The arbitration provision is then explained in greater detail in a clearly-labeled, separate section titled in bold "**Dispute Resolution by Binding Arbitration**." (*Id.*) In these ways, the Tile Terms were designed to make the agreement to arbitrate prominent and unavoidable, not hidden.

---

[6] A wide range of other Bluetooth trackers exist. *See, e.g.*, https://www.apple.com/airtag/; https://cubetracker.com/; *see also George v. eBay, Inc.*, 71 Cal. App. 5th 620, 632 (2021) (finding no procedural unconscionability where plaintiffs could "sell[] on other online marketplaces").

Plaintiffs also argue that incorporation of the AAA rules by reference is itself unconscionable, but do not cite any authority for this highly dubious claim. As one opinion put it, "[n]umerous courts have concluded that incorporation of the AAA rules by reference into an otherwise valid arbitration agreement does not render such an agreement procedurally unconscionable." *Collins v. Diamond Pet Food Processors of Cal., LLC*, 2013 WL 1791926, at *5 (E.D. Cal. Apr. 26, 2013); *see also Ulbrich v. Overstock.com, Inc.*, 887 F. Supp. 2d 924, 932–33 (N.D. Cal. 2012) (no procedural unconscionability where AAA rules were incorporated by reference).

That Plaintiffs have failed to show any procedural unconscionability ends the inquiry.

### b. Plaintiffs Have Not Shown Substantive Unconscionability.

Tile's arbitration provision is also not substantively unconscionable because the terms are not "so one-sided as to shock the conscience." *Davenport*, 2024 WL 832387, at *4 (citation omitted). Instead, the terms at issue are standard in consumer contracts and routinely enforced, contrary to Plaintiffs' arguments.

***First***, Plaintiffs mischaracterize the scope of Tiles' arbitration provision, asserting "[n]o claim is exempt from its reach" (Opp. at 11), but this is patently false. The scope of the agreement—reaching claims "arising out of or relating to this Agreement, any Tile product or service and its marketing or the relationship between [Plaintiff] and Tile"—is ***not*** unlimited. Instead, using typical "arising out of and relating to" language, the arbitration provision reaches only disputes that have a nexus with (1) the Tile Terms themselves, (2) Tile's products, or (3) the relationship between a Tile user and Tile. This type of scoping language is not only valid but so routine as to be virtually standard in consumer arbitration agreements. *See, e.g.*, *Yeh v. Tesla, Inc.*, 2023 WL 6795414, at *3 (N.D. Cal. Oct. 12, 2023) ("[a]ny claim or dispute, whether in contract, tort, statute . . . between you and us . . . which arises out of or relates to your credit application, purchase . . . of this vehicle, this contract or any resulting transaction or relationship be resolved . . . by arbitration."); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 907 (N.D. Cal. 2011) ("any suit, action or proceeding arising out of or relating to these Terms of Use . . .[,] transactions . . .[,] or related to the Service or any contests . . . shall be resolved solely by binding arbitration."); *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1268 (C.D. Cal. 2008) ("The arbitration clause 'applies to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

all disputes arising under case law, statutory law, and all other laws, including, . . . all contract, tort, and property disputes, [as well as] disputes arising out of or relating to your relationship with [E*Trade and] your account[.]" (alterations in original)).  In each of these cases, the court enforced the arbitration agreement, as the Court should here.[7]

**Second**, Plaintiffs cite to a single, inapposite case involving an employment contract to suggest the duration of Tile's arbitration provision somehow shocks the conscience.  But that decision considered duration only as one element, focusing primarily on the lack of mutuality in the arbitration provision at issue—a challenge Plaintiffs do not make here.  *Cook v. Univ. of S. Cal.*, 102 Cal. App. 5th 312, 356 (2024).  Regardless, consumer contracts routinely include provisions like the one here that extend the obligation to arbitrate past termination of the agreement—and federal courts regularly enforce these provisions too.  *See, e.g.*, *Ferreira v. Uber Techs., Inc.*, 2023 WL 7284161, at *1 (N.D. Cal. Nov. 3, 2023) (enforceable arbitration clause where the clause "survive[s] after the relationship terminates"); *Crooks v. Wells Fargo Bank, N.A.*, 312 F. Supp. 3d 932, 938 (S.D. Cal. 2018) (enforceable arbitration clause where the provision would "survive any termination, payoff or transfer" of contract).

**Third**, Plaintiffs argue that the Terms unconscionably allow Tile to make unilateral modifications.  However, the Ninth Circuit has held that such a clause "does not make the arbitration provision" unconscionable because "the implied covenant of good faith and fair dealing prevents a party from exercising its rights under a unilateral modification clause in a way that would make it unconscionable."  *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016).

**Fourth**, Plaintiffs argue that Tile's arbitration provision is substantively unconscionable because Tile's incorporation of the AAA rules is supposedly an attempt to improperly keep the arbitration confidential.  (Opp. at 12.)  But Plaintiffs argue only that the AAA rules themselves require confidentiality, rather than any provision in the Tile Terms.  That is, Plaintiffs prove too much by arguing that ***any*** arbitration agreement incorporating the AAA rules is unconscionable for

---

[7] In contrast, Plaintiffs cite cases in which the arbitration clause purported to reach *any* dispute at all, with no further tethering. *See, e.g.*, *Thomas v. Cricket Wireless, LLC*, 506 F. Supp. 3d 891, 904 (N.D. Cal. 2020).  But the arbitration provision here is limited to disputes arising from specific subject matters, including the Tile products and services at the center of Plaintiffs' claims—namely the Tile trackers themselves and the Tile app and "Scan and Secure" service Plaintiffs challenge.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

this reason, even though such agreements are ubiquitous and, as discussed above, enforced by courts across the country. This is of course not the law.[8]

### C. The Proceedings Should Be Stayed Pending the Outcome of Arbitration.

As discussed in the Motion, courts routinely grant stays reaching non-parties to an arbitration agreement because such stays promote judicial efficiency, fairness to the parties, and consistent outcomes, even when the outcome of the arbitration is not controlling of the action before the court. (Mot. at 13; *see also Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) (collecting cases)). Plaintiffs contend that a stay is not warranted in this case, relying almost exclusively on *California Crane School, Inc. v. Google LLC*, 621 F. Supp. 3d 1024 (N.D. Cal. 2022). There, the court denied a stay of non-arbitrable claims in an antitrust lawsuit. *Id*. at 1033-34. However, the court made this determination because both parties identified only "simple delay" as the hardship that would occur from staying or declining to stay the case. *Id.* at 1033. Here, on the other hand, the Tile Defendants (and Plaintiffs) have identified a substantial risk of inconsistent rulings if the proceedings occurred in parallel (as well as significant potential inefficiencies in discovery and the litigation more generally). (Mot. at 14; FAC ¶ 169(f).) If the district court and arbitrator issue different forms of injunctive relief to different parties, Tile may not be able to comply with such "incompatible standards of conduct." (FAC ¶ 169(f).) Plaintiffs offer no meaningful rebuttal.

### III. CONCLUSION

The Motion should be granted, Plaintiffs Broad and Doe should be compelled to arbitration, and the proceedings should be otherwise stayed pending resolution of these arbitrations.

---

[8] The only case Plaintiffs cite on this point is easily distinguishable as it concerned explicit confidentiality terms prohibiting "any public pronouncement or public comment or originat[ing] any publicity concerning the arbitration." *Ingalls*, 2016 WL 6679561, at *7. The Court need not even consider whether a similar term would be unconscionable in the present context, as there is no such language in the Tile Terms.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

| | |
|---|---|
| Dated: August 8, 2024 | COOLEY LLP |
| | By: /s/ *Jeffrey M. Gutkin* |
| | Jeffrey M. Gutkin |
| | Attorneys for Defendants<br>Tile, Inc. and Life360, Inc. |

306235365

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

TILE, INC. AND LIFE360, INC.'S REPLY ISO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL