UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRELAND-GORDY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>TILE, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-04119-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 33 |

The Court requests that the parties be prepared to address the following questions at the hearing on Defendants' motion to compel arbitration, set for August 27, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1.  Tile argues that the incorporation of the AAA rules constitutes a clear and unmistakable delegation of arbitrability regardless of the sophistication of the parties. How does Tile reconcile that position with the Supreme Court's directive in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 n.1 (2010), that the "clear and unmistakable" requirement "is an 'interpretive rule,' based on an assumption about the parties' expectations"? On the other hand, how is Plaintiffs' position consistent with California contract law principles, under which "courts look to the writing of the contract itself to decipher its intent and not the sophistication of the contracting parties"? *Ahern v. Fiserv, Inc.*, No. 223CV07753, 2023 WL 8945697, at *5 (C.D. Cal. Dec. 8, 2023); *see also, e.g.*,

    *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *3 (N.D. Cal. Oct. 11, 2017).

2.  The operative Terms of Service provide, "The exclusive jurisdiction for all disputes, claims or controversies arising out of or relating to these Terms or the . . . enforcement, interpretation or validity thereof . . . will be the state and federal courts located in the Northern District of California," and then discusses what happens if "any part of these Terms is determined to be invalid or unenforceable by a court." The "Terms" are defined as including the arbitration agreement. Is there a clear and unmistakable agreement to delegate arbitrability where the agreement provides that "all disputes" relating to the enforcement, interpretation, or validity of the Terms will be decided exclusively by courts in this District?

3.  If the issue of unconscionability is for the court to decide rather than the arbitrator, can Tile identify any case where an arbitration agreement (or an agreement to arbitrate arbitrability) has been enforced to require arbitration of a claim not arising out of the contract or transaction in which the arbitration agreement was made?

4.  How does enforcement of this arbitration provision fall within the requirement of Section 2 of the Federal Arbitration Act that the controversy "aris[e] out of [the] contract or transaction" in which there was an agreement to arbitrate? How would it affect the parties' arguments if the arbitration provision did not fall within Section 2 of the FAA?

5.  Tile notes that some of Plaintiffs' claims relate to defects in Tile's anti-stalking services that were provided on Plaintiffs' accounts. In the event that the Court finds those claims must be arbitrated, could the Court nonetheless reach a different conclusion as to the remaining claims?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they

wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: August 22, 2024

RITA F. LIN
United States District Judge