COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendants
Tile, Inc. and Life360, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 3:23-CV-04119-RFL<br><br>**DEFENDANTS TILE, INC. AND LIFE360, INC.'S SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date Action Filed: 08/14/2023 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT OF
MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

## I. INTRODUCTION

Under the Federal Arbitration Act (the "FAA"),[1] federal law governs the analysis of whether the parties have clearly and unmistakably delegated the question of arbitrability to the arbitrator. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1129-30 (9th Cir. 2015). And federal law is clear on the issue before the Court: The incorporation of the American Arbitration Association ("AAA") rules into an arbitration agreement acts as a clear and unmistakable delegation of arbitrability. *See id.*; *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract."). While some federal courts applying this federal law have looked to state-law principles for comparison or to *refute* arguments made under state law, those courts did not hold that state law governs. But whether the Court considers state-law principles or not, the result here is the same. Plaintiffs entered into an agreement, are both bound by that agreement and presumed to have read it, and therefore delegated arbitrability to the arbitrator.

## II. ARGUMENT

### A. Federal Substantive Law Applies and Requires Delegation Here.

The FAA creates its own "body of federal substantive law" that applies to arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Southland Corp. v. Keating*, 465 U.S. 1, 2 (1984) ("[The FAA] creates a body of federal substantive law that is applicable in both state and federal courts."). When a court determines whether parties have agreed to arbitrate a dispute, it does so "by applying the federal substantive law of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)

---

[1] The Court previously asked about the application of the FAA. ECF No. 52. As discussed at the August 27 hearing, the outlier cases finding (or discussing in concurrence) that Section 2 of the FAA does not apply involve arbitration agreements concerning ***a different product*** and entered into with ***a different entity*** than at issue in the suit. *See Calderon v. Sixt Rent a Car, LLC*, 5 F.4th 1204, 1207 (11th Cir. 2021) (explaining Sixt's contract with the plaintiff "didn't contain an arbitration provision"); *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 721 (9th Cir. 2020) (O'Scannalain, J., concurring) (arbitration agreement was with a different entity over a different product). Those are a far cry from this case, in which Plaintiffs' claims are against Tile and concern the same counterparty and product at issue in their arbitration agreement. Regardless, the controversy here—whether arbitrability is delegated to the arbitrator—clearly arises under the contract and is governed by the FAA. Moreover, both parties have agreed that the FAA governs the arbitration agreement. *See* ECF No. 42 at 10 (applying the FAA).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

(internal quotations omitted).  While questions of contract formation and interpretation "generally involve state law," the question of "whether a particular agreement satisfies the 'clear and unmistakable' standard" looks to *federal* law.  *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020).

The Ninth Circuit's binding ruling in *Brennan* unequivocally held the same, finding that federal law applies to decide the question of delegation.  796 F.3d at 1129.  First, the District Court directly answered the question the Court has posed here:

> Plaintiff identifies California state court decisions suggesting (but not holding) that the incorporation of AAA rules is insufficient to establish 'clear and unmistakable' delegation. . . . However, the FAA preempts state law on the issue of arbitrability.  Thus, California state law is of little relevance to this issue.

*Brennan v. Opus Bank*, 2013 WL 2445430, at *6 (W.D. Wash. June 5, 2013) (citation omitted). The Ninth Circuit then explicitly affirmed and upheld that application of federal law.  796 F.3d at 1129 ("[F]ederal law governs the arbitrability question[.]").  Applying this *federal* law, *Brennan* held that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Id.* at 1130.

As *Brennan* noted, "the vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties or to commercial contracts."  796 F.3d at 1130-31 (collecting circuit cases).  That is, *Brennan* looked to other federal circuit courts—not courts interpreting California law.  Indeed, as Defendants have shown, subsequent cases have made clear that such delegation is enforceable even when one of the parties is unsophisticated.  *See G.G. v. Valve Corp.*, 799 F. App'x 557, 558 (9th Cir. 2020); ECF No. 48 at 3 (collecting cases).  Other circuits, applying federal law, have come to the same conclusion. *See, e.g.*, *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018); *Blanton*, 962 F.3d at 846.

### B.  Federal Courts Have Looked to State Law for Comparison or to Refute Arguments that State Law Precludes Delegation.

Despite this general rule, some courts have looked to state-law principles when evaluating the clear and unmistakable standard, *but primarily to refute arguments that state law would change*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

*the result*. For example, the Ninth Circuit held in *G.G. v. Valve Corporation* that incorporation of the AAA Rules delegates arbitrability regardless of the parties' sophistication. 799 F. App'x at 558. The court began from the established principle that the parties to the agreement "clearly and unmistakably agreed to arbitrate questions of arbitrability because the arbitration agreement incorporates AAA rules"—a principle determined by *Brennan* under federal law. *Id*. Plaintiffs attempted to escape that outcome by arguing that they were too unsophisticated to appreciate that the agreement delegated arbitrability. Appellant's Reply Brief, No. 19-35345, Dkt. No. 26 at 7-8. But the Ninth Circuit rejected that argument, explaining that under Washington law—like California law—parties to an agreement are presumed to have read all parts of a contract and intend what is stated in its objective terms. 799 F. App'x at 558; *see also Jefferson v. Cal. Dep't of Youth Auth*., 28 Cal. 4th 299, 303 (2002) (stating a similar presumption under California law).

Similarly, some courts in this district have examined California law to show that its contract-formation principles are *consistent* with delegation or inconsistent with a Plaintiffs' arguments against delegation—again, without dislodging the starting assumption that federal law governs. For example, in *McLellan v. Fitbit, Inc.*, Judge Donato explained that the greater weight of federal authority favors the approach finding that incorporation of AAA rules constitutes delegation regardless of sophistication.[2] 2017 WL 4551484, at *2 (N.D. Cal. Oct. 11, 2017). In doing so, the court explained that this is also the right result under California law. *Id*. at *3. Similarly, in *Bazine*, the court contended with, and rejected, the plaintiff's arguments under California law in a similar fashion. 2023 WL 4138252, at *5 (N.D. Cal. June 21, 2023).

Here, this Court must apply federal law, which holds that incorporation of the AAA Rules delegates arbitrability regardless of the parties' sophistication. *See G.G. v. Valve Corp.*, 799 F. App'x at 558; *Arnold*, 890 F.3d at 553; *Blanton*, 962 F.3d at 846. The cases noted above teach that Plaintiffs cannot invoke California presumptions to escape this outcome under federal law. *See, e.g.*, *G.G. v. Valve Corp.*, 799 F. App'x at 558; *Bazine*, 2023 WL 4138252, at *5.

---

[2] As Judge Donato explained, "party-by-party assessment of sophistication under some loose amalgam of personal education, line of work, professional knowledge, and so on would undermine contract expectations in potentially random and inconsistent ways." *Id*. at *3.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

C.  **The California Court of Appeal Incorrectly Interpreted Federal Law in *Gostev v. Skillz*.**

The parties in *Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035 (2023), agreed that the FAA governed the relevant agreement. *See* Appellant's Brief, 2022 WL 2187674, at 29. As addressed in Section II.A, *supra*, substantive federal law therefore governed. In line with that principle, *Gostev* looked to ***federal law*** to reach its (incorrect) conclusion. *See* 88 Cal. App. 5th at 1051, 1052 (citing *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240 (N.D. Cal. 2019)); *id.* at 1052 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010)). *Gostev*'s interpretation of federal law is not binding on this Court.[3] It is just another example of the split of authority on this issue, with the great weight of recent authority in this district finding against the holding in *Gostev*. Notably, other Northern District of California decisions, *after Gostev*, have found incorporation of the AAA Rules to be clear and unmistakable delegation—reaffirming that *Gostev* does not offer a legal interpretation that could override the extensive precedent in favor of Defendants here. *See, e.g.*, *In re BAM*, 2024 WL 2520432, at *5 (N.D. Cal. May 14, 2024); 2023 WL 4138252, at *5.

D.  **Even Under California Law, the Result Is the Same.**

Even if this Court applies California law, the Tile Term's incorporation of the AAA Rules constitutes clear and unmistakable delegation. *See Dream Theater, Inc. v. Dream Theater*, 124 Cal. App. 4th 547, 553 (2004) ("California law is consistent with federal law on the question of who decides disputes over arbitrability."). Importantly, California law dictates that "when a person with the capacity of reading and understanding an instrument signs it, he is . . . bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding." *Jefferson*, 28 Cal. 4th at 303 (2002) (citation omitted); *see also* 2017 WL 4551484, at *3 ("California law . . . does not make a categorical distinction between 'sophisticated' and 'unsophisticated' parties for purposes of enforcing an incorporated delegation clause."). Under this California Supreme Court principle, a party cannot avoid the consequences of its agreement simply by asserting unsophistication.

---

[3] Moreover, the provision that incorporated the AAA Rules in *Gostev* did not provide a means to review the AAA Rules. *Id.* at 1044-45. In contrast, the Tile Terms direct the reader to the AAA Rules on the AAA website. *See* ECF No. 42 at 6. So, *Gostev* is factually distinguishable as well.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL

Dated: September 10, 2024

COOLEY LLP

By: /s/ *Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorneys for Defendants
Tile, Inc. and Life360, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFTS' SUPPL BRIEF IN FURTHER SUPPORT
OF MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04119-RFL