**WADE KILPELA SLADE LLP**
Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
marc@waykayslay.com
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Facsimile: (424) 276-0473

**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
Mark A. Milstein, State Bar No. 155513
mmilstein@mjfwlaw.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 396-9600
Fax: (310) 396-9635

**WADE KILPELA SLADE LLP**
David Slade
slade@ waykayslay.com
Lucy L. Holifield
lholifield@waykayslay.com
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
Telephone: (501) 417-6445
Facsimile: (424) 276-0473

**wh LAW**
Brandon Haubert
brandon@wh.law
Jessica Hall
jessica@wh.law
1 Riverfront Place, Suite 745
North Little Rock, AR 72114
Telephone: 501.891.6000
Facsimile: 501.222.3027

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON IRELAND-GORDY and STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 3:23-CV-04119-RFL

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Judge: Rita F. Lin
Dept. 15
Trial Date: TBD
Date Action Filed: August 14, 2023

## INTRODUCTION

Plaintiffs provide this supplemental brief in response to the Court's question of "whether state law applies in terms of evaluating whether a contract meets the clear and unmistakable bar." ECF No. 55. In short, the Court *should* look to California state law in its analysis. Supreme Court and Ninth Circuit precedent make clear state contract law is to be used in the interpretation of arbitration agreements, as long as that law cannot be read to "disfavor" arbitration (and thus be preempted by the FAA). The "clear and unmistakable" inquiry is nothing more than an evaluation of whether the parties intended to delegate threshold interpretation issues to an arbitrator, and determining that intent is a paradigmatic example of traditional contract law. Further, the relevant California law cannot be said to disfavor arbitration, either facially or in its application. Accordingly, the Court should follow *Gostev v. Skillz Platform, Inc.*, and find that mere incorporation of AAA rules in a consumer arbitration provision like the one at issue here is not "clear and unmistakable" evidence of an intent to delegate arbitrability determinations to an arbitrator. 88 Cal. App. 5th 1035, 1051, 305 Cal. Rptr. 3d 248, 258-259 (2023).

## ARGUMENT

The U.S. Supreme Court repeatedly has explained that "arbitration is a matter of contract." *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (internal quotation marks and citation omitted). Moreover, and specific to the question posed by this Court, "[t]o interpret the parties' contract, a court should look to 'general state-law principles of contract interpretation[.]'" *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1018 (9th Cir. 2016) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)). Little, if anything, in the FAA either supplants or even supplements a state's contract law in this exercise: "[t]he existence of a federal statute enunciating a substantive federal policy [*i.e.,* the FAA] does not necessarily require the inexorable application of a uniform federal rule of decision notwithstanding the differing conditions which may exist in the several States and regardless of the decisions of the States to exert police powers as they deem best for the welfare of their citizens." *Southland Corp. v. Keating*, 465 U.S. 1, 19-20, 104 S. Ct. 852, 863 (1984) (collecting cases). "Indeed," the opinion continues, "*the lower courts generally look to state law regarding questions of formation of the arbitration agreement* under §

2, which is entirely appropriate so long as the state rule does not conflict with the policy of § 2." *Id*. (internal citation omitted) (emphasis added).

As discussed in the underlying briefing and at oral argument, "courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 940, 115 S. Ct. 1920, 1922 (1995) (quoting *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649, 89 L. Ed. 2d 648, 106 S. Ct. 1415). The evaluation of the presence or absence of "clear and unmistakable" evidence is nothing more than an instruction to scrutinize the parties' intent, and determining the intent of the parties to a contract is squarely within the ambit of state law. *Revitch v. DirecTV, LLC*, No. 18-cv-01127-JCS, 2018 U.S. Dist. LEXIS 143812, *39-40 (N.D. Cal. Aug. 23, 2018) ("[T]he Court turns to general state law principles of contract formation to determine the parties' intent.").

Thus, the Court should look to California law in the instant matter. In applying same, the Court should follow *Gostev v. Skillz Platform, Inc.*, which holds that mere reference to AAA rules in an arbitration agreement between a mobile app and an unsophisticated user is not "clear and unmistakable" evidence of a mutual intent to delegate analysis of arbitrability to an arbitrator. 88 Cal. App. 5th 1035, 1051, 305 Cal. Rptr. 3d 248, 258-259 (2023); *see also, Nelson v. Dual Diagnosis Treatment Center, Inc.*, (2022) 77 Cal.App.5th 643, 643 (rejecting the use of extrinsic evidence when looking for clear and unmistakable evidence regarding delegation because "the best indicator of the parties' intent in a written contract is the words they chose for the agreement.").

Critically, nothing in *Gostev* or any other California opinion touching on this issue would "conflict with the policy of § 2" of the FAA. *Keating*, 465 U.S., at 20. These cases merely establish the contours of what constitutes "clear and unmistakable" evidence, and they do so in a manner that is generally applicable to any contract and that does not disfavor or single out arbitration contracts. Therefore, these authorities are not preempted by the FAA. *Concepcion*, 131 S. Ct. at 1760 (California's "common law is of no federal concern so long as the State does not adopt a special rule that disfavors arbitration.") (Breyer, J., dissenting).

"[T]he FAA does not confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that arbitration proceed *in the manner provided*

*for in [the parties'] agreement*." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474–75 (1989) (internal quotation marks omitted) (alteration in original). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *In re Henson*, 869 F.3d 1052, 1059 (9th Cir. 2017) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). Here, under the plain language of the Terms at issue, construed under *Gostev* and all other applicable California law, the issues of arbitrability and scope have *not* been delegated to AAA, and are properly before this Court.

Dated: September 10, 2024

**WADE KILPELA SLADE LLP**

Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
gwade@waykayslay.com
sara@waykayslay.com
marc@waykayslay.com

David Slade
Lucy L. Holifield
1 Riverfront Place, Suite 745,
North Little Rock, AR 72114
slade@waykayslay.com
lholifield@waykayslay.com

**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
Mark A. Milstein
mmilstein@mjfwlaw.com
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404

**wh LAW**
Brandon Haubert
brandon@wh.law
Jessica Hall
jessica@wh.law
1 Riverfront Place, Suite 745
North Little Rock, AR 72114

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record.

Dated: September 10, 2024

**WADE KILPELA SLADE LLP**

/s/ GWade

Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
2450 Colorado Ave., Ste 100E
Santa Monica, CA 90404
Tel: (310) 396-9600
Fax: (310) 396-9635