1
2
3
4
5
6
7
8
9
10
11

COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

Attorneys for Defendants
TILE, INC. and LIFE360, INC.

12
13
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 3:23-CV-04119-RFL<br><br>**DEFENDANTS TILE, INC. AND LIFE360, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date:          April 29, 2025<br>Time:          10 a.m.<br>Dept:          15<br>Judge:         Rita F. Lin<br>Trial Date: TBD<br>Date Action Filed: August 14, 2023<br>Amend. Complaint: April 26, 2024 |

COOLEY LLP
ATTORNEYS AT LAW

1

2

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................ 1

STATEMENT OF ISSUE TO BE DECIDED.......................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I.      INTRODUCTION ......................................................................................... 1

II.     BACKGROUND ........................................................................................... 2

    A.     THE IRELAND GORDYS' CLAIMS ARE THE ONLY CLAIMS
    CURRENTLY BEFORE THE COURT. ............................................... 2

    B.     THE IRELAND GORDYS ALLEGE THIRD-PARTY MISUSE IN
    TEXAS IN 2016 AND 2017. ................................................................ 2

    C.     JUDGE CHHABRIA DISMISSED MANY SIMILAR CLAIMS IN
    HUGHES V. APPLE. ............................................................................ 3

III.    LEGAL STANDARD .................................................................................... 3

IV.     ARGUMENT ................................................................................................. 4

    A.     ALL THE IRELAND GORDYS' CLAIMS ARE BARRED BY THE
    APPLICABLE STATUTES OF LIMITATION. .................................... 4

    B.     ALL THE IRELAND GORDYS' CLAIMS ARE ALLEGED UNDER
    THE WRONG STATE'S LAW ............................................................. 6

    C.     THE NEGLIGENCE, STRICT LIABILITY, UNJUST ENRICHMENT,
    AND INTRUSION UPON SECLUSION CLAIMS WOULD FAIL
    UNDER TEXAS LAW. .......................................................................... 9

        1.     NEGLIGENCE AND STRICT LIABILITY (COUNTS I AND II)........... 9

        2.     UNJUST ENRICHMENT (COUNT III) ................................... 10

        3.     INTRUSION UPON SECLUSION (COUNT IV)................................. 11

    D.     THE STATUTORY AND CONSTITUTIONAL CLAIMS FAIL FOR
    FURTHER REASONS. ......................................................................... 12

        1.     CALIFORNIA CONSTITUTIONAL RIGHT TO PRIVACY
        (COUNT V) ........................................................................... 12

        2.     CALIFORNIA'S INVASION OF PRIVACY ACT (COUNT VI) .......... 13

        3.     NEGLIGENCE PER SE (COUNT VII) .................................... 14

        4.     CALIFORNIA'S UNFAIR COMPETITION LAW (COUNTS VIII
        AND IX) ................................................................................ 14

    E.     THE IRELAND GORDYS' CLAIMS AGAINST LIFE360 FAIL...................... 15

V.      CONCLUSION ............................................................................................ 15

COOLEY LLP
ATTORNEYS AT LAW
WASHINGTON, DC

i

**TILE DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
3:23-CV-04119-RFL**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Medtronic, Inc.*,
2022 WL 1024803 (E.D. Tex. Mar. 3, 2022) ................................................................. 9, 10

*Al-Ahmed v. Twitter, Inc.*,
648 F. Supp. 3d 1140 (N.D. Cal. 2023) ........................................................................... 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................... 3, 4

*BP Am. Prod. Co. v. Marshall*,
342 S.W.3d 59 (Tex. 2011) .............................................................................................. 6

*Brockert v. Wyeth Pharms., Inc.*,
287 S.W.3d 760 (Tex. Ct. App. 2009) ............................................................................ 10

*Brodsky v. Apple, Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................................................ 5

*Bryant v. CIT Grp./Consumer Fin., Inc.*,
303 F. Supp. 3d 515 (S.D. Tex. 2018) ............................................................................ 5

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) .......................................................................... 4, 5

*Castillo v. Bos. Sci. Corp.*,
2020 WL 5608510 (S.D. Tex. Sept. 18, 2020) ............................................................... 7

*Churchill Village, L.L.C. v. Gen. Elec. Co.*,
169 F. Supp. 2d 1119 (N.D. Cal. 2000) .......................................................................... 14

*Coinbase v. Bielski*,
599 U.S. 736 (2023) .......................................................................................................... 2

*Cross v. Wells Fargo Bank, N.A.*,
2011 WL 6136734 (C.D. Cal. Dec. 9, 2011) ................................................................. 11

*Davison v. Kia Motors Am., Inc.*,
2015 WL 3970502 (C.D. Cal. June 29, 2015) ................................................................ 7

*In re Deep Vein Thrombosis*,
356 F. Supp. 2d 1055 (N.D. Cal. 2005) .......................................................................... 10

*Doe v. United States*,
83 F. Supp. 2d 833 (S.D. Tex. 2000) .............................................................................. 11

*Eiess v. USAA Fed. Sav. Bank*,
404 F. Supp. 3d 1240 (N.D. Cal. 2019) .......................................................................... 6

Cooley LLP
ATTORNEYS AT LAW

ii

1

## TABLE OF AUTHORITIES
(continued)

2

**Page(s)**

3

*Fabela v. Printz Prop. Mgmt. LLC,*
  2023 WL 4239857 (Tex. Ct. App. June 29, 2023)................................................................. 4

4

*Fisher v. Nationstar Mortg. LLC,*
  2018 WL 1933300 (N.D. Cal. Apr. 24, 2018) ....................................................................... 15

5

*Folgelstrom v. Lamps Plus, Inc.,*
  195 Cal.App.4th 986 (2011) ..................................................................................................... 12

6

7

*Franklin v. Apple Inc.,*
  569 F. Supp. 3d 465 (E.D. Tex. 2021) ............................................................................... 9, 10

8

9

*Garrett v. Hamilton Standard Controls, Inc.,*
  850 F.2d 253 (5th Cir. 1988)................................................................................................... 10

10

*Gianino v. Alacer Corp.,*
  846 F. Supp. 2d 1096 (C.D. Cal. 2012) ................................................................................ 8, 9

11

12

*In re Google Location Hist. Litig.,*
  428 F. Supp. 3d at 199 ......................................................................................................... 12, 13

13

*Grace v. Apple, Inc.,*
  328 F.R.D. 320 (N.D. Cal. 2018)............................................................................................ 8, 9

14

15

*Hart v. TWC Prod. & Tech. LLC,*
  526 F. Supp. 3d 592 (N.D. Cal. 2021) ..................................................................................... 5

16

17

*Hughes v. Apple, Inc.,*
  2024 WL 1140998 (N.D. Cal. Mar. 15, 2024)............................................................... *passim*

18

*Hughes v. Apple, Inc.,*
  2024 WL 4828072 (N.D. Cal. Nov. 18, 2024)............................................................... *passim*

19

*Hughes v. Apple, Inc.,*
  723 F. Supp. 3d 693 (N.D. Cal. 2024) .................................................................................. 3, 7

20

21

*In re iPhone Application Litig.,*
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) .................................................................................. 12

22

*Jablon v. Dean Witter & Co.,*
  614 F.2d 677 (9th Cir. 1980).................................................................................................... 5

23

24

*Jones v. Awad,*
  39 Cal. App. 5th 1200 (2019) ................................................................................................. 14

25

*Juan Antonio Sanchez, PC v. Bank of S. Tex.,*
  494 F. Supp. 3d 421 (S.D. Tex. 2020) .................................................................................... 11

26

27

*Leadsinger, Inc. v. BMG Music Publ'g,*
  512 F.3d 522 (9th Cir. 2008).................................................................................................... 6

28

COOLEY LLP
ATTORNEYS AT LAW

iii

**TILE DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
3:23-CV-04119-RFL**

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Linman v. Marten Transp., Ltd.*,
    2023 WL 2562712 (W.D. Wis. Mar. 17, 2023) ........................................................ 11

*Lusinyan v. Bank of Am., N.A.*,
    2015 WL 12803453 (C.D. Cal. Sept. 15, 2015) ...................................................... 14

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ............................................................................... 7, 8

*McCann v. Foster Wheeler LLC*,
    48 Cal. 4th 68 (2010) ........................................................................................... 6, 8

*McPeters v. LexisNexis*,
    910 F. Supp. 2d 981 (S.D. Tex. 2012) ..................................................................... 8

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
    603 F. Supp. 3d 1183 (S.D. Fla. 2022) .................................................................. 11

*Mendoza v. Intuitive Surgical, Inc.*,
    2021 WL 1910886 (N.D. Cal. May 12, 2021) .......................................................... 8

*Moreno v. S.F. Bay Area Rapid Transit Dist.*,
    2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) ....................................................... 13

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ................................................................................... 4

*O'Connor v. Uber Techs., Inc.*,
    2013 WL 6354534 (N.D. Cal. Dec. 5, 2013) ......................................................... 15

*Matter of Okedokun*,
    968 F.3d 378 (5th Cir. 2020) ................................................................................... 7

*Ortega v. Young Again Prods., Inc.*,
    2012 WL 3046116 (S.D. Tex. July 25, 2012) ........................................................... 4

*Rustico v. Intuitive Surgical, Inc.*,
    424 F. Supp. 3d 720 (N.D. Cal. 2019) ................................................................. 4, 6

*Sidorov v. Transamerica Life Ins. Co.*,
    832 F. App'x 479 (9th Cir. 2020) ............................................................................ 5

*Singh v. Wells Fargo Bank, N.A.*,
    2009 WL 2365881 (N.D. Cal. July 30, 2009) ....................................................... 15

*So v. Shin*,
    212 Cal. App. 4th 652 (2013) .................................................................................. 4

*Soliman v. Philip Morris Inc.*,
    311 F.3d 966 (9th Cir. 2002) .................................................................................. 5

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

*Stevens v. Ford Motor Co.*,
   2023 WL 3695621 (S.D. Tex. Mar. 30, 2023) ........................................................ 4

4

*Tex. Carpenters Health Benefit Fund v. Philip Morris, Inc.*,
   21 F. Supp. 2d 664 (E.D. Tex. 1998) ...................................................................... 11

5

6

*Thatcher v. Dargel Boats, Inc.*,
   2019 WL 2601819 (S.D. Tex. Apr. 29, 2019) .......................................................... 4

7

*In re Toyota RAV4 Hybrid Fuel Tank Litig.*,
   534 F. Supp. 3d 1067 (N.D. Cal. 2021) ................................................................... 7

8

9

*Villarreal v. Navistar, Inc.*,
   2022 WL 14708977 (N.D. Tex. Mar. 8, 2022) ............................................... 7, 9, 10

10

*Williams v. Google, LLC*,
   2021 WL 3612300 (E.D. Tex. July 16, 2021)......................................................... 12

11

12

*In re Yahoo Mail Litig.*,
   308 F.R.D. 577 (N.D. Cal. 2015)............................................................................. 8

13

*In re Yahoo Mail Litig.*,
   7 F. Supp. 3d 1016 (N.D. Cal. 2014) ..................................................................... 13

14

15

*Zavala v. Trujillo*,
   883 S.W.2d 242 (Tex. Ct. App. 1994) ................................................................... 14

16

**Statutes**

17

Cal. Penal Code
   § 637.7(a) .............................................................................................................. 13
   § 637.7(d) .............................................................................................................. 13

18

19

Tex. Civ. Prac. & Rem. Code
   § 16.012 .................................................................................................................. 9
   § 82.005(a) .............................................................................................................. 9

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 29, 2025 at 10:00 a.m., or as soon thereafter as this motion may be heard in the above-titled Court, located at 450 Golden Gate Avenue, 18th Floor, Courtroom 15, San Francisco, CA 94102, Defendants Tile, Inc. ("Tile") and Life360, Inc. ("Life360"; together with Tile, the "Tile Defendants") will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Amended Complaint (ECF No. 32). The Tile Defendants seek an order dismissing Plaintiffs' claim. The motion is based upon the notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; and any other matters properly before the Court.

## STATEMENT OF ISSUE TO BE DECIDED

Whether the Complaint should be dismissed under Rule 12(b)(6)?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Shannon Ireland-Gordy's and Stephanie Ireland Gordy's (together, the "Ireland Gordys") claims against the Tile Defendants over a third party's alleged misuse of a Tile Bluetooth tracker to stalk them are fatally flawed. The Ireland Gordys allege this misuse occurred in Texas until they found the Tile tracker at issue in March 2017. As an initial and dispositive matter, ***all*** the Ireland Gordys' claims are therefore time-barred. By their own admission, the Ireland Gordys discovered the alleged misuse almost seven years before they filed this action, long after the statutes of limitation applicable to all their claims had run. Because these facts are clear on the face of the operative complaint, the Ireland Gordys' claims must be dismissed.

The Ireland Gordys' claims fail for still further reasons. To start, each claim is alleged under California law, but because the Ireland Gordys are residents of Texas and all the alleged events giving rise to their claims occurred in Texas, Texas law governs. The Ireland Gordys' California-law claims must be dismissed for this independent reason.

Moreover, even putting aside these issues, the Ireland Gordys' allegations fail to state a claim. For example, under governing Texas law, the Ireland Gordys had to allege a viable alternative design to state a claim for strict liability or negligence. They failed to do so. As another

example, the Ireland Gordys' intrusion upon seclusion claim makes no sense at all as alleged against the Tile Defendants, who never "intentionally intruded" on their privacy.

The Ireland Gordys' claims are years too late, brought under the wrong state's laws, and otherwise defective. The Tile Defendants' motion to dismiss should be granted.

## II.  BACKGROUND

### A.  The Ireland Gordys' Claims Are the Only Claims Currently Before the Court.

The Ireland Gordys filed this action against Tile, Life360, and Amazon.com, Inc. on August 14, 2023. ECF No. 1. On April 26, 2024, Plaintiffs filed the First Amended Complaint, adding two new Plaintiffs: Melissa Broad and Jane Doe. ECF No. 32 ("FAC"). The FAC remains the operative complaint.

On June 7, 2024, the Tile Defendants filed a motion to compel arbitration, as Plaintiffs Doe and Broad assented to Tile's Terms of Service, which included a mandatory arbitration agreement. ECF No. 33. On December 19, 2024, the Court issued an order granting in part and denying in part the Tile Defendants' motion, compelling aspects of Plaintiffs Doe's and Broad's claims to arbitration. ECF No. 65. The Tile Defendants timely filed a notice of appeal of the partial denial of the motion to compel arbitration, which appeal is pending before the Ninth Circuit. ECF No. 70.

As a result of the appeal, the remaining claims of Plaintiffs Doe and Broad are automatically stayed. *See Coinbase v. Bielski*, 599 U.S. 736, 738 (2023). As such, only the Ireland Gordys' claims are currently before the Court.[1]

### B.  The Ireland Gordys Allege Third-Party Misuse in Texas in 2016 and 2017.

Tile is a consumer electronics company behind the innovative "Tile," a Bluetooth-enabled tracker that can be used to keep track of, or help locate, personal belongings. FAC ¶¶ 27-29. For example, a Tile can be attached to a key ring, placed inside a laptop case, or stowed in a suitcase pocket. If the item gets lost, the user can open the Tile app on their smartphone and attempt to locate the Tile, and therefore the item.

---

[1] The Tile Defendants' have also filed a motion to stay the Ireland Gordys' claims pending resolution of the Tile Defendants' appeal but, as such motion will not be resolved by the deadline to answer the FAC, the Tile Defendants file this motion concurrently.

COOLEY LLP
ATTORNEYS AT LAW

The Ireland Gordys—both citizens of Texas, FAC ¶¶ 13, 14—allege that a non-party stalker misused a Tile to track their movements between October 2016 and March 2017.  FAC ¶¶ 79-86. Stephanie Ireland Gordy allegedly located this Tile in her car on March 10, 2017.  *See* FAC ¶¶ 78, 86.  The alleged misuse allegedly occurred in Texas and neither of the Ireland Gordys alleges any subsequent misuse of Tile products after March 2017.  The Ireland Gordys filed the present action over six years later, on August 14, 2023.

The Ireland Gordys bring claims for negligence, strict liability, unjust enrichment, intrusion upon seclusion, and violations of the California Constitutional Right to Privacy, the California Invasion of Privacy Act ("CIPA"), and the California Unfair Competition Law ("UCL").  FAC ¶¶ 170-229.  All these claims are alleged under California law.  *Id.*

### C.    Judge Chhabria Dismissed Many Similar Claims in *Hughes v. Apple.*

Eight months before Plaintiffs' counsel filed the original complaint in this matter, they filed a similar complaint regarding AirTags, location-tracking devices marketed by Apple.  *Hughes v. Apple, Inc.*, 723 F. Supp. 3d 693, 696 (N.D. Cal. 2024).  The plaintiffs in *Hughes*, who also alleged they were stalked, raised similar claims to those at issue here, though brought by individuals with different circumstances and based on a different product.  Judge Chabria ruled on Apple's motions to dismiss, including on March 15, 2024 (*see Hughes v. Apple, Inc.*, 2024 WL 1140998 (N.D. Cal. Mar. 15, 2024) ("*Hughes I*"))[2] and November 18, 2024 (*see Hughes v. Apple, Inc.*, 2024 WL 4828072 (N.D. Cal. Nov. 18, 2024) ("*Hughes II*")), ultimately dismissing most claims for reasons equally applicable here, as discussed further below.

### III.  LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must dismiss claims under Rule 12(b)(6) when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Without supporting

---

[2] In dismissing the plaintiffs' first amended complaint, Judge Chhabria noted that "the pleading errors and inadequacies in the First Amended Complaint raise the question of whether the plaintiffs are prioritizing the claims that best fit the allegations." *Hughes I*, 2024 WL 1140998, at *3.

factual allegations, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not sufficient to save a complaint from dismissal.  *Twombly*, 550 U.S. at 555.

## IV.    ARGUMENT

### A.    All the Ireland Gordys' Claims Are Barred by the Applicable Statutes of Limitation.

The Ireland Gordys' allegations show their claims are unequivocally time-barred.  As discussed above, the Ireland Gordys allege that they discovered that a third party was misusing a Tile to stalk them on March 10, 2017.  FAC ¶ 86.  But the Ireland Gordys waited until August 14, 2023 to initiate this action—six years and five months after allegedly discovering this misuse, and even longer after the alleged misuse allegedly started.  *See* ECF No. 1 (initial complaint, dated August 14, 2023).  The Ireland Gordys' delay of over six years to bring their claims means that all the statutes of limitations applicable to their claims had already run by the time they filed.

The Ireland Gordys allege their claims under California law.  *See* FAC ¶ 24.  As discussed in Section IV.B, *infra*, it is instead Texas law that governs their claims.  Regardless, all applicable statutes of limitation have run under *either* state's law:

| Count | CA Statute of Limitation | TX Statute of Limitation |
|---|---|---|
| **(1) Negligence** | **2 Years.**  *See So v. Shin*, 212 Cal. App. 4th 652, 662 (2013). | **2 Years.**  *See Fabela v. Printz Prop. Mgmt. LLC*, 2023 WL 4239857, at *4 (Tex. Ct. App. June 29, 2023). |
| **(2) Strict Liability** | **2 Years.**  *See Rustico v. Intuitive Surgical, Inc.*, 424 F. Supp. 3d 720, 728 (N.D. Cal. 2019), *aff'd,* 993 F.3d 1085 (9th Cir. 2021). | **2 Years.**  *See Thatcher v. Dargel Boats, Inc.*, 2019 WL 2601819, at *6 (S.D. Tex. Apr. 29, 2019). |
| **(3) Unjust Enrichment** | **2-4 Years.**  *See Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1155 n.1 (N.D. Cal. 2023). | **2 Years.**  *See Stevens v. Ford Motor Co.*, 2023 WL 3695621, at *7 (S.D. Tex. Mar. 30, 2023).[3] |
| **(4) Intrusion Upon Seclusion** | **2 Years.**  *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 624 (N.D. Cal. 2021). | **2 Years.**  *See Ortega v. Young Again Prods., Inc.*, 2012 WL 3046116, at *4 (S.D. Tex. July 25, 2012). |
| **(5) CA Constitution** | **2 Years.**  *See Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 599 (N.D. Cal. 2021). | **N/A** |

---

[3] To the extent this claim is recognized under Texas law at all.  *See* Section IV.C.2, *infra*.

| (6) CIPA | **1 Year.** *See Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). | N/A |
|---|---|---|
| **(7) Negligence Per Se** | **2 Years.** *See Sidorov v. Transamerica Life Ins. Co.*, 832 F. App'x 479, 482 (9th Cir. 2020). | **2 Years.** *See Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp. 3d 515, 524 (S.D. Tex. 2018). |
| **(8/9) UCL** | **4 Years.** *Calhoun*, 526 F. Supp. 3d at 625. | N/A |

Given the alleged discovery of the Tile in 2017, these limitations periods mean that most of the Ireland Gordys' claims were time-barred no later than 2019, and all were time-barred by 2021, at the latest. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971-72 (9th Cir. 2002) ("[t]he statute of limitations began to run when [plaintiff] should first have suspected that defendants' tobacco products had injured him, whether or not he knew of defendants' wrongful conduct"). It is therefore apparent from the face of the FAC that all of Ireland Gordys' claims are prohibited by these statutes of limitation, meaning the claims must be dismissed. *See id.*; *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.").[4]

Attempting to side-step this dispositive defect, Plaintiffs improperly include legal argument in their FAC, asserting in conclusory fashion that "tolling" doctrines apply to their claims. FAC ¶¶ 157-162. But the doctrines Plaintiffs reference, fraudulent concealment and the discovery rule, make no sense here. To start, Plaintiffs never explain how the Tile Defendants "concealed" the facts giving rise to their claims in any way. In fact, the FAC spends pages describing *public* news articles *going back to 2013* that Plaintiffs contend disclosed the alleged defects they premise their claims on. FAC ¶¶ 33-49. These articles were first published over ten years ago and contradict any conclusory allegation of "concealment" in the interim.

Regardless, the Ireland Gordys allege that *they themselves discovered* a Tile was being used

---

[4] The Ireland Gordys allege that, later in 2017, the Tile Defendants would not honor an out-of-state subpoena in connection with a law-enforcement investigation of their alleged stalker. (FAC ¶¶ 99-100, 103.) While these allegations have no bearing on the Ireland Gordys' claims, so cannot be relevant to a statute of limitation analysis, they too concern alleged events that happened more than four years before the Ireland Gordys filed the initial complaint—meaning even if they were relevant they still could not make the claims timely.

1    to stalk them in March 2017.  FAC ¶ 87.  Under both California and Texas laws, once a plaintiff

2    discovers (or even ***suspects***) an alleged injury, no tolling doctrine can apply.  *See*, *e.g.*, *Rustico*, 424

3    F. Supp. 3d at 737 (finding neither "discovery rule" nor "concealment" could toll statutes of

4    limitation once plaintiff had even a "suspicion" of injury); *BP Am. Prod. Co. v. Marshall*, 342

5    S.W.3d 59, 65-66 (Tex. 2011) (explaining tolling only appropriate where an injury is "inherently

6    undiscoverable").  Here, not only ***could*** the Ireland Gordys have discovered the alleged injury in

7    2017, which alone precludes any tolling, they expressly allege that they ***did***, rendering the asserted

8    tolling doctrines indefensible.

9        Because the untimeliness of the Ireland Gordys' claims cannot be cured through

10   amendment, their claims should be dismissed with prejudice.  *See Leadsinger, Inc. v. BMG Music

11   Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts need not permit amendment where "any

12   amendment would be futile").

13       **B.    All the Ireland Gordys' Claims Are Alleged Under the Wrong State's Law.**

14       All the Ireland Gordys' claims fail for an additional reason because they are alleged under

15   California law, but Texas law governs.  The Ireland Gordys do not allege any agreement with the

16   Tile Defendants selecting for California law, and thus the three-step governmental interest test

17   applies to determine which state's law controls.  *See Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp.

18   3d 1240, 1250 (N.D. Cal. 2019).  Under the test, the court looks to whether the relevant laws differ

19   (step one), then, if so, each jurisdiction's interest in application of its own laws under the

20   circumstances (step two), and finally which state's interest would be more impaired if its law was

21   not applied (step three).  *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87–88 (2010).  The Ireland

22   Gordys are residents of Texas, FAC ¶¶ 13, 14, and the alleged misuse and stalking occurred only

23   in Texas.  FAC ¶¶ 13, 14, 78-86.  As discussed below, the governmental interest test therefore

24   results in the application of Texas law, requiring dismissal of the Ireland Gordys' California-law

25   claims.

26       ***First***, "the court determines whether the relevant law of each of the potentially affected

27   jurisdictions with regard to the particular issue in question is the same or different."  *McCann*, 48

28   Cal. 4th at 87.  Here, the elements and standards for each claim alleged differ between Texas's and

California's laws in pertinent ways:

**Negligence (Count I) and Strict Liability (Count II):**  Under Texas law, plaintiffs must plead the existence of a viable alternative design to state a strict liability or negligent design claim. *See Castillo v. Bos. Sci. Corp.*, 2020 WL 5608510, at *4 (S.D. Tex. Sept. 18, 2020) (listing "safer alternative design" as element of strict liability and negligence claims); *Villarreal v. Navistar, Inc.*, 2022 WL 14708977, at *4 (N.D. Tex. Mar. 8, 2022) (dismissing negligence claim for failure to assert the existence of an alternative design).  The Tile Defendants anticipate that Plaintiffs will argue they need not do so under California law (and the FAC does not attempt to meet this Texas standard).  In fact, Judge Chhabria recognized this difference in state laws in dismissing a Texas-based plaintiff's strict liability claim in *Hughes*. *See Hughes II*, 2024 WL 4828072, at *2.[5]

**Unjust enrichment and Intrusion Upon Seclusion (Counts III and IV):**  In applying the governmental interest test in *Hughes*, Judge Chhabria explained that there is "meaningful variation" in state laws governing, among other common law claims, unjust enrichment and intrusion upon seclusion.  *Hughes I*, 2024 WL 1140998, at 1.  Other courts in this district are in accord.  *See*, *e.g.*, *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1122 (N.D. Cal. 2021) (dismissing unjust enrichment claim brought by non-California plaintiffs); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (similar).  In fact, Texas does not clearly recognize unjust enrichment as an independent claim at all.  *See Matter of Okedokun*, 968 F.3d 378, 391 (5th Cir. 2020).

**California-Specific Claims (Counts V, VI, VII, VIII, and IX):**  The Ireland Gordys allege claims under CIPA and the UCL.  These claims are creatures of California statutes and differ from consumer protection claims available in other states in myriad ways.  *Davison v. Kia Motors Am., Inc.*, 2015 WL 3970502, at *2 (C.D. Cal. June 29, 2015) ("courts in this circuit . . . have held that

---

[5] Judge Chhabria found that Apple's short treatment of the issue had not identified sufficient differences between negligence laws for this step of the governmental interest test, but the Tile Defendants specify sufficient differences here that Apple did not identify—namely the requirement in Texas to plead an alternative design and, as discussed further below, the rule under Texas law that the failure to plead a strict-liability product defect claim precludes a negligent design claim. *See* Section IV.C.1, *infra*.

California's consumer protection statutes [including the UCL] are materially different from those in other states"); *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 602 (N.D. Cal. 2015) ("there are material differences between CIPA and the wiretapping statutes of the other 49 states"). Indeed, there are no Texas-law claims that match exactly these causes of action in either the elements or available remedies.[6] The Ireland Gordys also bring a claim under California's Constitution, whereas in Texas a constitutional claim "must allege that the deprivation of her rights was caused by ***state action***." *McPeters v. LexisNexis*, 910 F. Supp. 2d 981, 989 (S.D. Tex. 2012) (emphasis added), *on reconsideration*, 11 F. Supp. 3d 789 (S.D. Tex. 2014). Finally, the Ireland Gordys' negligence *per se* claim is premised on these same California laws and therefore differs from a parallel Texas-law theory of negligence *per se* for the same reasons. *See Hughes I*, 2024 WL 1140998, at *1 (dismissing negligence *per se* claims brought by non-California plaintiffs).

**Second**, if a difference is found, the Court must examine each jurisdiction's interest in the application of its own law under the circumstances of the particular case. *McCann*, 48 Cal. 4th at 87. Texas has a clear interest in seeing its tort and consumer protection laws applied to alleged injuries—like those here—that occurred within its borders. *See Grace v. Apple, Inc.*, 328 F.R.D. 320, 347 (N.D. Cal. 2018); *Gianino*, 846 F. Supp. 2d at 1103 (finding Texas has "a compelling interest in protecting [its] consumers from in-state injuries caused by a California corporation doing business within [its] borders and in delineating the scope of recovery for the consumers under [its] own laws").

**Third**, Texas would be "more impaired" if its law was not applied. *McCann*, 48 Cal. 4th at 81–82. This is because California recognizes that "the place of the wrong has the predominant interest." *Mazza*, 666 F.3d at 593 (citation omitted); *see also Mendoza v. Intuitive Surgical, Inc.*, 2021 WL 1910886, at *1 (N.D. Cal. May 12, 2021) ("[U]nder California's choice-of-law principles, a jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders." (internal quotation and citation omitted)). The Ireland Gordys allege that the place of the

---

[6] For example, Texas consumer protection law requires a plaintiff to send a pre-filing notice to the defendant in order to file a claim and permits the recovery of damages, while the UCL has no such notice requirement and limits the available remedies to equitable or restitutionary relief. *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1100-01 (C.D. Cal. 2012).

1   wrong was Texas, where the events allegedly occurred and they reside.  *See Gianino*, 846 F. Supp.

2   2d at 1103 (explaining that the place of the wrong under consumer protection statutes "is the state

3   where each consumer resides"); *Grace*, 328 F.R.D. at 347 (similar).

4   　　　Texas law thus governs each of the Ireland Gordys' claims.  But, since the Ireland Gordys

5   allege their claims under California law, the claims must be dismissed.  *See Hughes II*, 2024 WL

6   4828072, at *2 (dismissing claims overlapping with those alleged here and brought by out-of-state

7   plaintiffs, but that were improperly alleged under California law).

8   　　　**C.**　　**The Negligence, Strict Liability, Unjust Enrichment, and Intrusion Upon**
       **Seclusion Claims Would Fail Under Texas Law.**
9

10   　　　The Ireland Gordys allege their claims under California law and the claims must be

11   dismissed for that reason without more (even putting aside that they are time-barred).  *See* Section

12   IV.B, *supra*.  But to the extent the Court were to recast and analyze the Ireland Gordys' common

13   law claims as if alleged under Texas law (which it should not, *see Hughes I*, 2024 WL 1140998, at

14   *1 (dismissing claims because plaintiffs failed to provide defendant adequate notice by not alleging

15   applicable law)), dismissal would still be required.

16   　　　**1.**　　**Negligence and Strict Liability (Count I and Count II)**

17   　　　Plaintiffs' strict liability claim fails under Texas law, even putting aside the defects

18   discussed above.  When a plaintiff seeks to hold a defendant strictly liable for an alleged design

19   defect, they must allege, among other things, "a safer alternative design."  Tex. Civ. Prac. & Rem.

20   Code §§ 16.012, 82.005(a); *Adams v. Medtronic, Inc.*, 2022 WL 1024803, at *4 (E.D. Tex. Mar. 3,

21   2022), *report and recommendation adopted*, 2022 WL 970593 (E.D. Tex. Mar. 30, 2022).  That is,

22   "[a] plaintiff cannot overcome a motion to dismiss a design-defect claim with conclusory

23   allegations about dangerousness and poor quality, as design defects 'are not presumed by the mere

24   fact that an accident or injury occurred.'"  *Villarreal v. Navistar, Inc.*, 2022 WL 14708977, at *2

25   (N.D. Tex. Mar. 8, 2022) (citation omitted).  Rather, a strict liability claim will only survive a

26   pleadings challenge if it includes "specific factual allegations describing the purported safer

27   alternative design."  *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 477 (E.D. Tex. 2021).  Nor can

28   this standard be met by allegations of a safer design that amounts to a different product or that is

1    not viable or reasonable.  *See Adams*, 2022 WL 1024803, at \*5; *Brockert v. Wyeth Pharms., Inc.*,

2    287 S.W.3d 760, 770–71 (Tex. Ct. App. 2009) (collecting cases that find "a plaintiff cannot prove

3    that a safer alternative design exists by pointing to a substantially different product, even when the

4    other product has the same general purpose as the allegedly defective product").

5        The Ireland Gordys have not pleaded facts showing any alternative design of the Tile

6    tracker, let alone a safer alternative design that meets these standards,[7] and Texas law requires their

7    claim be dismissed as a result.  *See Villarreal*, 2022 WL 14708977, at \*2 ("A plaintiff cannot

8    overcome a motion to dismiss a design-defect claim with conclusory allegations about

9    dangerousness and poor quality, as design defects 'are not presumed by the mere fact that an

10   accident or injury occurred.'" (citation omitted)).

11       As discussed above, this same standard governs the Ireland Gordys' negligent design claim.

12   In fact, because the Ireland Gordys fail to state a strict-liability design defect claim, under Texas

13   law, their negligence claim necessarily fails as well.  *See Garrett v. Hamilton Standard Controls,*

14   *Inc.*, 850 F.2d 253, 257 (5th Cir. 1988) (holding that rejection of a strict liability claim necessarily

15   constitutes a rejection of at least one essential element of a negligence claim); *Adams*, 2022 WL

16   1024803, at \*4 ("If a court finds the plaintiff fails to state a design defect claim under strict liability,

17   the court need not engage in a negligence analysis of the claim.").[8]

### 2.    Unjust Enrichment (Count III)

19       The Ireland Gordys' unjust enrichment theory fails for three reasons.  ***First***, most courts

20   applying Texas law do not recognize unjust enrichment as a separate cause of action at all.  *See*

21   *Juan Antonio Sanchez, PC v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 440 (S.D. Tex. 2020) ("[U]njust

---

[7] Plaintiffs' criticism of certain features and updates to the Tile (*e.g.*, the anti-theft feature) are not allegations that can be construed as safer alternative designs.  *See Franklin*, 569 F. Supp. 3d at 477-78 (dismissing plaintiff's design defect claim because amended complaint contained no facts regarding an alternative design, but only conclusory statements that "the iPhone battery could have been alternatively designed in a safer manner and that such alternative designs were economically and technologically feasible").

[8] The Ireland Gordys' negligence claim fails under California law as well because the Ireland Gordys do not allege that they purchased a Tile or did anything else that created a relationship where Tile owed them a duty.  Moreover, "[t]ort law does not impose a duty continuously to look over the purchaser's shoulder to ensure he or she is not harming someone with the manufacturer's product."  *In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055, 1066 (N.D. Cal. 2005).

enrichment is not an independent claim for relief but rather a theory of recovery tied to other claims for relief and relevant to damages calculations." (cleaned up)). **Second**, even those that do recognize unjust enrichment as a separate claim find that "if a complaint fails to allege any conduct by the defendant that could be described as fraud, duress, or undue advantage, it fails to state a claim for relief." *Id.* at 441 (cleaned up). The Ireland Gordys have alleged no such conduct here. **Third**, an assertion of unjust enrichment (whether as a cause of action or merely a theory for recovery) requires that the defendant received a benefit "which in equity and good conscience belongs to the plaintiff." *Tex. Carpenters Health Benefit Fund v. Philip Morris, Inc.*, 21 F. Supp. 2d 664, 678 (E.D. Tex. 1998) (citation omitted), *aff'd*, 199 F.3d 788 (5th Cir. 2000). But the Ireland Gordys, who do not allege making any payment or providing any service to the Defendants, do not allege such facts.[9]

### 3.  Intrusion Upon Seclusion (Count IV)

The Ireland Gordys' intrusion upon seclusion claim fails because there is no alleged intentional intrusion **by the Tile Defendants**. *See Doe v. United States*, 83 F. Supp. 2d 833, 840 (S.D. Tex. 2000) (explaining elements of intrusion claim). In attempting to state this claim, the Ireland Gordys conflate the conduct of their alleged third-party stalker with the conduct of the Tile Defendants, but the latter have not intentionally intruded on the Ireland Gordys' seclusion. Courts have considered this issue in the data breach context, when a malicious third party engaged in the arguably intrusive conduct, and found the same. *See, e.g.*, *Linman v. Marten Transp., Ltd.*, 2023 WL 2562712, at *6 (W.D. Wis. Mar. 17, 2023) (dismissing intrusion claim where "it was the hackers, not [defendant], that intruded on [plaintiff's] privacy"); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1225 (S.D. Fla. 2022) (dismissing intrusion claim where defendant did not intentionally divulge plaintiff's personal information, but it was stolen from defendant's computer systems by an unknown person).

---

[9] This claim too fails under California law, which requires a plaintiff "show that they lack an adequate remedy at law," which the Ireland Gordys cannot do, given their other claims. *Hughes II*, 2024 WL 4828072, at *6 (dismissing unjust enrichment claim premised on similar facts with prejudice). Moreover, the Tile Defendants are not "retaining anything at *[p]laintiffs' expense*." *Cross v. Wells Fargo Bank, N.A.*, 2011 WL 6136734, at *3 (C.D. Cal. Dec. 9, 2011).

1    Moreover, as noted above, "to be actionable, the intrusion must be highly offensive—that

2    is, the intrusion must be unreasonable, unjustified, or unwarranted." *Williams v. Google, LLC*,

3    2021 WL 3612300, at *5 (E.D. Tex. July 16, 2021), report and recommendation adopted, 2021 WL

4    3603769 (E.D. Tex. Aug. 13, 2021).  Designing and marketing a Bluetooth tracker—all that the

5    Tile Defendants are alleged to have done—is not highly offensive, regardless of whether the later

6    misuse of the product by a third party was.[10]

7        **D.    The Statutory and Constitutional Claims Fail for Further Reasons.**

8        Because California law does not govern, Plaintiffs cannot bring claims under California

9    statutes and the California Constitution at all.  *See* Section IV.B, *supra*.  Nor can the Court decide

10   to analyze these claims under Texas law, since they are unique to California.  While the Court need

11   not (and should not) reach the issue, the Tile Defendants note here that these claims would still fail,

12   even if analyzed under California law.

13       **1.    California Constitutional Right to Privacy (Count V)**

14       The analysis of claims under the California constitutional right to privacy and intrusion

15   upon seclusion is "effectively identical." *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185,

16   196 (N.D. Cal. 2019).  Accordingly, the Ireland Gordys' California constitutional privacy claim

17   should be dismissed for the same reasons as their intrusion upon seclusion claim should be.  *See* n.

18   10, *supra*.  Furthermore, the Ireland Gordys fail to establish a violation of a legally protected

19   privacy interest.  *In re Google Location Hist. Litig.*, 428 F. Supp. 3d at 199 (dismissing privacy

20   claims for plaintiffs' failure to provide specific factual allegations about the nature of the

21   geolocation data collected).  Allowing such conclusory and speculative pleading to survive a Rule

22   12(b)(6) motion to dismiss would obliterate the "high bar" set for establishing an invasion of

23

---

24   [10] As with the other claims discussed above, this claim would fail under California law as well because there is no allegation that the Tile Defendants intruded into a private place or acted in a

25   highly offensive manner. *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d at 199 (allegation that "Defendant *could have* determined [plaintiff's] precise geolocation movements" too conclusory to support intrusion upon seclusion claim); *Folgelstrom v. Lamps Plus, Inc.*, 195

26   Cal.App.4th 986, 993 (2011) (dismissing intrusion upon claim because plaintiff did not allege defendant used plaintiff's address for an offensive or improper purpose).  Moreover, disclosure of

27   "personal data[] and geolocation information" from a plaintiff's device, "[e]ven assuming this information was transmitted [to third parties] without Plaintiffs' knowledge and consent . . . does

28   not constitute an egregious breach of social norms." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012).

privacy claim. *Id.* (quoting *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014)).

## 2.    California's Invasion of Privacy Act (Count VI)

Judge Chhabria dismissed a nearly identical CIPA claim alleged against Apple regarding its AirTags because the (California) plaintiffs did not allege that the defendants used AirTags to "determine the location or movement of a person," as required under the relevant statute. *Hughes I*, 2024 WL 1140998, at *1; *see also Moreno v. S.F. Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *4 (N.D. Cal. Dec. 14, 2017) (plaintiff did not plausibly allege that the BART app "determines Plaintiff's location or movement" as opposed to "some anonymous clientid that is not matched to any particular person"). Similarly, the CIPA claim here fails not only because the Ireland Gordys cannot bring this California claim, but also because the Ireland Gordys have not alleged that the Tile Defendants use Tiles to "determine the location or movement of a person." The Ireland Gordys allege only that "Defendants have knowingly introduced into the stream of commerce a standalone device whose sole purpose is to locate whatever it is affixed to." FAC ¶ 209. That is, the Complaint does not allege the Tile Defendants can tie the "locations or the movements" of Tiles to any discreet "person"—only the third party misusing the Tile could even theoretically do so. *See* FAC ¶ 108 (images stating "Your ***Tile*** has been found!" and "Your Your [sic] ***Tiled Item*** was just found at the location below") (emphasis added).

Further, CIPA's use of "'attach' requires some affirmative act by the wrongdoer. . . . Simply associating [] a 'moveable object' with an 'electronic tracking device' is insufficient." *In re Google Location History Litig.*, 428 F. Supp. 3d at 195.[11] But there is no allegation that the Tile Defendants "attached" any Tiles to the Ireland Gordys (*i.e.*, by placing the Tile in their car). Rather, the Ireland Gordys' alleged stalker is alleged to have done so. But because the Tile Defendants are not alleged to have "attached" a Tile to anything, they cannot be liable under CIPA. *Id.*

---

[11] CIPA prohibits the use of an "electronic tracking device to determine the location or movement of a person." Cal. Penal Code § 637.7(a). "Electronic tracking device" is in turn defined as "any device ***attached*** to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals." Cal. Penal Code § 637.7(d) (emphasis added). But as discussed above, "attached" requires an affirmative action not alleged here.

1

### 3.    Negligence *Per Se* (Count VII)

2    The Ireland Gordys' negligence *per se* claim fails for three reasons.  ***First***, the negligence

3    *per se* claim is predicated on California-law claims, which do not govern and therefore cannot

4    support the claim.  *See* Section IV.B, *supra*.  ***Second***, even if these non-California plaintiffs could

5    rely on California statutes, they do not plead a predicate violation of the statutes:  The Ireland

6    Gordys' negligence *per se* claim is based on alleged violations of the UCL, CIPA, and California's

7    constitutional right to privacy, theories of violation that all fail for the reasons discussed in Section

8    IV. D.1-2, *supra*, and Section IV. D.4, *infra*.  ***Third***, and regardless, negligence *per se* is not an

9    independent claim under Texas **or** California law.  *See Zavala v. Trujillo*, 883 S.W.2d 242, 246

10    (Tex. Ct. App. 1994), *writ denied* (Nov. 3, 1994) ("Negligence *per se* is not a cause of action

11    separate and independent from a common-law negligence cause of action"); *see Jones v. Awad*, 39

12    Cal. App. 5th 1200, 1210 (2019) ("Negligence *per se* is an evidentiary doctrine, rather than an

13    independent cause of action.").

14

### 4.    California's Unfair Competition Law (Counts VIII and IX)

15    The Ireland Gordys' UCL claims (alleged under the unfair and unlawful prongs) fail for at

16    least two reasons.  ***First***, and regardless of the outcome of the governmental interest test, the UCL

17    cannot be applied extraterritorially.  *See Churchill Village, L.L.C. v. Gen. Elec. Co.*, 169 F. Supp.

18    2d 1119, 1126 (N.D. Cal. 2000) ("California law embodies a presumption against the

19    extraterritorial application of its statutes.").  But the Ireland Gordys attempt to bring a UCL claim

20    in connection with events occurring in Texas, *see* Section IV.B, *supra*, rendering the claim

21    defective.[12]

22    ***Second***, and more generally, the FAC's bare recitation of the elements of a UCL claim is

23    insufficient to state one.  *See* FAC ¶¶ 223-225; *Lusinyan v. Bank of Am., N.A.*, 2015 WL 12803453,

24    at *2 (C.D. Cal. Sept. 15, 2015) (dismissing UCL claim where plaintiff did not allege facts showing

25    the consumer injury is substantial, not outweighed by countervailing consumer benefits, and could

26    not have been reasonably avoided).  The Ireland Gordys have not alleged an unlawful-prong UCL

27

28

---

[12]  The Tile Defendants recognize that while Judge Chhabria questioned the extraterritorial application of the UCL in *Hughes I*, he ultimately allowed the claim to be brought by non-California plaintiffs in *Hughes II*.  The Tile Defendants respectfully disagree with this holding.

claim because none of the laws they rely on were violated.  *See* Sections IV.C.1-2, *supra*; *see also* *O'Connor v. Uber Techs., Inc.*, 2013 WL 6354534, at *16 (N.D. Cal. Dec. 5, 2013) ("[A]s a derivative claim, the UCL claim should be dismissed where its predicate claims have been dismissed."); *Singh v. Wells Fargo Bank, N.A.*, 2009 WL 2365881, at *5 (N.D. Cal. July 30, 2009) (dismissing UCL claim because plaintiff failed to show the defendant committed any underlying violation of law).

Nor have the Ireland Gordys alleged that Tiles are an "unfair" practice.  As an initial matter, an unfair-prong claim must be "tethered" to some specific "constitutional, statutory, or regulatory provisions."  *See Fisher v. Nationstar Mortg. LLC*, 2018 WL 1933300, at *5 (N.D. Cal. Apr. 24, 2018) (dismissing UCL claim where the complaint "contains no factual allegations that show how [defendant] . . . violated California's public policy").  The Ireland Gordys fail to tether their claims in this way and fail to identify a California public policy against Bluetooth trackers.  More generally, the Ireland Gordys do not allege facts showing that the design or sale of Bluetooth trackers, which provide useful functionality when used as intended, can constitute an "unfair" practice merely because one or more unaffiliated third parties misuse them.  For example, alleging that baseball bats and video cameras can be misused obviously does not render the design or sale of either an "unfair" practice in violation of the UCL.

### E.    The Ireland Gordys' Claims Against Life360 Fail.

The Ireland Gordys allege claims against both Tile and Life360.  But the FAC explains that Life360 only acquired Tile in 2021, FAC ¶ 18, *after* all the conduct and events the Ireland Gordys allege and premise their claims on.  Nor do the Ireland Gordys allege any other facts that would make a claim against Life360 for events occurring in 2016 and 2017 coherent.  The claims, as alleged against Life360, should be dismissed for this still further reason.

### V.    CONCLUSION

For the reasons above, this Court should dismiss the FAC and all claims within it.  Because the Ireland Gordys' claims are unambiguously barred by the applicable statutes of limitation, whether California or Texas law applies, they should be dismissed with prejudice.

COOLEY LLP
ATTORNEYS AT LAW

1    Dated: February 14, 2025                    COOLEY LLP

2

3                                                By: /s/ *Jeffrey M. Gutkin*
                                                     Jeffrey M. Gutkin
4
                                                 Attorneys for Defendant
5                                                TILE, INC. and LIFE360, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW

TILE DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
3:23-CV-04119-RFL