Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
Ellie F. Chapman, Bar No. 305473
EChapman@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

Attorneys for Defendant
AMAZON.COM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 3:23-CV-04119-RFL

**DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

Date: April 29, 2025
Time: 10:00 a.m.
Location: Courtroom 15 – 18th Floor
Judge: Hon. Rita F. Lin

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 29, 2025, at 10:00 a.m. or as soon thereafter as this Motion may be heard in the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, in Courtroom 15 - 18th Floor, defendant Amazon.com, Inc. ("Amazon"), by and through its counsel of record, will and hereby does move the Court for an order dismissing Plaintiffs Shannon and Stephanie Ireland-Gordy's claims in the Amended Class Action Complaint (Dkt. 32, the "FAC") for lack of Article III standing under Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to state a claim under Rule 12(b)(6).

On February 12, 2025, Amazon moved for a discretionary stay of Plaintiffs Jane Doe and Melissa Broad's claims as to Amazon, because their claims are already stayed as to Defendants Tile, Inc. and Life360, Inc. (together, "Tile"), and allowing such claims to proceed against Amazon (while those same claims as to Tile are stayed) would be inefficient and create a substantial risk of prejudice to Defendants. *See* Dkt. 76.[1] In the event that the Court declines to stay those claims as to Amazon, Amazon also moves the Court for an order dismissing Plaintiffs Doe and Broad's claims in the FAC with prejudice for lack of Article III standing under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6), and further reserves the right to submit supplemental briefing as to those claims.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the Declaration of David Derrick in Support of Defendant Amazon's Motion to Dismiss the FAC ("Derrick Decl."), Tile's Notice of Motion and Motion, the Memorandum of Points and Authorities therein and any supporting declarations and/or exhibits, the pleadings and papers on file in this action and all related cases, any argument and evidence to be presented at the hearing on this Motion, and any other matters that may properly come before

[1] Amazon also joined Tile in requesting a discretionary stay of Plaintiffs Shannon and Stephanie Ireland-Gordy's claims against all Defendants during the pendency of Tile's appeal, because of the similar legal and factual issues involved in all of the Plaintiffs' claims, which could lead to judicial inefficiency and prejudice to Defendants, including due to the risk of inconsistent factual or legal findings in any parallel arbitration involving Ms. Broad and Ms. Doe's claims as to Tile. *See* Dkts. 75, 76.

the Court.

Dated: February 14, 2025

**PERKINS COIE LLP**

By: *s/ Charles C. Sipos*
Charles C. Sipos, Bar No. 348801
Julie L. Hussey, Bar No. 237711
Ellie F. Chapman, Bar No. 305473

Attorneys for Defendant
AMAZON.COM, INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1
II. STATEMENT OF ISSUES TO BE DECIDED ..... 2
III. BACKGROUND ..... 3
A. The Amazon Sidewalk Network ..... 3
B. Summary of Plaintiffs' Allegations ..... 3
C. Procedural History ..... 4
IV. LEGAL STANDARD ..... 5
V. ARGUMENT ..... 6
A. Plaintiffs Have Not Established Article III Standing (Counts I-IX). ..... 6
B. Amazon's Alleged Involvement is Too Attenuated to Give Rise to Liability (Counts I-II, IV-V, VII-IX). ..... 8
C. Plaintiffs' Product Liability and CIPA Claims Also Fail as to Amazon Because the Sidewalk Network is a Service—not a Product or Device (Counts II, VI). ..... 11
D. If Amazon's Request for a Discretionary Stay as to Plaintiff Doe and Broad's Claims is Denied, Those Claims Fail for Similar Reasons. ..... 12
VI. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106 (Tex. 2009) ..... 8

*Ames v. Ford Motor Co.*, 299 F. Supp. 2d 678 (S.D. Tex. 2003) ..... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 6

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ..... 5

*Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017) ..... 7

*Black + Vernooy Architects v. Smith*, 346 S.W.3d 877 (Tex. App. 2011) ..... 10

*Bostic v. Ga.-Pac. Corp.*, 439 S.W.3d 332 (Tex. 2014) ..... 11

*Brooks v. Knapheide Mfg. Co.*, 707 F. Supp. 3d 680 (E.D. Tex. 2023) ..... 11

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ..... 7

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) ..... 1

*Coleman v. Equitable Real Est. Inv. Mgmt., Inc.*, 971 S.W.2d 611 (Tex. App. 1998) ..... 10

*Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894 (N.D. Cal. 2020) ..... 14

*Cowart v. Kmart Corp.*, 20 S.W.3d 779 (Tex. App. 2000) ..... 9

*Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472 (Tex. 1995) ..... 7

*Earth Island Inst. v. Wheeler*, 464 F. Supp. 3d 1138 (N.D. Cal. 2020) ..... 5

*Fresh Coat, Inc. v. K-2, Inc.*,
318 S.W.3d 893 (Tex. 2010) ........ 11

*Glass v. Paxton*,
No. 1:16-CV-845-LY, 2017 WL 4506806 (W.D. Tex. July 6, 2017) ........ 7

*Heldenfels Bros. v. Corpus Christi*,
832 S.W.2d 39 (Tex. 1992) ........ 10

*HomeLight, Inc. v. Shkipin*,
721 F. Supp. 3d 1019 (N.D. Cal. 2024) ........ 9

*Hughes v. Apple, Inc.*,
No. 22-CV-07668-VC, 2024 WL 1140998 (N.D. Cal. Mar. 15, 2024) ........ 7, 8, 9, 12

*Hughes v. Apple, Inc.*,
No. 22-CV-07668-VC, 2024 WL 4828072 (N.D. Cal. Nov. 18, 2024) ........ 7

*IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*,
143 S.W.3d 794 (Tex. 2004) ........ 8

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ........ 11, 12

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
45 F. Supp. 3d 14 (D.D.C. 2014) ........ 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. C 09-4997 SI, 2010 WL 2609434 (N.D. Cal. June 28, 2010) ........ 14

*In re Zappos.com, Inc.*,
888 F.3d 1020 (9th Cir. 2018) ........ 6

*Kwikset Corp. v. Super. Ct.*,
51 Cal. 4th 310 (2011) ........ 9

*Lear Siegler, Inc. v. Perez*,
819 S.W.2d 470 (Tex. 1991) ........ 9, 10

*Lewis v. Google LLC*,
851 F. App'x 723 (9th Cir. 2021) ........ 6

*Linman v. Marten Transp., Ltd.*,
No. 22-cv-204-jdp, 2023 WL 2562712 (W.D. Wis. Mar. 17, 2023) ........ 12

*Meador v. Apple, Inc.*,
911 F.3d 260 (5th Cir. 2018) ........ 8

*Mollaei v. Otonomo Inc.*,
No. 22-CV-02854-TLT, 2023 WL 5162402 (N.D. Cal. July 18, 2023) ........ 12

*Moreno v. S.F. Bay Area Rapid Transit Dist.*,
No. 17-CV-02911-JSC, 2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) .................................. 11

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) .................................................................................. 13

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004)................................................................................................. 5

*Savage v. Glendale Union High Sch. Dist. No. 205*,
343 F.3d 1036 (9th Cir. 2003)................................................................................................. 5

*Schmier v. U.S. Ct. of Appeals*,
279 F.3d 817 (9th Cir. 2002)................................................................................................... 6

*Sells v. Six Flags Over Tex., Inc.*,
No. 3:96-CV-1574-D, 1997 WL 527320 (N.D. Tex. Aug. 14, 1997) ..................................... 11

*St. Clair v. City of Chico*,
880 F.2d 199 (9th Cir. 1989)................................................................................................... 5

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) .......................................................................................................... 14

*Tidenberg v. Bidz.com, Inc.*,
No. CV 08 5553 PSG (FMOx), 2009 WL 605249 (C.D. Cal. Mar. 4, 2009).......................... 13

*Union Pump Co. v. Allbritton*,
898 S.W.2d 773 (Tex. 1995)............................................................................................. 8, 10

*Urban v. Tesla, Inc.*,
698 F. Supp. 3d 1124 (N.D. Cal. 2023) .................................................................................. 13

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000)................................................................................................. 5

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) .................................................................................. 14

*Wolfe v. Strankman*,
392 F.3d 358 (9th Cir. 2004)................................................................................................... 5

*Women's Student Union v. U.S. Dep't of Educ.*,
No. 21-cv-01626-EMC, 2021 WL 3932000 (N.D. Cal. Sept. 2, 2021) ..................................... 6

*Yockey v. Salesforce, Inc.*,
No. 22-CV-09067-JST, 2024 WL 3875785 (N.D. Cal. Aug. 16, 2024).................................. 14

**Statutes**

California Business and Professional Code § 17200 ............................................... 4, 8, 9, 13, 14

California Penal Code § 637.7 .......... 2, 4, 11, 12

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .......... 5, 6

Federal Rule of Civil Procedure 12(b)(6) .......... 5, 6, 8

**Other Authorities**

Restatement (Second) of Torts § 431 (Am. L. Inst. 1965).......... 10

Restatement (Third) of Torts: Products Liability § 19 (Am. L. Inst. 1998).......... 11

## I. INTRODUCTION

Plaintiffs Shannon and Stephanie Ireland-Gordy's ("Ireland-Gordy Plaintiffs" or "Plaintiffs") claims against Amazon should be dismissed because they are a misplaced effort to hold Amazon legally responsible for third parties' intentional misuse of Tile tracker devices, activities in which Amazon played no role whatsoever.[2]

The third parties whom Plaintiffs claim stalked them are not defendants in this lawsuit. Instead, Plaintiffs sued Tile, the manufacturer of the Tile tracking device, and Amazon for its provision of the Sidewalk network, a "tracking network based on Wi-Fi and Bluetooth technology" (Dkt. 32 ¶ 31) that "expanded the reach and efficacy of the Tile tracker." *Id.* ¶ 10. However, the law does not recognize any of Plaintiffs' theories for holding Amazon legally responsible for any stalking they allegedly experienced at the hands of third parties. In fact, their claims fail as a matter of law against all Defendants for several independent reasons.[3] But Plaintiffs' theories are particularly deficient as to Amazon.

First, it is undisputed that the Amazon Sidewalk network was in no way involved in the Ireland-Gordy Plaintiffs' stalking via Tile trackers, because the stalking occurred in 2016-2017. Yet, the FAC itself admits that the Amazon Sidewalk network did not allow operability with Tile devices until 2021. So, by their own admission, it is impossible for Plaintiffs to establish any connection between their claimed harms and the operability of the Sidewalk network. Thus, Plaintiffs have alleged no injury-in-fact "fairly traceable" to Amazon, nor have they pointed to any damages proximately caused by Amazon. This is an insurmountable ground for dismissal, and the

---

[2] This Motion to Dismiss focuses on the Ireland-Gordy Plaintiffs' claims because Plaintiffs Jane Doe and Melissa Broad's claims against Tile have either been moved to arbitration or are subject to an automatic stay pending Tile's appeal of the Order denying its Motion to Compel Arbitration. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). On February 12, 2025, Amazon moved for a discretionary stay of Ms. Doe and Ms. Broad's claims against Amazon, as it makes no sense to litigate their claims against Amazon while those same claims against Tile are stayed—particularly given that any potential liability as to Amazon is entirely derivative of, and thus depends on, Tile's potential liability in this lawsuit. *See* Dkt. 76. In the event the discretionary stay is denied, Amazon reserves the right to submit supplemental briefing regarding Ms. Doe and Ms. Broad's claims, as Amazon has standing and merits-based arguments similar to those asserted against the Ireland-Gordy Plaintiffs in both this Motion and Tile's Motion to Dismiss the FAC, which foreclose their claims. *See infra* Section (V)(D).

[3] Amazon incorporates by reference all of the arguments made in Tile's Motion to Dismiss the FAC, which also doom the Ireland-Gordy Plaintiffs' claims against Amazon.

Court can and should dismiss on this basis alone.

Second, even if this obvious temporal problem did not exist, Amazon's provision of the Sidewalk network is far too attenuated from the alleged injury to give rise to liability. It is established law that the intervening criminal acts of third parties are sufficient to break the causal chain. But here, Amazon's involvement is even more attenuated than Tile's: Plaintiffs do not allege that Amazon manufactured or sold the devices at issue. In fact, the only allegation related to Amazon is that the Amazon Sidewalk network "expanded the reach and efficacy of the Tile tracker." *Id.* ¶ 10. This alleged "connection" to Plaintiffs' injuries is simply too remote to support liability of any kind.

Third, Plaintiffs' product liability and California Invasion of Privacy Act ("CIPA") claims are particularly deficient with respect to Amazon because the Amazon Sidewalk network is neither a "product" within the meaning of product liability law, nor a "device" under California Penal Code § 637.7. It is a service. Amazon cannot be held liable under product liability law for a product it did not manufacture, nor under California Penal Code § 637.7 for a device it neither controlled or owned, did not attach to Plaintiffs' vehicle, and did not use to "determine the location or movement" of any person.

Accordingly, Amazon respectfully requests that the Court dismiss the Ireland-Gordy Plaintiffs' claims.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs have Article III standing to assert claims against Amazon;
2. If Plaintiffs have Article III standing:
   a. Whether Amazon Sidewalk proximately caused Plaintiffs' alleged injuries;
   b. Whether Amazon Sidewalk constitutes a "product" within the meaning of product liability law; and
   c. Whether Amazon Sidewalk constitutes an "electronic tracking device" as defined in California Penal Code § 637.7.
3. If Amazon's Request for a Discretionary Stay is Denied as to Plaintiffs Broad and Doe:

a. Whether Ms. Broad and Doe's claims fail for the above-described reasons; and

b. Whether Ms. Broad's claims separately fail because she, a Canadian citizen, has alleged no basis to bring her claims under California law or avail herself of California statutes.

## III. BACKGROUND

### A. The Amazon Sidewalk Network

Amazon Sidewalk is a shared, low-bandwidth network that helps devices connect to the internet. Dkt. 32 ¶ 65. It launched in June 2021 and works by having users contribute a small portion of their internet bandwidth via Amazon Echo and Ring devices (called Sidewalk Bridges) which gets pooled together to create a shared network for Sidewalk-enabled devices. *Id.*; Derrick Decl. ¶ 4. Participation in the Amazon Sidewalk network is optional, and users can opt in or out of Sidewalk functionality for their devices at any time. *Id.* ¶ 5. The reach of the Sidewalk network depends on the number of participating users in any given area. *Id.* As a result, Sidewalk coverage varies by location, and it may not be available in certain areas depending on the number of participating Sidewalk Bridge devices. *Id.* Amazon Sidewalk is only available in the United States. *Id.* ¶ 6.

### B. Summary of Plaintiffs' Allegations

Plaintiffs Shannon and Stephanie Ireland-Gordy allege that they were personally tracked without their consent by Stephanie Ireland Gordy's ex-girlfriend in or around Houston, Texas from approximately October 2016 through July 2017. *See* Dkt. 32 ¶¶ 78-94. Plaintiffs allege that their stalking was conducted in part through a Tile tracker, a physical device which may be "attache[d] to objects for location purposes." *Id.* ¶ 27. The FAC's only allegation with respect to Amazon is that Tile partnered with the Amazon Sidewalk network in 2021 which "expanded the reach and efficacy of the Tile tracker." *Id.* ¶ 10. Notably, Plaintiffs do not allege that the Tile used to stalk them was connected to the Amazon Sidewalk network, or that the Sidewalk network otherwise played a role in their stalking.

Based on the above facts, Plaintiffs allege the following claims against all Defendants: (1) Negligence; (2) Strict Liability-Design Defect (Risk-Benefit Test); (3) Unjust Enrichment; (4)

Intrusion Upon Seclusion; (5) Violations of California's Constitutional Right to Privacy; (6) Violations of CIPA, California Penal Code § 630 *et seq.*; (7) Negligence *Per Se*; (8) Violations of California's Unfair Competition Law ("UCL"), California Business and Professional Code § 17200, *et seq*. – Unlawful Prong; and (9) Violations of UCL, California Business and Professional Code § 17200, *et seq*. – Unfair Prong. *See id.* ¶¶ 170-229.

Plaintiffs purport to bring these claims on behalf of the following classes: (1) the Stalked Class which includes all persons who were tracked, without consent, by a Tile tracker; and (2) the At-Risk-Of-Stalking Class which includes all persons who risk being tracked, without consent, by a Tile tracker. *Id.* ¶ 165.

Plaintiffs seek relief in the form of: (1) judgment in favor of Plaintiffs on all causes of action; (2) judgement in favor of Plaintiffs for all injunctive, declaratory, and other equitable relief sought, including but not limited to an order enjoining Defendants from further unlawful, unfair and/or fraudulent practices with respect to the design, manufacture, and release into the market of Tile trackers; (3) an award of actual, nominal, statutory, and/or punitive damages in an amount to be determined at trial; (4) reasonable attorneys' fees and litigation costs pursuant to California Code of Civil Procedure § 1021.5; and (5) all other relief as may be appropriate.

**C. Procedural History**

Plaintiffs filed their original Complaint on August 14, 2023 (Dkt. 1), after which the parties engaged in private mediation, which was unsuccessful. Plaintiffs filed their Amended Complaint on April 26, 2024 (Dkt. 32). On June 7, 2024, Defendants moved to compel arbitration and stay the case. The Court issued an Order on December 19, 2024, granting in part and denying in part the motion to compel arbitration and stay the proceedings. In particular, the Court granted the stay as to Ms. Broad and Ms. Doe's claims against Tile based on their own Tile accounts (because it was "uncontested that Plaintiffs are bound by the arbitration provisions in the January 2021 and February 2023 Terms" and "Plaintiffs have not shown that the arbitration agreement is unconscionable"), but denied the stay as to the claims against Tile based on Plaintiffs' stalkers' Tile accounts because "the arbitration agreement is unenforceable under California law to the extent it compels arbitration of claims regarding the use of Tile's products or services by third

parties." *See* Dkt. 65, at 1-2, 10, 15, 19. All of the non-arbitrable claims, including all of Plaintiffs' claims against Amazon, were allowed to proceed to litigation. *Id.* at 22-23. On January 17, 2025, Tile filed a Notice of Appeal regarding the December 19 Order, and on February 7, 2025, the Defendants moved to stay the non-arbitrable claims pending that appeal.

## IV. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the plaintiff's showing of subject matter jurisdiction. The party invoking federal court jurisdiction bears the burden of establishing that the court has the authority to grant the relief requested. *Earth Island Inst. v. Wheeler*, 464 F. Supp. 3d 1138, 1141 (N.D. Cal. 2020). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint, and the challenger asserts that those allegations are insufficient "on their face" to invoke federal jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citation omitted), *overruled on other grounds by Munoz v. Super. Ct.*, 91 F.4th 977 (9th Cir. 2024). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve factual attacks, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (same). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Rule 12(b)(6) motion tests the legal adequacy of a complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted).

## V. ARGUMENT

### A. Plaintiffs Have Not Established Article III Standing (Counts I-IX).

Plaintiffs' claims fail for lack of Article III standing because they do not allege that Amazon in any way caused their injuries. To avoid dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) at the pleading stage, a plaintiff must "clearly . . . alleg[e] facts demonstrating each element" of Article III standing, namely, "injury-in-fact, causation, and redressability." *Women's Student Union v. U.S. Dep't of Educ.*, No. 21-cv-01626-EMC, 2021 WL 3932000, at *4 (N.D. Cal. Sept. 2, 2021) (internal quotation marks and citations omitted). The "causation" element of Article III standing requires that the alleged injury-in-fact is "fairly traceable to the challenged actions of the defendant." *Lewis v. Google LLC*, 851 F. App'x 723, 723 (9th Cir. 2021).

Here, Plaintiffs' *only* allegation to support liability against Amazon is its provision of the Sidewalk network, which they contend makes the Tile device more effective. *See* Dkt. 32 ¶ 10 ("Amazon Sidewalk network . . . expanded the reach and efficacy of the Tile tracker."). The fatal defect, however, is that Plaintiffs do not, and cannot, allege that the Tile devices used to stalk them were connected to the Sidewalk network. This is because, as the FAC makes clear, the Sidewalk network did not support Tile devices during the time period in which Plaintiffs were allegedly stalked. That stalking occurred in 2016-2017, yet the Sidewalk network did not partner with Tile until 2021. *Id.* ¶¶ 31, 78-94. Thus, the Tile tracker used to track Plaintiffs was not, and could not have been, connected to the Sidewalk network.

Further, Plaintiffs' "at-risk-of-stalking" theory does nothing to remedy their Article III standing problem because it is entirely speculative. A plaintiff alleging threatened future injury must show that such injury is "certainly impending," as opposed to merely possible. *In re Zappos.com, Inc.*, 888 F.3d 1020, 1026 (9th Cir. 2018). "[H]ypothetical, speculative, or other 'possible future' injuries do not count in the standings calculus." *Schmier v. U.S. Ct. of Appeals*, 279 F.3d 817, 821 (9th Cir. 2002). Courts are particularly reluctant to grant standing where, as

here, "the alleged future injury depends on the actions of an independent third party." *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 25 (D.D.C. 2014) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (expressing "our usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors")); *Glass v. Paxton*, No. 1:16-CV-845-LY, 2017 WL 4506806, at *3 (W.D. Tex. July 6, 2017) (declining to grant standing where the alleged future injury was based on the "fear of the possibility of illegal activity by persons not joined in this lawsuit"), *aff'd*, 900 F.3d 233 (5th Cir. 2018).

It is entirely speculative that Plaintiffs will be stalked by a third party in the future at all—much less that they will be stalked in the exact same way (e.g., via a Tile tracker or other device, allegedly connected to the Amazon Sidewalk network). The only non-conclusory allegations in the FAC supporting the possibility of future stalking are the generalized statistics about how likely people are to experience stalking at one point in their lifetime. *See* Dkt. 32 ¶ 1 (asserting that "one in three women and one in six men experience stalking at some point in their lifetime"); *id.* ¶ 70 ("one in six women and one in 17 men are stalking survivors"). It is "obvious" that this is not sufficient to meet Article III. *See, e.g.*, *Hughes v. Apple, Inc.*, No. 22-CV-07668-VC, 2024 WL 4828072, at *6 (N.D. Cal. Nov. 18, 2024) (noting, when evaluating similar claims premised on stalking accomplished using the Apple Airtag, that it is "obvious" that plaintiffs' "risk of future stalking" theory failed because they "ha[d] no more than a speculative chance at being harmed in the future").[4]

Plaintiffs' failure to allege that their injuries are "fairly traceable" to the Sidewalk network establishes that they have no Article III standing to assert claims against Amazon.[5] Their claims

---

[4] If anything, the FAC's statistics makes clear that the majority of people will not experience stalking at some point in their life; thus, such harm cannot be accurately described as "certainly impending." *See, e.g.*, *Beck v. McDonald*, 848 F.3d 262, 275–76 (4th Cir. 2017) ("Even if we credit the Plaintiffs' allegation that 33% of those affected by Dorn VAMC data breaches will become victims of identity theft, it follows that over 66% of veterans affected will suffer no harm. This statistic falls far short of establishing a 'substantial risk' of harm.").

[5] It also dooms their claims against Amazon on the merits at Rule 12 because Plaintiffs cannot show any injury proximately caused by Amazon on the facts alleged. *See supra* Section V.B; *see also, e.g.*, *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 476 (Tex. 1995) (affirming summary judgment on plaintiffs' negligence action for failure to establish that defendant proximately caused their injuries); *see also, e.g.*, *Hughes v. Apple, Inc.*, No. 22-CV-

should be dismissed.

**B. Amazon's Alleged Involvement is Too Attenuated to Give Rise to Liability (Counts I-II, IV-V, VII-IX).**

Even if Plaintiffs could plausibly allege that the Sidewalk network was involved in their stalking (they can't), and that any future stalking was certainly impending (it isn't), Plaintiffs' claims would still fail against Amazon under Rule 12 because Amazon's alleged involvement is simply too attenuated from Plaintiffs' injuries to give rise to liability.

To state their tort claims, Plaintiffs must plausibly allege that Amazon's conduct proximately caused, or was the producing cause of, their injuries. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) ("Negligence and products liability claims both require proof of causation.").[6] "Negligence requires a showing of proximate cause, while producing cause is the test in strict liability." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007). "Proximate cause has two elements: cause in fact and foreseeability." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009). "'Producing cause' has the same meaning as cause in fact, with no showing of foreseeability required." *Meador*, 911 F.3d at 264. In order for a defendant's conduct to be a cause in fact of the plaintiff's injuries, it must be a substantial factor in bringing about the alleged harm. *Akin*, 299 S.W.3d at 122. In other words, it must do more than merely "furnish a condition which makes the injuries possible." *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). Otherwise, the defendant's conduct would likely be "too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *Id.* Likewise, to establish statutory standing,

07668-VC, 2024 WL 1140998, at *2 (N.D. Cal. Mar. 15, 2024) (dismissing UCL claims for lack of statutory standing where the alleged "loss of money or property" plaintiff sustained was not caused by defendant's conduct).

[6] As referenced above (*see supra* note 3), Amazon incorporates by reference the arguments in Tile's Motion to Dismiss the FAC, including Tile's position that Texas law governs the Ireland-Gordy Plaintiffs' claims. *See* Tile Motion to Dismiss the FAC. Nothing in this Motion should be construed as waiving any such arguments. Thus, consistent with Tile's Motion, this Motion generally cites to Texas and Fifth Circuit law in supporting its claim-specific arguments as to the Ireland-Gordy Plaintiffs' claims—while noting that the arguments in this separate Motion apply in equal force under either California or Texas law, and thus do not materially rely on any choice-of-law analysis.

Plaintiffs' UCL claims require that Plaintiffs show a "causal connection" between Amazon's conduct and their alleged "loss of money or property." *See, e.g.*, *HomeLight, Inc. v. Shkipin*, 721 F. Supp. 3d 1019, 1024 (N.D. Cal. 2024) (stating that in the UCL, "[t]he phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection" (quoting *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011))); *Hughes v. Apple, Inc.*, No. 22-CV-07668-VC, 2024 WL 1140998, at *2 (N.D. Cal. Mar. 15, 2024) (dismissing UCL claims for lack of statutory standing where the alleged "loss of money or property" plaintiff sustained was not caused by defendant's conduct).

Plaintiffs' injuries were caused by the unlawful, unexpected, and intentional acts of third parties (e.g., their stalkers), not Defendants. *See generally* Dkt. 32 ¶¶ 78-118. Such third-party misconduct necessarily breaks the causal chain, and precedent confirms that neither Tile nor Amazon can be held liable for such damages. *See, e.g.*, *Cowart v. Kmart Corp.*, 20 S.W.3d 779, 783 (Tex. App. 2000) (noting the "general rule [that] criminal conduct of a third party is a superseding cause that extinguishes the liability of the previous actor").

But here, Amazon is even further removed than Tile, the manufacturer of the Tile tracker. Unlike Tile, Plaintiffs do not allege that Amazon "designed," "sold," or "marketed" the Tile Tracker; they do not allege that Amazon was involved in the subsequent design and implementation of "Scan and Secure," "anti-theft," or any other product feature; and they do not allege that Amazon "obstructed and impeded" any requests for information or assistance from Plaintiffs and/or law enforcement following reports of alleged stalking. *See, e.g.*, Dkt. 32, passim. Amazon's *only* conduct at issue is the operability of the Sidewalk network. That is simply too removed from Plaintiffs' alleged injuries to establish proximate cause.

Cases such as *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991), illustrate this point. There, a Texas Highway Department employee was driving a truck pulling a flashing arrow sign to warn traffic of highway maintenance. *Id.* at 471. The sign malfunctioned when its wires came loose, and when the worker got out of his truck to fix it, an oncoming vehicle struck the sign, which, in turn, hit him. *Id.* His survivors sued the sign manufacturer, alleging that the sign's defect placed the employee in the "zone of danger" of the oncoming car. *Id.* In finding that the sign

manufacturer was not liable for negligence, the court referenced the Restatement (Second) of Torts's discussion of 'legal cause,' which states that "[i]n order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent …. [T]his is necessary, but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm." *Id.* at 472 (quoting Restatement (Second) of Torts § 431 cmt. a (Am. L. Inst. 1965)); *Union Pump,* 898 S.W.2d at 775 ("At some point in the causal chain, the defendant's conduct or product may be too remotely connected with the plaintiff's injury to constitute legal causation."). The court ultimately determined that this was one of those "situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed." *Lear Siegler, Inc.*, 819 S.W.2d at 472.

The *Lear Siegler* reasoning applies with even greater force here, where Plaintiffs do not allege that Amazon even manufactured the product allegedly misused.[7] At bottom: Amazon provides a lawful service (the Sidewalk network) to its customers, like Tile. In turn, Tile provides a lawful and useful product to help its end-users keep track of objects—not people. To hold Amazon liable for injury resulting from a third-party's intentional and unlawful misuse of the Tile tracker would stretch the doctrine of proximate cause beyond its manageable limits in an entirely unprecedented fashion. Amazon's provision of the Amazon Sidewalk network is "too remotely connected" to Plaintiffs' injuries "to constitute legal causation." *Union Pump*, 898 S.W.2d at 775.[8]

---

[7] Plaintiffs' unjust enrichment claim is also deficient as to Amazon since Plaintiffs have failed to plead that Amazon—who has no relevant relationship with them— "obtained a benefit from [them] by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

[8] For similar reasons, Plaintiffs have not alleged (and cannot allege) any duty of care allegedly breached to support their negligence claim (Count I) against Amazon. "As a general matter, a person has no legal duty to protect another from the criminal acts of third parties or to control the conduct of another." *See Coleman v. Equitable Real Est. Inv. Mgmt., Inc.*, 971 S.W.2d 611, 615 (Tex. App. 1998). While there are well-established exceptions to this general rule (e.g., where there is a "special relationship" between plaintiff and defendant, or a "relationship that imposes a duty on the potential actor to control the third party's behavior," *Black + Vernooy Architects v. Smith*, 346 S.W.3d 877, 881 (Tex. App. 2011)), the FAC includes no such allegations here. Plaintiffs allege no relationship to Amazon whatsoever.

### C. Plaintiffs' Product Liability and CIPA Claims Also Fail as to Amazon Because the Sidewalk Network is a Service—not a Product or Device (Counts II, VI).

Finally, Plaintiffs' product liability claims are deficient as applied Amazon because Amazon manufactures no product at issue here, and Amazon cannot be held liable for a product (i.e., the Tile tracker) just because it happens to be manufactured by one of its customers.

"A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendants supplied the product that caused the injury." *Bostic v. Ga.-Pac. Corp.*, 439 S.W.3d 332, 340 (Tex. 2014). "A product is tangible personal property distributed commercially for use or consumption." *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893, 897 (Tex. 2010) (citing Restatement (Third) of Torts: Products Liability § 19 (Am. L. Inst. 1998)). "Services, even when provided commercially, are not products." *Ames v. Ford Motor Co.*, 299 F. Supp. 2d 678, 679 (S.D. Tex. 2003) (citing Restatement (Third) of Torts: Products Liability § 19). Thus, "[c]ourts in Texas have stated that strict liability does not apply when a defendant is providing a service and not a product." *Sells v. Six Flags Over Tex., Inc.*, No. 3:96-CV-1574-D, 1997 WL 527320, at *3 (N.D. Tex. Aug. 14, 1997).

Amazon Sidewalk is unambiguously a service, not a product. *See* Dkt. 32 ¶ 31 (describing the Amazon Sidewalk network as a "network based on Wi-Fi and Bluetooth technology"). Moreover, Plaintiffs do not plausibly allege that Amazon was involved in the manufacturing or distribution of the Tile tracker. Plaintiffs' product liability claims are therefore legally inadequate as to Amazon. *See, e.g.*, *Brooks v. Knapheide Mfg. Co.*, 707 F. Supp. 3d 680, 688 (E.D. Tex. 2023) (defendant was "not liable for any 'product liability action'" regarding a transaction in which it only performed services).

Plaintiffs' CIPA claim is defective as applied to Amazon for similar reasons. The Amazon Sidewalk network is a service and thus is not a "device" within the meaning of Section 637.7(d), as it cannot be reasonably categorized as "equipment." *See* Cal. Penal Code § 637.7 (prohibiting the "use [of] an electronic tracking device to determine the location or movement of a person"); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 193–96 (N.D. Cal. 2019) (holding that software was not a "device" for purposes of CIPA Section 637.7(d) because it was not "equipment"); *Moreno v. S.F. Bay Area Rapid Transit Dist.*, No. 17-CV-02911-JSC, 2017 WL

6387764, at *5 (N.D. Cal. Dec. 14, 2017) (same). While the Tile tracker could be considered a "device," Plaintiffs have not alleged that (i) Amazon "owned or controlled" the Tile tracker used to stalk Plaintiffs; (ii) Amazon was the one who attached the Tile tracker to Plaintiffs' cars; or (iii) Amazon (as opposed to the stalkers) actually received any geolocation data transmitted by Tile and thus "determine[d] the location or movement of a person"[9]—three necessary elements of their claim. *See, e.g.*, *Mollaei v. Otonomo Inc.*, No. 22-CV-02854-TLT, 2023 WL 5162402, at *3 (N.D. Cal. July 18, 2023) ("Plaintiff [asserting a CIPA Section 637.7(d) claim] must show that (1) Defendant has ownership or control of the [device] and (2) Defendant performed an affirmative act to place the [device] onto Plaintiff's vehicle."), *appeal filed*, No. 23-16079 (9th Cir. Aug. 9, 2023); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d at 195 (dismissing CIPA Section 637.7(d) claim where plaintiff failed to allege that the defendant performed an affirmative act to place a device on plaintiff's vehicle; "the bill denotes that 'attach' requires some affirmative act by the wrongdoer"); *Hughes*, 2024 WL 1140998, at *1 (dismissing CIPA claim based on similar allegations premised on stalking accomplished via the Apple AirTag where the complaint did "not allege that Apple is able to determine the locations of the AirTags," or that "Apple can tie the locations or the movements of the AirTags to discrete individuals").

### D. If Amazon's Request for a Discretionary Stay as to Plaintiff Doe and Broad's Claims is Denied, Those Claims Fail for Similar Reasons.

As explained *supra*, Ms. Doe and Ms. Broad's remaining claims against Tile are stayed pending Tile's appeal of the Order denying its Motion to Compel Arbitration. For the reasons described in Amazon's Joinder, the Court should extend a discretionary stay to Ms. Doe and Ms. Broad's claims against Amazon because allowing such claims to proceed against Amazon (while those same claims against Tile are stayed) would be inefficient and create a substantial risk of

[9] Plaintiffs' California Constitutional Right to Privacy and intrusion upon seclusion claims fails against Amazon for similar reasons. The FAC asserts that Amazon "intentionally track[ed] [Plaintiffs'] location with Tile trackers," (Dkt. 32 ¶ 200), but Plaintiffs do not actually allege that Amazon (as opposed to their stalkers) tracked their locations with the Tile devices. *See, e.g.*, *Hughes*, 2024 WL 1140998, at *2 (dismissing California Constitutional Right to Privacy claim based on similar allegations premised on stalking accomplished via the Apple AirTag where the complaint did "not allege that Apple tracked them with the AirTags"); *Linman v. Marten Transp., Ltd.*, No. 22-cv-204-jdp, 2023 WL 2562712, at *6 (W.D. Wis. Mar. 17, 2023) (dismissing intrusion upon seclusion claim where it was third-party hackers, not [Defendant], that intruded on [plaintiff's] privacy).

prejudice to Defendants. Dkt. 76. Amazon's potential liability here is entirely derivative of Tile's potential liability; absent such a stay, there is a substantial risk that discovery will need to be re-done, and Defendants will be adversely affected by inconsistent rulings in different forums. *Id.*

In any event, Plaintiff Broad and Plaintiff Doe's claims fail alongside the Ireland-Gordy Plaintiffs' claims for similar reasons. *First*, Broad and Doe's claims fail due to lack of Article III standing. Ms. Broad, a resident of Canada, alleges that she was stalked by her romantic partner from approximately 2021 to 2023. Dkt. 32 ¶¶ 119-133. But Ms. Broad does not allege that the Sidewalk network operates in Canada. *See, e.g.*, *id.* ¶ 66 (alleging that the Sidewalk network "reaches 90% of the *American* population") (emphasis added). Indeed, Sidewalk does *not* operate outside the United States, so Ms. Broad could not have been stalked by a Tile device connected to the Sidewalk network. Derrick Decl. ¶ 6 (confirming that the Sidewalk network operates only within the United States). Similarly, Ms. Broad fails to allege that the Sidewalk network was involved in her stalking, or that it contributed in any way to her alleged injuries. Dkt. 32 ¶¶ 134-156. Indeed, most of her allegations relate to the Tile app's "Scan and Secure" feature (*id.* ¶¶ 137-141) and claimed deficiencies in the response from Tile's customer support team (*id.* ¶¶ 143-147)—two things that have nothing to do with Amazon. Thus, nothing in the FAC makes Broad or Doe's alleged injuries "fairly traceable" to Amazon. As with the Ireland-Gordy Plaintiffs' claims, these deficiencies raise fatal Article III standing issues and also doom Broad and Doe's tort claims due to lack of proximate cause.

*Second*, Ms. Broad's claims independently fail because she has not alleged any basis to assert claims under California law or avail herself of California statutes. "Under California's choice-of-law rules, '[w]hether a nonresident plaintiff can assert a claim under California law is a constitutional question based on whether California has sufficiently significant contacts with the plaintiff's claims.'" *Urban v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1132 (N.D. Cal. 2023) (quoting *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1040 (N.D. Cal. 2014)). As for California statutes, "[t]he critical issues … are whether the injury occurred in California and whether the conduct of Defendants occurred in California. If neither of these questions can be answered in the affirmative, then Plaintiff will be unable to avail herself of [the UCL or FAL]." *Tidenberg v. Bidz.com, Inc.*,

No. CV 08 5553 PSG (FMOx), 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009); *see also Cooper v. Simpson Strong-Tie Co.*, 460 F. Supp. 3d 894, 911 (N.D. Cal. 2020) (UCL does not apply "to actions occurring outside of California that injure non-residents"); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013) ("California law presumes that the legislature did not intend a statute to be 'operative, with respect to occurrences outside the state, ... unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.'" (quoting *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011))); *Yockey v. Salesforce, Inc.*, No. 22-CV-09067-JST, 2024 WL 3875785, at *10 (N.D. Cal. Aug. 16, 2024) (noting that "CIPA contains express geographical limitations").

Here, Ms. Broad is a Canadian resident asserting claims against Amazon, a corporation headquartered in Washington. *See* Dkt. 32 ¶¶ 15, 19. Her only basis for maintaining claims against Amazon under California law is the general allegation that Amazon sells Echo devices in California and has data centers in California. *Id.* ¶ 25. That is not enough. *See Wilson*, 961 F. Supp. 2d at 1148 (finding that a Texas corporation cannot be sued in California by non-California residents under the UCL based solely on the allegation that the Texas corporation advertised and sold products in California); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2010 WL 2609434, at *3 (N.D. Cal. June 28, 2010) (refusing to apply California law where plaintiffs did "not provide a link between plaintiffs' claims" and California).

Finally, the fact that Amazon's alleged involvement here is too attenuated to give rise to liability applies with equal force to—and thus forecloses—Ms. Broad's and Ms. Doe's claims. *See supra* Section V.B. As does the fact that Ms. Broad and Doe's product liability claims fail because the Sidewalk network is a service—not a product or a device. *See supra* Section V.C.

Thus, if Ms. Doe and Ms. Broad's claims are not stayed as to Amazon, their claims fail for many of the same reasons that the Ireland-Gordy Plaintiffs' claims fail (as outlined above and in Tile's Motion to Dismiss the FAC)—and for other reasons as well, which Amazon respectfully requests the opportunity to describe for the Court in supplemental Rule 12 briefing.

## VI. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Ireland-Gordy Plaintiffs' claims be dismissed with prejudice. Additionally, if the Court does not grant Amazon's request for a discretionary stay with respect to Plaintiff Broad and Plaintiff Doe's claims, those claims should be dismissed with prejudice as well, or Amazon should be permitted to submit supplemental Rule 12 briefing on those claims.

Dated: February 14, 2025

**PERKINS COIE LLP**

By: *s/ Charles C. Sipos*
Charles C. Sipos, Bar No. 348801
Julie L. Hussey, Bar No. 237711
Ellie F. Chapman, Bar No. 305473

Attorneys for Defendant
AMAZON.COM, INC.