Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
Lauren J. Tsuji, Bar No. 300155
LTsuji@perkinscoie.com
Anna Mouw Thompson (*pro hac vice*)
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile: +1.858.720.5799

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 3:23-CV-04119-RFL

**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

Judge: Rita F. Lin
Dept.: 15
Date: May 20, 2025
Time: 10:00 a.m.

Date Action Filed: August 14, 2023
Trial Date: TBD

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiffs Lack Article III Standing (Counts I-IX) .......... 1

i. Amazon did not cause Plaintiffs' stalking injuries. .......... 2

ii. Hypothetical, future stalking is insufficient to show injury-in-fact, and it does not solve Plaintiffs' causation problem. .......... 3

B. Amazon's Alleged Involvement Is Too Attenuated to Show Causation (Counts I-II, IV-V, VII-IX) .......... 5

C. Plaintiffs' Product Liability and CIPA Claims Also Fail as to Amazon Because the Sidewalk Network Is a Service—Not a Product or Device (Counts II, VI). .......... 7

D. Additional Legal Issues Defeat Plaintiffs' Various Claims .......... 8

III. CONCLUSION .......... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106 (Tex. 2009) ..... 5

*Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032 (N.D. Cal. Feb. 19, 2013) ..... 2, 7, 9

*Audenhove v. County of Riverside*, No. ED CV 14-0944 FMO, 2016 WL 11967112 (C.D. Cal. Sept. 23, 2016) ..... 4

*City of Oakland v. Oakland Raiders*, 20 F.4th 441 (9th Cir. 2021) ..... 4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ..... 4, 5

*Cory v. Sutton*, No. ED CV 16-2560 GW, 2017 WL 6367557 (C.D. Cal. Aug. 1, 2017) ..... 4

*Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893 (Tex. 2010) ..... 7

*Huang v. Bicycle Casino, Inc.*, 4 Cal. App. 5th 329 (2016) ..... 5, 6

*Hughes v. Apple, Inc.*, No. 22-CV-07668-VC, 2024 WL 1140998 (N.D. Cal. Mar. 15, 2024) ..... 8

*IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794 (Tex. 2004) ..... 6

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 4:22-MD-3047-YGR, 2024 WL 4673710 (N.D. Cal. Oct. 24, 2024) ..... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2010 WL 2609434 (N.D. Cal. June 28, 2010) ..... 9

*Jackson v. Airbnb, Inc.*, 639 F. Supp. 3d 994 (C.D. Cal. 2022) ..... 7

*Khan v. 7-Eleven, Inc.*, No. EDCV 14-00522 ..... 4

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991) ..... 6

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Lewis v. Google LLC*,
851 F. App'x 723 (9th Cir. 2021) ........ 2

*Mollaei v. Otonomo Inc.*,
No. 22-CV-02854-TLT, 2023 WL 5162402 (N.D. Cal. July 18, 2023) ........ 8

*Moradpour v. Velodyne Lidar, Inc.*,
No. 21-CV-01486-SI, 2022 WL 20611446 (N.D. Cal. July 1, 2022) ........ 2

*Ontiveros v. 24 Hour Fitness USA, Inc.*,
169 Cal. App. 4th 424 (2008) ........ 7

*Safeco Ins. Co. v. J & D Painting*,
17 Cal. App. 4th 1199 (1993) ........ 6

*Sells v. Six Flags Over Tex., Inc.*,
No. CIV.A.3:96-CV-1574-D, 1997 WL 527320 (N.D. Tex. Aug. 14, 1997) ........ 7

*Simon v. E. Ky. Welfare Rts. Org.*,
426 U.S. 26 (1976) ........ 4

*Soule v. Gen. Motors Corp.*,
882 P.2d 298 (Cal. 1994) ........ 5, 6

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014) ........ 3, 5

*Union Pump Co. v. Allbritton*,
898 S.W.2d 773 (Tex. 1995) ........ 6

*Urban v. Tesla, Inc.*,
698 F. Supp. 3d 1124 (N.D. Cal. 2023) ........ 8

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........ 8

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ........ 4

*Women's Student Union v. U.S. Dep't of Educ.*,
No. 21-cv-01626-EMC, 2021 WL 3932000 (N.D. Cal. Sept. 2, 2021) ........ 1

## TABLE OF AUTHORITIES (continued)

**Page(s)**

**OTHER AUTHORITIES**

*Apple AirTags*, CNBC (May 7, 2021), https://www.cnbc.com/2021/05/07/amazon-partners-with-tile-to-take-on-apple-airtags.html ........ 2

Fed. R. Civ. Proc. 12(b)(1) ........ 1, 5

# I. INTRODUCTION

Plaintiffs allege that they are victims of stalking by third parties who intentionally and unlawfully misused Tile devices to track their location. But Plaintiffs do not and cannot plausibly allege that *Amazon* is responsible for those harms just because it happens to provide a network used by Tile. Amazon's Motion to Dismiss affirmatively establishes that Sidewalk was *not* responsible for any of the conduct described in Plaintiffs' Amended Complaint, and nothing in the Opposition can or does unwind that legally dispositive fact.

The Ireland-Gordy Plaintiffs were stalked before Tile devices even functioned on Amazon's Sidewalk network, and Ms. Broad was stalked outside the United States, where the Sidewalk network does not exist. This proves that the Sidewalk network had nothing to do with their experiences at all. It also proves that the Sidewalk is not what makes Tile devices capable of tracking location, contrary to the unsupported inferences drawn by Ms. Doe. The causation necessary to establish Article III standing is thus lacking at the most fundamental level for each Plaintiff, because nothing Amazon did is fairly traceable to their alleged stalking.

Even if Plaintiffs could show causation necessary for standing (they cannot), Amazon's challenged conduct is simply too attenuated to support liability on the merits. Amazon provided a lawful service to Tile. Tile, in turn, provides a lawful product to its customers. Amazon cannot be held legally responsible for the unlawful acts of far removed third parties. Their conduct is not a reasonably foreseeable result of anything that Amazon has done, which sets this case apart from the highly distinguishable cases cited in Plaintiffs' Opposition. *See infra* at 6.

Amazon respectfully asks the Court to dismiss the claims against it with prejudice for these reasons, as well as those in the Motions to Dismiss filed by Amazon and Tile. *See* Dkt. 77, 78.

# II. ARGUMENT

## A. Plaintiffs Lack Article III Standing (Counts I-IX)

To avoid dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), Plaintiffs must "clearly . . . alleg[e] facts demonstrating each element" of Article III standing, namely, "injury-in-fact, causation, and redressability." *Women's Student Union v. U.S. Dep't of Educ.*, No. 21-cv-01626-EMC, 2021 WL 3932000, at *4 (N.D. Cal. Sept. 2, 2021) (cleaned up). The failure of

causation dooms the claims here, because Amazon's operation of the Sidewalk network is not "fairly traceable" to Plaintiffs' injuries. *See Lewis v. Google LLC*, 851 F. App'x 723, 723 (9th Cir. 2021) (unpublished) (causation requires the alleged injury-in-fact to be "fairly traceable to the challenged actions of the defendant").

**i. Amazon did not cause Plaintiffs' stalking injuries.**

It is irrefutable that time forecloses causation as to the Ireland-Gordy Plaintiffs, who were stalked from 2016-2017, because the Sidewalk network did not support Tile devices until years later in June 2021. Dkt. 32 ¶ 31, 78-94. The Tile devices used to stalk the Ireland-Gordy Plaintiffs thus used only the Tile network; Amazon's Sidewalk network has nothing to do with their claims. *See* Dkt. 32 ¶ 32 (acknowledging that Tiles used only their own network pre-Sidewalk compatibility). Plaintiffs' Opposition offers no response on this point and so concedes that their past injuries were not caused by Amazon's conduct. *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession."). And Plaintiffs' shift to a hypothetical risk of future injury fails for reasons discussed below. *See* Section II.A.ii, *infra*.

Ms. Broad's claims against Amazon suffer from an equally clear causation problem: the Sidewalk network only operates in the United States, Dkt. 78-1 ¶ 6, and Ms. Broad is a resident of Canada. Dkt. 32 ¶ 15. There is no basis to infer that Ms. Broad was stalked in the United States by a Sidewalk-connected Tile device, so Amazon could not have caused her injury, either. Ms. Broad's response—that a "plausible line of causation exists" because she "resides roughly 120 miles from the U.S. border"—does not save her claims. Opp'n at 11. Any suggestion that a Tile device may have tapped into the Sidewalk network from roughly 120 miles away is beyond implausible; it is *impossible* given how Bluetooth and Wi-Fi work. *See* Dkt. 32 ¶ 29 (alleging that Tile App uses Bluetooth Low Energy radio technology to locate Tiles "within a range of 100 feet"); Jon Fortt, *Amazon partners with Tile to take on Apple AirTags*, CNBC (May 7, 2021), https://www.cnbc.com/2021/05/07/amazon-partners-with-tile-to-take-on-apple-airtags.html (cited at Dkt. 32 ¶ 31 n.8, and explaining "Wi-Fi is constrained, mostly to your home, it just doesn't have the range to go into your backyard into the neighborhood"); *see also Moradpour v. Velodyne Lidar*,

*Inc.*, No. 21-CV-01486-SI, 2022 WL 20611446, at *1 (N.D. Cal. July 1, 2022) (recognizing incorporation-by-reference doctrine).

Finally, Ms. Doe cannot show causation because she has not alleged any facts to support her claim that the Sidewalk network specifically enabled her stalkers. She points only to the general prevalence of the Sidewalk network, as well its general tendency to improve location accuracy for Tile, and asserts that the Sidewalk network must, therefore, have caused her injury. *See* Opp'n at 12. But the other Plaintiffs' experiences *prove* that is not true, because each of them was stalked using Tiles unconnected to the Sidewalk network.

Ultimately, there is no basis to presume that the Sidewalk network caused *any* of the Plaintiffs' stalking injuries, and so all lack standing to pursue their claims against Amazon.

**ii. Hypothetical, future stalking is insufficient to show injury-in-fact, and it does not solve Plaintiffs' causation problem.**

Plaintiffs' next tack is to abandon their reliance on concrete instances of past stalking and instead rely on a hypothetical risk of future stalking. *See* Opp'n at 8-11. This strategy fails, as well.

Future harm can only constitute injury-in-fact if it is "certainly impending" or there is a "substantial risk" that it will happen. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (describing standard for injury-in-fact based on future injury). Plaintiffs do not respond to Amazon's argument that generalized statistics about the prevalence of stalking are not enough to show a substantial risk of stalking. *See* Mot. at 7. They thus concede that the risk of being stalked by some unknown person in the future cannot support their claims (or the claims of their proposed "at-risk-of-stalking" class, which would seem to comprise virtually everyone in the United States, *see* Dkt. 32 ¶ 155).

Plaintiffs' Opposition instead argues that the same people who used Tile devices to stalk them in the past may do so again. But Plaintiffs do not allege facts suggesting that this is certain or even likely to happen. To the contrary, the Ireland-Gordy Plaintiffs allege that their stalker abandoned her use of Tile devices and tried to cover her tracks after she was discovered by seeking "to deactivate all [Tile] Trackers associated with [her] account" and "rename the 'SDG Jeep'" device. Dkt. 32 ¶ 111. Ms. Broad and Ms. Doe found all of their stalkers' Tile devices and do not

allege that any are missing. *Compare* Dkt. 32 ¶¶ 130, 154, *with* Dkt. 32 ¶ 117. Finally, Ms. Broad's stalker is the subject of an active criminal case, Dkt. 32 ¶ 133, making it even less likely that he would stalk again using the same method now subject to investigation by law enforcement.[1]

Regardless, focusing on the future does not solve Plaintiffs' causation problem. Like their past injuries, their hypothetical future injuries would be caused not by *Amazon*, but rather by *future stalkers*—i.e., by "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 42 (1976). To show causation as to Amazon, Plaintiffs must show at least a "substantial probability" that they would not be stalked in the future *but for* the integration of Tile devices with the Sidewalk network. *Compare, e.g.*, *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 452 (9th Cir. 2021) (Article III causation element met where allegations showed "substantial probability" that the Raiders would have stayed in Oakland but for defendants' challenged conduct), *with Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525 (9th Cir. 2023) (element unmet where plaintiffs failed to show that they would have paid lower contributions under welfare benefits plan but for the defendant's challenged conduct of charging commissions to insurers).

Once again, the experience of at least the Ireland-Gordy Plaintiffs and Ms. Broad proves that stalkers can and have used Tile devices unconnected to the Sidewalk network for stalking purposes. That makes this case similar to *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 417 (2013). There, Amnesty International challenged the government's enactment of Section 702 of the Foreign Intelligence Surveillance Act and claimed to be injured by the prospect of future surveillance. The Supreme Court found causation lacking, however, because the government had already surveilled

[1] The stalking cases cited in Plaintiffs' Opposition stand for the unremarkable point that a "credible threat" may be implied through a course of conduct and need not be express. These cases do not establish that past stalking necessarily equates to an "imminent threat" of future stalking. *See, e.g.*, *Khan v. 7-Eleven, Inc.*, No. EDCV 14-00522 DMG (PLAx), 2014 WL 12601018, at *4 (C.D. Cal. Nov. 3, 2014) (finding threat based on "defendant's menacing and unrelenting following of [the victim]"); *Audenhove v. County of Riverside*, No. ED CV 14-0944 FMO (EX), 2016 WL 11967112, at *3 (C.D. Cal. Sept. 23, 2016) (same) *Cory v. Sutton*, No. ED CV 16-2560 GW (MRW), 2017 WL 6367557, at *3 (C.D. Cal. Aug. 1, 2017), *report and recommendation adopted*, No. ED CV 16-2560 GW (MRW), 2017 WL 6343577 (C.D. Cal. Dec. 1, 2017) (finding credible threat based on numerous e-mail and Facebook communications as well as by following of the victim).

the organization *before* Section 702 was enacted, making it "difficult to see how" the risk of future surveillance "can be traced to" the challenged provision. *Id.* at 418. Here, too, Plaintiffs were already stalked with Tile devices unconnected to the Sidewalk network, making it difficult to see how a risk of future stalking can be traced to Amazon.

Ms. Broad faces an additional causation hurdle: she lives in Canada and has not alleged that she plans to come to the United States and thus to a location where the Sidewalk network is operable. She only asserts in her Opposition that it is "plausible" that she may some day "set foot in the United States." Opp'n at 11. But such non-committal musings are patently insufficient to show a "certainly impending" or "substantial" risk that she will be stalked, on some hypothetical future visit, via a Sidewalk-connected Tile device. *Susan B. Anthony List*, 573 U.S. at 158.

With respect to the hypothetical risk of future stalking, the abject failure of both injury-in-fact and causation justify dismissal under Rule 12(b)(1).

### B. Amazon's Alleged Involvement Is Too Attenuated to Show Causation (Counts I-II, IV-V, VII-IX)

Even if Plaintiffs could satisfy Article III, Amazon's challenged conduct is too attenuated to satisfy the separate, state law causation requirements for their various claims.

*First*, Plaintiffs cannot show cause in fact, which is both an element of proximate cause (necessary for their negligence and product liability claims) and equivalent to "producing cause" (necessary for their strict product liability claims). *See* Mot. at 8 (collecting cases). A defendant's conduct must be a substantial factor in bringing about the alleged harm to constitute cause in fact. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009). Naturally, "conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct." *Huang v. Bicycle Casino, Inc.*, 4 Cal. App. 5th 329, 348 (2016); *see also Soule v. Gen. Motors Corp.*, 882 P.2d 298, 311 (Cal. 1994) (same).[2] And as explained above, *see* Section II.A, *supra*, Plaintiffs cannot show that they would not have been

[2] It is untrue that "Amazon's proximate causation and product liability arguments rely exclusively on Texas law." Opp'n at 6. Per Amazon's Motion and as made clear by the California citations in this brief, the laws of these two states are the same on these issues. *See* Mot. at 8 n.6.

stalked but for the Sidewalk network. To the contrary, the Ireland-Gordy Plaintiffs and Ms. Broad *were* stalked via Tiles unconnected to the Sidewalk network.

*Second*, even if Plaintiffs could show cause in fact (they cannot), they cannot show foreseeability—the other element of proximate cause. Amazon has only[3] provided a lawful service that allows customers to leverage the connectivity of the Sidewalk network, a service that is used by many people for many things that have nothing to do with Tile. *See, e.g.*, Dkt. 32 ¶ 65 ("Sidewalk was originally developed for use by Amazon's Ring Doorbell product"). That is a far cry from the sort of conduct leading to foreseeable harm in the cases cited by Plaintiffs—e.g., where a social media company allegedly came up with a "deliberate design of [its] platforms to foster compulsive use in minors" such that youth mental health consequences were foreseeable, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 4:22-MD-3047-YGR, 2024 WL 4673710, at *15 (N.D. Cal. Oct. 24, 2024), *appeal dismissed sub nom. Fla. Off. of Att'y Gen. v. Meta Platforms, Inc.*, No. 24-7019, 2024 WL 5443167 (9th Cir. Dec. 16, 2024), or where a defendant regularly allowed its shuttle buses to become overcrowded such that jostling by other passengers was foreseeable, *Huang*, 4 Cal. App. 5th at 348, or where the defendant's manufacturing defects made injury in the event of a car crash reasonably foreseeable, *Soule*, 882 P.2d at 303. For similar reasons, "public policy" and fairness would not be served by deeming Amazon liable for operating a neutral and lawful service. *Contra* Opp'n at 13.

*Finally*, Texas and California law both recognizes that it is not enough for a defendant's conduct to "furnish a condition which makes the injuries possible." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004); *Safeco Ins. Co. v. J & D Painting*, 17 Cal. App. 4th 1199, 1204 (1993) (same).[4] Instead, both states follow the Restatement, *id.*, which admonishes courts to consider what "reasonable men [would] regard . . . as a cause" of harm. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) (quoting Restatement (Second) of Torts

---

[3] Plaintiffs point to allegations that Tile allegedly "encouraged [stalking] in various marketing campaigns," Opp'n at 12, but Amazon is not involved in the marketing (or design or manufacture) of Tile devices.

[4] "This principle applies with equal force to proximate cause and producing cause." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007).

§ 431 cmt. a (Am. L. Inst. 1965)). A reasonable person would not consider Amazon to be the cause of the stalking at issue here any more than one would consider Comcast's provision of Internet services to be the cause of hackers' use of an Apple-manufactured computer to perpetrate cybercrime. Amazon is simply too far down the causal chain—its involvement too attenuated from Plaintiffs' injuries—to give rise to liability.

### C. Plaintiffs' Product Liability and CIPA Claims Also Fail as to Amazon Because the Sidewalk Network Is a Service—Not a Product or Device (Counts II, VI).

Plaintiffs' product liability claims independently fail because the Sidewalk network is an intangible service, not "tangible personal property distributed commercially for use or consumption." *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893, 897 (Tex. 2010) (citing Restatement (Third) of Torts: Products Liability § 19 (Am. L. Inst. 1998)); *Jackson v. Airbnb, Inc.*, 639 F. Supp. 3d 994, 1010-11 (C.D. Cal. 2022) (recognizing same standard when dismissing claims against Airbnb, which provided a virtual rental marketplace).[5]

Plaintiffs respond that the Sidewalk network "emanates . . . from physical products that Amazon makes and sells." Opp'n at 14. But that doesn't matter. Services regularly incorporate physical products, but this does not transform them into products themselves. *See, e.g.*, *Sells v. Six Flags Over Tex., Inc.*, No. CIV.A.3:96-CV-1574-D, 1997 WL 527320, at *3 (N.D. Tex. Aug. 14, 1997) (dismissing product liability claims because, although Six Flags sells access to its roller coasters, "[i]t does not sell the rides themselves" and instead "provides a service in the form of entertainment"); *Ontiveros v. 24 Hour Fitness USA, Inc.*, 169 Cal. App. 4th 424, 434 (2008) (same where "defendant was in the business of providing fitness services and made exercise machines available to members as an incident to those services").

With respect to their CIPA claims, Plaintiffs concede that the Sidewalk network is not itself an "electronic tracking device." *See* Opp'n at 15 (framing relevant electronic devices as Tile trackers); *Angeles*, 2013 WL 622032, at *4. Plaintiffs nevertheless argue that Amazon violated CIPA because the Sidewalk network "uses Tile trackers" by picking up their signals and transmitting them back to the owners of the trackers. Opp'n at 15. This strained reading of "use"

[5] *See supra* note 3 (regarding matching law in California and Texas).

cannot save Plaintiffs' CIPA claims given case law—which Plaintiffs' brief does not address—recognizing that to maintain a claim under CIPA, a plaintiff "must show that (1) [d]efendant has ownership or control of the [tracking device] and (2) [d]efendant performed an affirmative act to place the [device] onto [p]laintiff's vehicle." *Mollaei v. Otonomo Inc.*, No. 22-CV-02854-TLT, 2023 WL 5162402, at *3 (N.D. Cal. July 18, 2023), *appeal filed*, No. 23-16079 (9th Cir. Aug. 9, 2023). Amazon does not own or control the Tile trackers used by Plaintiffs' stalkers; it simply passed the trackers' signals back to the owners of those trackers. Subjecting Amazon to the risk of criminal liability in these circumstances would be absurd, and the law does not allow it. *See, e.g.*, *Hughes v. Apple, Inc.*, No. 22-CV-07668-VC, 2024 WL 1140998, at *1 (N.D. Cal. Mar. 15, 2024) (dismissing CIPA claims against Apple absent allegation that Apple does anything but report location of Airtags back to their owners).

### D. Additional Legal Issues Defeat Plaintiffs' Various Claims

The Ireland Gordy Plaintiffs' claims are also barred because they are governed by the laws of Texas—where those plaintiffs live and where they were allegedly stalked. *See* Tile's Mot. at 6-9; Amazon's Mot. at 8 n.6 (incorporating by reference Tile's arguments). Plaintiffs respond that Amazon's position is inconsistent with its point that California and Texas law match on several key issues. *See* Opp'n at 7-8. Not so. The laws of these states are substantially identical with respect to the legal issues raised in *Amazon's* brief, but they differ on other legal issues raised in *Tile's* brief. *See* Mot. at 8 n.6 (clearly stating that arguments "in this separate [Amazon's] Motion apply in either force under either California or Texas law").

Similarly, Ms. Broad has no basis to assert claims under California law or avail herself of California statutes given that she is a Canadian citizen. *See* Mot. at 13-14. Neither the Amended Complaint nor Plaintiffs' Opposition suggests that she suffered injury in California or that Amazon engaged in tortious conduct in California—the relevant legal inquiry for whether a nonresident can assert a claim under California law. *Urban v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1132 (N.D. Cal. 2023). Instead, Plaintiffs argue that it is enough for Amazon to have a few offices and job openings in California and to sell certain devices in California. They do not, however, respond to the case law cited in Amazon's Motion holding otherwise. *See, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 961

F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (finding that a Texas corporation cannot be sued in California by non-California residents under the UCL based solely on the allegation that the Texas corporation advertised and sold products in California); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2010 WL 2609434, at *3 (N.D. Cal. June 28, 2010) (California law inapplicable where plaintiffs did "not provide a link between plaintiffs' claims" and California).

Finally, Plaintiffs do not respond to Amazon's arguments that (1) their unjust enrichment claim fails because they have no relationship with Amazon, (Mot. at 10 n.7), (2) their negligence claim fails because Amazon breached no duty of care (Mot. at 10 n.8), or (3) their constitutional right to privacy and intrusion upon seclusion claims fail because Amazon did not "intentionally track" them (Mot. at 12 n.9). Plaintiffs, therefore, concede the issues. *See Angeles*, 2013 WL 622032, at *4.

## III. CONCLUSION

For the foregoing reasons, and because none of these defects can be cured by further amendment, Amazon respectfully asks the Court to dismiss the claims against it in Plaintiffs' Amended Complaint with prejudice.

Dated: April 4, 2025

**PERKINS COIE LLP**

By: */s/ Charles C. Sipos*
Charles C. Sipos, Bar No. 348801
Julie L. Hussey, Bar No. 237711
Lauren J. Tsuji, Bar No. 300155
Anna Mouw Thompson (*pro hac vice*)

Attorneys for Defendant
AMAZON.COM, INC.