COOLEY LLP
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

AMANDA A. MAIN (260814)
(amain@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendants
TILE, INC. and LIFE360, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON IRELAND-GORDY, STEPHANIE IRELAND GORDY, MELISSA BROAD, and JANE DOE individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TILE, INC., LIFE360, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 3:23-CV-04119-RFL

**DEFENDANTS TILE, INC. AND LIFE360, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

| | |
|---|---|
| Date: | May 20, 2025 |
| Time: | 10:00 am |
| Courtroom: | 15 |
| Judge: | Rita F. Lin |
| Trial Date: | TBD |
| Date Action Filed: | August 14, 2023 |

## I. INTRODUCTION

Plaintiffs Shannon Ireland-Gordy's and Stephanie Ireland Gordy's (together, the "Ireland Gordys") claims should be dismissed entirely and with prejudice: they are time-barred, pleaded under the wrong state's laws, and fail on the merits. *See* ECF No. 77 ("Mot."). The Ireland Gordys' opposition (ECF No. 86 ("Opposition" or "Opp.")) floats multiple (inconsistent) theories of timeliness, but none make sense here and none can change the plain facts the Ireland Gordys themselves allege. The Opposition also ignores on-point caselaw explaining that because the Ireland Gordys' alleged injuries occurred in Texas, Texas law applies, defeating their claims, which are alleged under the wrong state's laws. And, even were the Court to apply California law, the Opposition does not show how the claims could survive. The Complaint's fatal deficiencies, which the Opposition only reinforces, require the Court to grant the Motion.

## II. ARGUMENT

### A. The Opposition Fails to Show how the Ireland Gordys' Claims are Timely.

The Ireland Gordys' claims are time-barred because they rest on alleged injuries that the Ireland Gordys knew of in 2017, but they only filed claims in 2023, almost seven years later. Mot. at 4. As explained in the Motion, the applicable statutes of limitation began to run as soon as the Ireland Gordys knew or could have known of these alleged injuries. *Id.* The Opposition adopts a kitchen-sink approach to claiming timeliness, but none of Plaintiffs' arguments can alter the plain facts the Ireland Gordys themselves put in the First Amended Complaint ("FAC").

#### 1. The Ireland Gordys Cannot Escape the Statute of Limitations Merely by Asserting an "Ongoing Threat."

First, the Ireland Gordys argue that by alleging an "ongoing threat" of stalking, they are excused from any statute of limitation, in effect granting themselves indefinite tolling. Opp. at 1-2. However, they do not cite a single case holding that an assertion of speculative future risk allows a plaintiff (or a court) to ignore statutes of limitation for claims that long ago accrued.

Moreover, if the Ireland Gordys' claims are premised not on the injuries they allegedly sustained in 2017, but only on an alleged threat of ***future*** harm, their claims are defective for still other reasons. The Ireland Gordys would not have Article III standing, as the Supreme Court has

stated clearly that allegations of uncertain and merely possible future injury are not sufficient. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (holding allegations of possible future injury are not sufficient). Nor can the Ireland Gordys state a claim premised on such speculative allegations. *See*, *e.g.*, *S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1326 (1995) ("The mere breach of duty—causing only nominal damages, speculative harm or the threat of future harm not yet realized—normally does not suffice to create a cause of action.").

Regardless, the conclusory assertion of an "ongoing threat" makes little sense here and cannot be squared with the factual allegations. The Ireland Gordys allege stalking that occurred in 2016 and 2017. But they do not allege any stalking in the ***eight years*** since, let alone any stalking using Tile products. Mot. at 3.[1] As such, the Ireland Gordys plead no factual allegations that suggest any "ongoing risk" that a Tile will be misused to track them today.[2] To the contrary, the alleged facts suggest a pattern of stalking that ended long ago and has not resumed in any manner.

**2. The Ireland Gordys' Claims Did Not "First Accrue" in 2020.**

The Ireland Gordys next argue that their claims only accrued in April 2020 due to the "discovery rule," but this argument grasps at straws and is just not credible. As an initial matter, even if the Ireland Gordys were right—and their claims only accrued in April 2020—all but one of them ***would still be time-barred***. This is because the Ireland Gordys waited over three years from even April 2020 to file their initial complaint.[3] By the Ireland Gordys' own logic, all but their UCL claim would still have to be dismissed.

However, the Ireland Gordys' discovery rule argument makes no sense for a more fundamental reason. As their own cases explain, to invoke the discovery rule, a plaintiff must allege "facts showing . . . [an] inability to have made earlier discovery despite reasonable diligence." *See Lau v. Gen Digital Inc.*, 2024 WL 1880161, at *5 (N.D. Cal. Apr. 3, 2024) (Lin,

[1] The Ireland Gordys cite caselaw describing stalking generally. None of those authorities, however, hold that a product design claim can be brought seven years after an alleged incident of stalking. In fact, none consider statutes of limitation at all.

[2] The Declaration in support of the Opposition (*See* ECF No. 87-1) adds additional facts not alleged in the complaint. These facts not only cannot change the outcome of the Motion but are also not properly before this Court. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1059-60 (N.D. Cal. 2012) (declining to consider declarations and exhibits submitted in opposition to a motion to dismiss).

[3] *See* Mot. at 5 (explaining statutes of limitations for all claims but UCL claim are 3 years or less).

J.). This Court's decision in *Lau* relied on the California Supreme Court's decision in *Fox Ethicon Endo-Surgery, Inc.*, which further explained that all that is required for a statute of limitation to run is "suspicion" of wrongdoing, causation, and harm. 35 Cal. 4th 797, 807 (2005). That is, if the Ireland Gordys were even ***suspicious*** in 2017 that they had suffered harm as the result of a Tile tracker, the discovery rule has no application.

But as explained in the Motion, the Ireland Gordys' own allegations not only fail to meet this burden but go so far as to expressly allege that they ***discovered*** the facts underlying their claims by 2017. Mot. at 5. First, they allege that there were wide-spread media reports of how Tile trackers could be used to stalk. FAC ¶¶ 33-39. Second, they allege that they not just suspected but found a hidden Tile tracker that was allegedly being used to stalk them in March 2017. *Id*. ¶ 86. Third, they allege that they immediately confirmed with Tile that the tracker belonged to their stalker, as they suspected. *Id*. ¶ 87. Fourth, so concrete was their understanding of these events that they ***pressed charges*** against the alleged stalker and caused the police to subpoena Tile for data in aid of the prosecution. *Id*. ¶¶ 88-90, 95-98. Fifth, they allege that Tile provided data to the police that further substantiated that the stalker allegedly used a Tile to stalk them—including the name and ID associated with the Tile tracker. *Id*. ¶ 100. These allegations collectively mean that the Ireland Gordys did not merely suspect, but (according to their own allegations) ***undeniably knew*** a Tile tracker had allegedly been used to stalk them, ***knew*** of all the injuries they had allegedly suffered, and ***knew*** of the alleged causal connection between the Tile tracker and the injuries—by 2017. Putting it bluntly, Plaintiffs ask this Court to believe that, in 2017, when they allegedly: 1) realized their alleged stalker unexpectedly knew their whereabouts, 2) found a Tile intentionally hidden in their Jeep, 3) registered to their stalker, and 4) named "SDG Jeep" (reflecting Plaintiff's initials), they ***did not even suspect*** the injury they now allege. This does not pass "the red face test."

The Ireland Gordys do not explain how disclosure of additional information about their alleged stalker's Tile account in 2020 changes this obvious conclusion. Opp. at 3. They do ***not*** contend the new information revealed a previously unsuspected injury of which they had no earlier knowledge. They appear to argue, instead, that ***any*** new information related to their claims coming to light somehow resets the applicable statutes of limitation. This position is irreconcilable with

caselaw holding that a mere suspicion of a claim starts the clock, regardless of whether the plaintiff knows "the specific facts" of the claim. *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999).[4]

**3. Neither Equitable Estoppel nor Equitable Tolling Make Sense Here.**

Finally, the Ireland Gordys claim they can side-step the statutes of limitation on "equitable" grounds, but these arguments also fail. The Ireland Gordys' own cases explain that to invoke equitable estoppel, a plaintiff must show they were "tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Nothing of the sort even allegedly happened here. Instead, as discussed above, the Ireland Gordys knew in March 2017 everything they needed to know to bring the present claims—they had found a Tile tracker and Tile had confirmed, ***the same day***, that it belonged to their alleged stalker. *See* Section (II)(A)(2), *supra*. In no sense did Tile "trick" the Ireland Gordys into letting the applicable statutes of limitation run or commit any other misconduct.

The Ireland Gordys point to the fact that Tile followed protocols in responding to out-of-court subpoenas regarding user data. To start, this was not inequitable—it is standard (if not best) practice for any company that has user location information. And the Ireland Gordys and law enforcement had ample recourse if they had served a valid, lawful subpoena or search warrant that they believed Tile had not adequately complied with. But, as importantly, even accepting the Ireland Gordys' allegations as true, Tile did not conceal anything that the Ireland Gordys needed to file their complaint, as they had full knowledge of the alleged role of the Tile tracker in their alleged stalking long before.[5]

---

[4] The Ireland Gordys assert that the statute of limitations question cannot be resolved at the motion to dismiss stage, but the cases they cite are distinguishable. In *A.J. v. LMND Med. Grp., Inc.*, this Court held that more information would be needed to determine whether "seeing targeted advertisements should have led [p]laintiffs to suspect that some kind of wrongdoing had occurred [using their private medical information] to cause them injury." 2024 WL 4579143, at *1 (N.D. Cal. Oct. 25, 2024). Here, by contrast, the Ireland Gordys' allegations establish that their suspicions about Tile began in 2017. FAC ¶¶ 86-90. No further information is needed here to determine that the statute of limitations began to run in 2017. In *Transport Insurance Co. v. TIG Insurance Co.*, the court was evaluating the validity of a jury instruction, not whether a statute of limitations question could be resolved in a motion to dismiss. 202 Cal. App. 4th 984, 1012 (2012), as modified on denial of reh'g (Feb. 2, 2012).

[5] The Ireland Gordys also explain that the criminal prosecution of their alleged stalker was abandoned and that the alleged stalker then sued the Ireland Gordys. Opp. at 5. The Ireland Gordys may think this course of events inequitable in some general sense, but that is irrelevant to the statute of limitations analysis before this Court.

Next, the Ireland Gordys look to "equitable tolling," but this doctrine makes even less sense here. It is available where a plaintiff puts a defendant on notice by pursuing one claim, and then later seeks to pursue a different claim on the same facts. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (The doctrine "focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense."). But the Ireland Gordys never alleged any claim against the Tile defendants before their 2023 complaint, and before the statutes of limitation had run, rendering the doctrine wholly inapplicable. The Ireland Gordys point to the contacts they had with Tile in 2017 and the subsequent subpoenas—but these were not ***claims, much less claims against Tile***. Opp. at 5. More generally, merely contacting Tile about a found tracker or seeking information in connection with a third-party's criminal prosecution, of course, does not put a party on notice of a product liability class action.[6]

Notably, the Ireland Gordys' equitable tolling theory gives lie to their discovery rule arguments. On one page, the Ireland Gordys assert they gave notice to Tile of the claims they now bring all the way back in 2017, but on another page of the same brief, the Ireland Gordys argue they did not discover those same claims until 2020. This internal contradiction is telling.

**B. Texas Law Applies to the Ireland Gordys' Claims.**

**1. The Court Can and Should Resolve Choice of Law Now.**

The Ireland Gordys agree that the governmental interest test applies, which requires this court to apply Texas law, if: 1) the two states' laws are different and 2) Texas would be "more impaired" if its laws are not applied. Opp. at 9-12; Mot. at 6. To escape the unavoidable conclusion that they alleged claims under the wrong state's laws, the Ireland Gordys argue that this analysis should not be conducted at the motion to dismiss stage. But they identify no reason that delay would aid the Court. "To determine whether the choice-of-law analysis should occur on the pleadings or at class certification, courts generally look to whether discovery would be a meaningful aid to that inquiry." *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 947 (N.D.

[6] The Opposition's cases similarly explain, for equitable tolling to apply, "the defendant in the first claim is [generally] the same one being sued in the second . . .. [T]he facts of the two claims [should be] identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Nazem v. IBM*, 2024 WL 2746013, at *1(N.D. Cal. May 29, 2024). The Ireland Gordys never brought a prior claim against Tile.

Cal. 2023) (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1010 (N.D. Cal. 2020)). Plaintiffs do not point to any facts that need development, and there are none. Further, this motion is directed at the claims of the Ireland Gordys, so there is no need to wait until the class certification stage.

Notably, Plaintiffs' counsel made the same argument in the parallel *Apple* litigation,[7] attempting to delay dismissal of claims. Judge Chhabria rejected plaintiffs' argument to postpone the analysis for the same reason this Court should—the complaints themselves indicate the relevant facts, including the location the alleged injuries were incurred. *Hughes v. Apple, Inc.*, 2024 WL 4828072, at *2 (N.D. Cal. Nov. 18, 2024); *see also Potter v. Chevron Prods. Co.*, 2018 WL 4053448, at *10 (N.D. Cal. Aug. 24, 2018) ("Although [*Mazza*] considered the issue at class certification, courts regularly determine which state's laws apply on a motion to dismiss[.]").[8]

**2. There Are Material Differences Between Texas and California Law.**

Contrary to the Opposition, the Tile Defendants satisfied step two of the governmental interest test by showing how each claim differs between California and Texas law. Mot. at 7-8.

**Negligence and Strict Liability**: The Opposition argues that Tile mischaracterized Count I as a negligent design claim, but then acknowledges that it arises in part "from [Tile's] design of the Tile tracker[.]" Opp. at 10 n.7. Putting aside these semantics, the Ireland Gordys allege that Tile was negligent in the design, an allegation that is handled differently under California and Texas law, a difference that decides the issue. The Opposition next argues the two states' standards are the same because California law also considers the availability of a reasonable alternative design. But only Texas law ***requires*** "specific factual allegations describing the purported safer alternative design." *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 477 (E.D. Tex. 2021).[9]

**Intrusion Upon Seclusion and Unjust Enrichment**: The Opposition takes issue with Tile citing to the well-reasoned decisions of other courts analyzing California and Texas law[10] (Opp. at

---

[7] *See Hughes v. Apple, Inc.*, Case 3:22-cv-07668-VC (N.D. Cal. June 17, 2024), Dkt. No. 88

[8] The Opposition authorities each identified a key dispute that could only be analyzed with a more complete record, which is not alleged here. *See Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877, 894 (N.D. Cal. 2022); *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1005 (N.D. Cal. 2024).

[9] The claim that Plaintiffs alleged a reasonable alternative design in FAC ¶ 183 is false.

[10] Though *Hughes* does not explicitly refer to unjust enrichment, it was pleaded (as Count IV) of the operative complaint so presumably encompassed in the Court's reference to "common law claims." *Hughes v. Apple, Inc.*, 2024 WL at *1; *Id.* at ECF. No. 46.

10, 11), but these cases are helpful authority in resolving the same issues before the Court here. The Opposition also complains that Tile did not list the elements of each cause of action, but cites no authority requiring Tile to do so and does not explain why it would have helped resolve this dispute. Opp. at 11. Instead, Tile need only show that the laws of the two states differ in any one way that is "not trivial or wholly immaterial[.]" *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 592 (9th Cir. 2012). As one court has put it, such "general arguments [by a plaintiff] are not themselves an answer . . . to the differences that Defendant has raised." *Katz-Lacabe*, 668 F. Supp. at 947. As to unjust enrichment, the Opposition acknowledges that the "better authority" in California holds it to be an independent cause of action, while "Texas courts are divided." *In re Okedokun*, 968 F.3d 378, 391 (5th Cir. 2020); Opp. at 11; Mot. at 7. This too is a clear, material difference.

**Statutory Claims**: The Opposition again criticizes Tile for citing on-point authorities that have resolved the same issue before the Court and fails to engage with the substance of Tile's argument. For example, the Opposition acknowledges Texas's pre-suit notice requirement—which would affect the outcome of this litigation, as the FAC does not allege pre-suit notice—but provides no explanation as to why this difference is not material. Opp.at 11; Tex. Bus. & Com. Code § 17.505. The Opposition also seems to assert that it is irrelevant that, under Texas law, a constitutional depravation must be caused by a state action. Opp. at 12. However, the relevance is obvious: there is no state action, or action "fairly attributed to the government," alleged in this case. As to the claim under California's Invasion of Privacy Act ("CIPA"), the Opposition identifies no equivalent Texas law. Opp. at 12. Texas's wiretapping allows suit of a person who "intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept ***the communication***." Tex. Civ. Prac. & Rem. Code Ann. § 123.002 (emphasis added). CIPA, in contrast, provides, "[n]o person or entity in this state shall use an electronic tracking device to determine the location or movement of a person." Cal. Penal Code § 637.7. It is not clear how Texas's statute could apply to the facts alleged here, so that difference is material.

**3. Tile Has Shown That Texas Will Be More Impaired.**

The Opposition dodges clear law showing that Texas will be more impaired (Mot. at 8-9) by emphasizing that Tile is based in California. But the defendants' location is trumped by the location of the alleged injury—which the Tile Defendants explained in the Motion and the Ireland Gordys do not refute. For example, in *Mazza*, the Ninth Circuit declined to apply California law to the claims of non-California plaintiffs even though the defendant was a California corporation, finding that the law of the state where the action giving rise to liability occurred had the greater interest. *Mazza*, 666 F.3d at 593; *see also Potter*, 2018 WL 4053448, at *12 (declining to apply California law despite UCL claim against California corporation); *Frezza v. Google Inc*., 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013) (similar). Plaintiffs were allegedly injured in Texas, meaning its laws should control. *Hughes*, 2024 WL 4828072, at *2 ("Here, the place of the wrong is outside of California [as] each of the out-of-state plaintiffs were injured in their home state.").[11]

**C. The Ireland Gordys' Waived Any Arguments Under Texas Law.**

As explained in Section B, *supra*, Texas law rather than California law applies to this dispute. The Opposition does not engage at all with the Tile Defendants' arguments that the Ireland Gordys' claims fail under Texas law. The Ireland Gordys have therefore waived any rebuttal and the claims should be dismissed. *Zhang v. Twitter Inc*., 2023 WL 5493823, at *7 (N.D. Cal. Aug. 23, 2023) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned, and dismissal is appropriate.").

**D. The Opposition Fails to Show the Claims are Viable Under California Law.**

Even if the Court applies California law, the claims ***still*** fail on the merits, as explained in Tile's motion. Mot. at 9-15. The Opposition's arguments to the contrary are unavailing.

**Negligence and Strict Liability**: The Opposition argues only that similar claims were not dismissed in *Apple v. Hughes*. Opp. at 13. However, those claims differ from the Ireland Gordys'

[11] The two cases cited in Opposition, which analyze foreign law, are inapposite. *Taison* is explicit that the Defendant failed to meet its burden at the first step of the analysis. *Taison Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2013 WL 4530470, at *12 (N.D. Cal. Aug. 26, 2013). The court noted that California had an interest in the matter but did not reach a conclusion as to which jurisdiction would be more impaired. In *Flack*, the court concluded that California's interest was impaired because "California courts would have no ability to apply New Zealand law." *Flack v. Nutribullet, L.L.C.*, 2019 WL 1596652, at *4 (C.D. Cal. Apr. 12, 2019). Neither ruling is applicable here.

claims because they are partially predicated on the failure of Apple's safety features. *Hughes*, 2024 WL 4828072, at *5. The Ireland Gordys, on the other hand, do not allege they utilized Tile's safety features, like Scan and Secure, or engaged in any other conduct that could create a relationship between them and Tile such that Tile could owe them a duty. Moreover, the Motion explains, and the Opposition ignores, that "[t]ort law does not impose a duty continuously to look over the purchaser's shoulder to ensure he or she is not harming someone with the manufacturer's product." *In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055, 1066 (N.D. Cal. 2005).

**Unjust Enrichment**: The Opposition does not dispute that the FAC must allege the Tile Defendants received a benefit from Plaintiffs for an unjust enrichment claim to lie (Opp. at 13); but the FAC identifies no such benefit. Mot. at 11. The Opposition argues instead that the claim can be based solely on a violation of a legally protected right. The case cited, however, applies this theory specifically as a remedy for a ***breach of contract*** claim (that "Defendants' enjoyed the benefits of the [contract] without upholding their end of the bargain"). *Alkayali v. Hoed*, 2018 WL 3425980, at *7 (S.D. Cal. July 16, 2018). Because there is no alleged contract between Tile and the Ireland Gordys, this theory fails, and the claim must be dismissed.

**California Right to Privacy and Intrusion**: The Tile Defendants did not "intrude" upon the Ireland Gordys' privacy, as required to state a claim. Mot. at 11.[12] The Opposition does not cite a single case to the contrary. Opp. at 13-14. Instead, it analogizes that "the Post Office does not deliver mail if envelopes are sealed, nor does AT&T facilitate calls if it does not listen in." Opp. at 14. But this is the point—neither entity would be intruding under those circumstances, and the Post Office is not culpable for what bad actors send through the mail, nor is AT&T responsible for the content of calls made. The Opposition then cites to *Carpenter v. United States* to argue the Ireland Gordys had a reasonable expectation of privacy, but that case is easily distinguished: it involved the government's continued surveillance of a criminal defendant using his cell phone location records. 585 U.S. 296, 311-12 (2018). The Opposition fails to cite any cases suggesting a Bluetooth tracking company receiving location data contravenes any protected privacy interests,

[12] This requirement is true under Texas law and California law. *See Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009) (explaining elements of an intrusion claim).

and further ignores that a court in this district has held that sharing location data is not conduct that amounts to a serious invasion of such an interest. *See In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (dismissing similar claim because "[e]ven assuming [geolocation data] was transmitted [to third parties] without Plaintiffs' knowledge and consent, . . . such disclosure does not constitute an egregious breach of social norms").

**CIPA**: The Motion explained there can be no CIPA claim because there was no affirmative act on the part of the Tile Defendants that led to the Ireland Gordys being stalked. "Simply associating [] a 'moveable object' with an 'electronic tracking device' is insufficient." *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 195 (N.D. Cal. 2019). The Opposition has no response, ignoring the point altogether. The claim must be dismissed as a result.

**UCL**: First, the Opposition does not rebut that the FAC's bare recitation of the elements of a UCL claim is insufficient. Mot. at 14-15. The Ireland Gordys' claims can be dismissed on this basis alone. *See Lusinyan v. Bank of Am., N.A.*, 2015 WL 12803453, at *2 (C.D. Cal. Sept. 15, 2015). Second, the UCL should not apply extraterritorially here. As in *Warner*, the Ireland Gordys do not adequately allege whether relevant decisions emanated from California, nor that they viewed an advertisement or marketing as consumers in California. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1095–96 (C.D. Cal. 2015) (finding the "UCL claims fail . . . because California does not permit extraterritorial application of [the] statute."); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) ("[T]he presumption against extraterritoriality applies to the UCL in full force."). The Opposition does not show otherwise. Third, the Ireland Gordys argue that their UCL claim is predicated on their CIPA and California Constitutional Right to Privacy claims, but as explained above, both of those claims must be dismissed, meaning the derivative UCL claim must also be dismissed. *See e.g., O'Connor v. Uber Techs., Inc.*, 2013 WL 6354534, at *16 (N.D. Cal. Dec. 5, 2013). Finally, the Ireland Gordys still fail to identify any California public policy against Bluetooth trackers, despite the Motion challenging them to do so. Mot. at 15. [13]

## III. CONCLUSION

This Court should dismiss the FAC and all claims within it with prejudice.

[13] Plaintiffs give no response to Tile's arguments against their negligence *per se* claim. Mot. at 14.

Dated: April 4, 2025

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorneys for Defendants
TILE, INC. and LIFE360, INC.