UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRELAND-GORDY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TILE, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-04119-RFL<br><br>**ORDER ON MOTIONS TO DISMISS, AND STAYING CASE**<br><br>Re: Dkt. Nos. 77, 78 |

      Plaintiffs are four stalking victims whose stalkers allegedly tracked them using hidden location devices designed and sold by Defendants Tile, Inc. and Life360 Inc. (collectively, "Tile"), in partnership with Defendant Amazon.com, Inc. Plaintiffs bring this putative class action alleging that Tile's trackers facilitated stalking. Plaintiffs contend that Tile was repeatedly warned that its trackers were being used by stalkers, but refused to adopt commonsense safety precautions that would allow stalking victims to detect, search for, or disable the trackers. Instead, Tile allegedly marketed its trackers in a way that subtly promoted their use for stalking and introduced features making a stalker's tracker even more difficult to disable.

      The Court previously granted in part Tile's motion to compel arbitration and stay the case as to Plaintiffs Broad and Doe's claims against Tile. (Dkt. Nos. 65, 89.) However, the case proceeded as to Broad and Doe's claims against Amazon, and Plaintiffs the Ireland-Gordys' claims against all Defendants. Defendants now move to dismiss. (Dkt. Nos. 77, 78.) Because the Ireland-Gordys' claims are time-barred, Tile and Amazon's motions to dismiss their claims are **GRANTED**. That leaves Broad and Doe as the only remaining Plaintiffs. A portion of their claims against Tile had been stayed pending arbitration, and the remainder were automatically

1

stayed upon Tile's appeal from the denial of the motion to compel arbitration as to the remaining claims. That stay is now extended to their claims against Amazon as well, since those claims will overlap significantly with the Tile claims. Amazon's motion to dismiss Broad and Doe's claims is therefore **DENIED WITHOUT PREJUDICE TO RENEWAL** when the stay is lifted. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

*Statute of Limitations.* The Ireland-Gordys allege that they learned that they were being stalked by means of a Tile tracker on March 10, 2017. (Dkt. No. 32, ("FAC" or "Complaint") ¶¶ 86–87.) After discovering a Tile tracker in her car, Stephanie Ireland-Gordy contacted Tile customer service and was told that the email associated with the tracker belonged to her known stalker. (*Id.*) She immediately contacted the police, and delivered the Tile tracker to the police as evidence of stalking. (*Id.* ¶ 88.) The Ireland-Gordys allege that in the wake of discovering the Tile tracker they felt a "sense of helplessness" because "their stalker likely knew their whereabouts at all times." (*Id.* ¶ 93.) The Complaint includes citations to public articles and lawsuits, dating back to 2013, that address the risk that Tile trackers could be used for stalking. (*See*, *e.g., id.* ¶¶ 34–49.)

The limitations period for tort actions generally commences with the occurrence of the last element essential to the cause of action. *San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*, 44 Cal. Rptr. 2d 305, 309 (Cal. App. 1995). As described above, the Ireland-Gordys allege that they became aware that their stalker was using a Tile tracker to track their location on March 10, 2017. They also allege public information indicating that Tile trackers could be used for stalking existed as early as 2013. Because the Ireland-Gordys' claims against Tile are premised on these facts, their claims were ripe by March 10, 2017. Furthermore, it is undisputed that the statute of limitations applicable to the Ireland-Gordys' claims range from one year to four years. (*See* Dkt. No. 77 at 10–11 (listing the statute of limitations for each of the Ireland-Gordys' claims under California and Texas law); *see also*, *generally*, Dkt. No. 86 (no dispute as to the

statute of limitations listed by Tile).)[1]  Therefore, absent tolling or some other basis to extend or disregard the limitations period, the statute of limitations on the Ireland-Gordys' claims had passed by the time they filed suit on August 14, 2023.  (Dkt. No. 1.)  The Ireland-Gordys argue that the statute of limitations should be extended or disregarded for several reasons:  (i) because the alleged harm constitutes a continuing violation; (ii) because they could not have discovered the basis for their claims in 2017; (iii) because equitable estoppel and/or tolling doctrines apply due to Tile's misconduct and its notice of their claims.[2]   None of these arguments provide a basis to avoid the conclusion that their claims are time-barred.

First, the Ireland-Gordys argue that because they face an ongoing threat of stalking, the continuing violation doctrine applies.  This doctrine, "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013).  The Ireland-Gordys explain that they remain unsure of whether their stalker continues to track them via Tile trackers, and allege that two of the trackers activated by their stalker at the same time as the one they discovered remain unaccounted for.  (FAC ¶¶ 117–18.)  They also argue that stalking is, by nature, a recurring event, and that individuals who have previously been stalked are far more likely to be stalked again.  (Dkt. No. 86 at 7–8.)

While there may certainly be circumstances that raise an inference of ongoing stalking sufficient to trigger the continuing violation doctrine, those facts are not alleged here.  The Complaint does not allege any facts suggesting ongoing stalking after 2017.  And while Stephanie Ireland-Gordy submits a declaration in opposition to Tile's motion to dismiss stating that in 2024 "the lock on the private front gate to [her] residence was broken by someone in a manner that was clearly intentional and malicious" (Dkt. No. 86-1 ¶ 8), she does not allege that this incident related to the 2016–2017 stalking, or that it involved a Tile tracker.  Therefore, the

---

[1] All citations to page numbers refer to ECF pagination.

[2] Plaintiffs do not appear to argue that (ii) or (iii) apply with respect to their claims against Amazon.

continuing violation doctrine does not apply.[3]

Second, the Ireland-Gordys argue that the discovery rule delays the accrual of their claim until April of 2020. (Dtk. No. 86 at 9.) Under California's discovery rule, "the statute of limitations begins to run when the plaintiff *suspects* or *should suspect* that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988) (emphasis added); *see also Aryeh*, 292 P.3d at 875. Plaintiff need not know the specific facts necessary to establish her claim. *Jolly*, 751 P.2d at 927–28. To invoke the discovery rule, a plaintiff must plead "facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir. 1994) (citations omitted). The Ireland-Gordys argue that they "could not and did not learn of Tile's role in the stalking until April 27, 2020, when their stalker's employer produced emails from Tile to the stalker, which demonstrated Tile had been sending [their] location data directly to their stalker." (Dkt. No. 86 at 9 (emphasis omitted).)

The Ireland-Gordys cannot avail themselves of the discovery rule. As discussed above, the Complaint alleges that the Ireland-Gordys knew of Tile's role in their stalking on March 10, 2017, when they contacted Tile and learned that the tracker they had found was linked to their stalker and was being used to monitor their location. This fact would be sufficient to cause a reasonable person to suspect that their injury was caused by Tile's wrongdoing. The claims accrued in 2017.

Finally, the Ireland-Gordys claim that statutes of limitations should not bar their claims in order to stop Tile from "profit[ing] from its wrongdoing," and because Tile was on notice of their claims. (Dkt. No. 86 at 10–14.) Equitable estoppel addresses "circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly

---

[3] At oral argument, the parties were also asked to identify whether any of the applicable statute of limitations exempted claims for equitable injunctive relief. Plaintiffs did not identify any such exception.

untimely action because [the party's] conduct has induced another into forbearing suit within the applicable limitations period." *Ranger Pipelines Inc. v. Lexington Ins. Co.*, No. 12-cv-5387-PJH, 2013 WL 1809003, at *10 (N.D. Cal. Apr. 29, 2013) (quoting *Battuello v. Battuello*, 75 Cal. Rptr. 2d 548, 551 (Cal. App. 1998)), *aff'd,* 609 F. App'x 943 (9th Cir. 2015). Equitable tolling can apply where "an injured person has several legal remedies and, reasonably and in good faith, pursues one" first. *Elkins v. Derby*, 525 P.2d 81, 84 (Cal. 1974); *see also Aryeh*, 292 P.3d at 875. However, there are no allegations that Tile, by words or conduct, "induced" the Ireland-Gordys to delay the filing of their suit. Nor do the Ireland-Gordys allege "a first claim" that is substantially the same as the claims in this case and was "filed within the statutory period," or that they otherwise reasonably and in good faith pursued an alternative remedy. *See Hopkins v. Kedzierski*, 170 Cal. Rptr. 3d 551, 560 (Cal. App. 2014).

  At most, the Ireland-Gordys allege that Tile was uncooperative in the 2017 criminal investigation of their stalker, and in a 2020 civil defamation suit brought against the Ireland-Gordys by their stalker. But the Complaint alleges that the Ireland-Gordys already knew of Tile's involvement in the stalking, even if they did not know all the precise details. And the Ireland-Gordys do not allege that they pursued any legal remedies against Tile until 2023, nearly seven years after their discovery of the Tile tracker. This is not the type of conduct that can plausibly trigger equitable estoppel or equitable tolling. *Cf Gusman v. C'nty. of San Mateo*, No. 20-cv-7820-YGR, 2021 WL 2633406, at *6–8 (N.D. Cal. June 25, 2021) (where plaintiff was reasonably ignorant of the role of the county in his shooting, the county's failure to respond his information requests gave rise to equitable estoppel); *Hopkins*, 170 Cal. Rptr. 3d at 556, 563–64 (equitable tolling could apply where plaintiff pursued a workers' compensation claim first, and sued the following year).

  Because statute of limitations bar each of the Ireland-Gordys' claims, Defendants' motions to dismiss are granted with respect to these claims, and the Court does not reach Defendants' alternate bases for dismissal. Dismissal is without leave to amend. In a notice of question in advance of the hearing on the motions to dismiss, the Ireland-Gordys were asked to

describe how they might amend the Complaint to cure the statute of limitations defect. (Dkt. No. 100 ¶ 2.) Counsel indicated that the Ireland-Gordys would "amplify the existing allegations" of ongoing risk, and add allegations regarding Tile's refusal to provide information in the criminal case and the defamation suit. (Dkt. No. 104 at 20–21, 23–24.) Counsel also indicated that the Ireland-Gordys would add "new allegations about the Ireland-Gordys' experiences since moving [] both the first and second time," but did not state that further instances of suspected stalking via a Tile tracker would be alleged. (*Id.* at 21.) None of the proposed additions would cure the deficiencies identified above. Finally, the additional facts asserted in Stephanie Ireland-Gordy's declaration in opposition to dismissal have also been considered, but are insufficient to overcome the statute of limitations bar. (Dkt. No. 86-1.) The Court finds that further amendment would be futile.

    ***Broad and Doe's Claims***. All of Broad and Doe's claims against Tile are currently in arbitration or stayed pending appeal. (Dkt. No. 52.) Therefore, because the Ireland-Gordys' claims are dismissed without leave to amend, no claims in this action will proceed against Tile at this time. At oral argument, the parties agreed that, should the Ireland-Gordys' claims be dismissed without leave to amend, the Court should extend the stay to Broad and Doe's claims against Amazon. (Dkt. No. 104 at 30); *see also Pandolfi v. Aviagames, Inc.*, No. 23-cv-05971-EMC, 2024 WL 4951258, *6 (N.D. Cal. Dec. 3, 2024) (staying case where all claims against one set of defendants—who were the "alleged primary wrongdoers"—were on appeal). Proceeding with Broad and Doe's claims against Amazon only would be inefficient and potentially prejudicial to Tile, as the claims against Amazon overlap significantly with Broad and Doe's claims against Tile that are being arbitrated and on appeal. *Id.* The stay is therefore extended to Broad and Doe's claims against Amazon.

*Conclusion*.  Because the Ireland-Gordys' claims are time-barred, Tile and Amazon's motions to dismiss their claims are **GRANTED**.  The **STAY** of Broad and Doe's claims against Tile is extended to their claims against Amazon, and Amazon's motion to dismiss Broad and Doe's claims is **DENIED WITHOUT PREJUDICE TO RENEWAL** when the stay is lifted.

**IT IS SO ORDERED.**

Dated: August 6, 2025

RITA F. LIN
United States District Judge